ANNETTE L. HURST (Bar No. 148738)
ELISABETH R. BROWN (Bar No. 234879)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail: Annette.Hurst@HellerEhrman.com
Elisabeth.Brown@HellerEhrman.com

Attorneys for Plaintiff
DAVID JAMES DUNCAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DAVID JAMES DUNCAN, | Case No.: 3:08-cv-02243-BZ |
|---|---|
| Plaintiff, | |
| v. | **PLAINTIFF DUNCAN'S OPPOSITION TO APPLICATION FOR EXPEDITED HEARING** |
| THOMAS A. COHEN d/b/a HAMMERMARK PRODUCTIONS, KRISTI DENTON COHEN d/b/a PELOTON PRODUCTIONS, and SIERRA CLUB BOOKS | |
| Defendants. | |

Plaintiff David James Duncan ("Duncan" or "Plaintiff") hereby opposes the Application for Expedited Hearing filed by Defendants Thomas A. Cohen ("Cohen") and Kristi Denton Cohen ("Denton Cohen") (collectively, "Defendants" or "Cohens") on May 13, 2008. The Application should be denied because (1) counsel for both parties are available to attend a hearing in the ordinary course on July 2, 2008; (2) Defendants have failed to show good cause why an expedited hearing is necessary to avoid harm; and (3) Plaintiff will be prejudiced by an expedited hearing.

*First*, an expedited hearing is unnecessary. Counsel for the Defendants and for the Plaintiff are admittedly both available to attend a hearing on July 2, 2008. Declaration of Elisabeth R. Brown in Opposition to Application for Expedited Hearing ("Brown Decl.") ¶ 2; Declaration of Lizbeth Hasse in Support of Application for Expedited Hearing ("Hasse Decl.") ¶ 5. Although Defendants' counsel will be returning from vacation on June 30, this does not amount to prejudice against the Defendants. Duncan provided the Defendants with a courtesy copy of his complaint *over two months ago*, well before actually filing this lawsuit on April 30, 2008. Brown Decl. ¶ 5. Defendants have had this entire time to formulate their arguments for their motion to dismiss, and they will have more than one full day to prepare for the hearing after their counsel returns from vacation on issues which they will have fully briefed.

*Second,* holding the July 2 hearing date will not harm the Defendants. Defendants' make the specious argument that an expedited hearing is necessary, "because any delay in resolving this case greatly impacts the ability of defendants to raise money and begin production of a film based on The River Why." Application at 2. Defendants have been aware of Duncan's copyright dispute for well over a year. Brown Decl. ¶ 3. On April 3, 2007, Duncan sent a cease and desist letter to Denton Cohen, demanding she stop her efforts to exploit the derivative film rights to *The River Why*. Brown Decl. Ex. 1. Following this demand letter, the parties engaged in on-going settlement discussions, and they even attempted to mediate their dispute last October 2007. *Id.* Despite the obvious cloud over Denton Cohen's alleged film rights, she made no effort to file a declaratory relief action against Duncan to settle the matter. *Id.* ¶ 4. Instead, Denton Cohen initiated a lawsuit in San Francisco Superior Court against the Sierra Club, Duncan's former agent for the derivative film rights in *The River Why*, in an apparent attempt to do an end-run around Duncan and try to settle the copyright dispute without his involvement. *Id.* ¶ 4. The judge in that lawsuit (*Peloton Productions v. Sierra Club*, Case No.: CGC 07-465687) ruled that a judgment against Sierra Club *would not bind Duncan*. Brown Decl. Ex. 2 at ¶ 4. In other words, Denton Cohen was fully aware that her lawsuit against Sierra Club would not settle

Heller Ehrman LLP

PLAINTIFF DUNCAN'S OPPOSITION TO APPLICATION FOR EXPEDITED HEARING
CASE NO.: 3:08-CV-02243-BZ

this dispute. Despite this knowledge, *at no time* did Denton Cohen file a declaratory relief action to settle her dispute with Duncan. *Id.* ¶ 4. The Defendants' inaction belies their argument that an expedited hearing is now necessary to avoid harm.

*Third,* granting an expedited hearing will prejudice the Plaintiff. Both attorneys representing Mr. Duncan represent another client in a litigation matter pending in the District Court for the Central District of California for which they will both be involved in heavy briefing over the next few weeks, including responding to four motions to dismiss that are due on June 4, 2008. Brown Decl. ¶ 6. Consequently, it would be unnecessarily onerous to require Plaintiff's counsel to simultaneously oppose the motion to dismiss in this action on an expedited timetable, particularly when there is a properly noticed date available to both parties. Duncan does not seek an extension; he simply asks that the hearing be scheduled in the ordinary course.

In light of the foregoing, Defendants' Application for an Expedited Hearing should be denied.

Dated: May 16, 2008                    Respectfully submitted,

                                       HELLER EHRMAN LLP


                                       By ___/s/ *Elisabeth R. Brown*_____
                                              ELISABETH R. BROWN
                                       Attorney for Plaintiff
                                       DAVID JAMES DUNCAN