THOMAS R. BURKE (State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CALIFORNIA 94111-6533
TELEPHONE (415) 276-6500
FAX (415) 276-6599
EMAIL: thomasburke@dwt.com

JEFF GLASSER (State Bar No. 252596)
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899
EMAIL : jeffglasser@dwt.com

Attorneys for Defendant
SIERRA CLUB, incorrectly sued as
SIERRA CLUB BOOKS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES DUNCAN, | Case No. **CV 08 2243 BZ** |
| Plaintiff, | **DEFENDANT SIERRA CLUB'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| vs. | |
| THOMAS A. COHEN d/b/a HAMMERMARK PRODUCTIONS; KRISTI DENTON COHEN d/b/a PELOTON PRODUCTIONS; and SIERRA CLUB BOOKS, | |
| Defendants. | |

Defendant Sierra Club, incorrectly sued as Sierra Club Books, ("Sierra Club"), answering for itself and no others, in response to the Complaint filed by David Duncan ("Plaintiff"), admits, denies, and alleges as follows:

## INTRODUCTION

1.    Answering paragraph 1, Sierra Club admits that plaintiff is an author of award winning books, short stories, and essays and that it published *The River Why* and worked with plaintiff to release the 20th Anniversary Edition in 2002. Sierra Club otherwise denies, generally and specifically, each and every allegation in this paragraph.

2.    Answering paragraph 2, Sierra Club admits that Denton Cohen contends that she acquired the right to prepare a film derivative work of the novel from her husband (a Marin County attorney), and she has taken recent steps to begin production. Sierra Club is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies each and every such allegation.

3.    Answering paragraph 3, Sierra Club admits that it sold Hammermark Productions, Inc. an option to prepare the derivative work of *The River Why*. Sierra Club objects that the allegations call for a legal conclusion to which no answer is required. Sierra Club otherwise denies, generally and specifically, each and every allegation in this paragraph.

4.    Answering paragraph 4, Sierra Club denies, generally and specifically, each and every allegation in this paragraph.

5.    Answering paragraph 5, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.    Answering paragraph 6, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7.    Answering paragraph 7, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.    Answering paragraph 8, Sierra Club admits that Sierra Club Books is a division of the Sierra Club and that the Club's principal place of business is 85 Second Street, San Francisco, California.

9.    Answering paragraph 9, Sierra Club admits that plaintiff has filed an action for copyright infringement, breach of fiduciary duty, fraud, constructive fraud, conspiracy to defraud,

1 | and invasion of the right of publicity. Sierra Club denies, generally and specifically, all of the

2 | allegations in the paragraph.

3 |      10.    Answering paragraph 10, Sierra Club admits that this Court has subject matter

4 | jurisdiction over the copyright infringement and false advertising claims and supplemental

5 | jurisdiction over the declaratory relief, breach of fiduciary duty, fraud, constructive fraud,

6 | conspiracy to defraud, and invasion of the right of publicity claims.

7 |      11.    Answering paragraph 11, Sierra Club admits that venue is proper in this District

8 | under 28 U.S.C. § 1400(a).

9 |      12.    Answering paragraph 12, Sierra Club admits that this action may be assigned on a

10 | district-wide basis.

11 |      13.    Answering paragraph 13, Sierra Club is without knowledge or information sufficient

12 | to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and

13 | every such allegation.

14 |      14.    Answering paragraph 14, Sierra Club admits that Sierra Club Books and Duncan

15 | entered into a publishing agreement to publish *The River Why* and to act as Duncan's agent for

16 | ancillary rights, including derivative film rights. Except as expressly admitted, Sierra Club denies,

17 | generally and specifically, each and every allegation in this paragraph.

18 |      15.    Answering paragraph 15, Sierra Club admits that Sierra Club Books published *The*

19 | *River Why*. Except as expressly admitted, Sierra Club denies, generally and specifically, each and

20 | every allegation in this paragraph.

21 |      16.    Answering paragraph 16, Sierra Club admits that Exhibit 1 is a copy of an

22 | unexecuted letter agreement proposal regarding optioning the film rights to *The River Why*. Sierra

23 | Club further admits that the letter is dated October 2, 1984, and is addressed from Thomas Cohen to

24 | Andrea Nachtigall. Sierra Club affirmatively alleges that the operative documents speak for

25 | themselves. Sierra Club is without knowledge or information sufficient to form a belief as to the

26 | truth of the remaining allegations in this paragraph, and on that basis denies each and every such

27 | allegation.

28 |

3

17.     Answering paragraph 17, Sierra Club admits that Exhibit 2 is a letter from Andrea Nachtigall to Jon Beckmann of Sierra Club Books regarding the letter agreement proposal and that Nachtigall asks if "Sierra Club has the right to sell the film and television rights." Sierra Club also admits that Exhibit 3 is a letter from Beckmann to Nachtigall in which Beckmann writes, "[T]his is a first for us." Sierra Club affirmatively alleges that the operative documents speak for themselves. Except as expressly admitted, Sierra Club denies, generally and specifically, each and every such allegation in this paragraph.

18.     Answering paragraph 18, Sierra Club affirmatively alleges that the operative documents speak for themselves. Sierra Club denies, generally and specifically, each and every such allegation in this paragraph.

19.     Answering paragraph 19, Sierra Club affirmatively alleges that the operative documents speak for themselves. Sierra Club denies each and every other such allegation contained in this paragraph.

20.     Answering paragraph 20, Sierra Club affirmatively alleges that the operative documents speak for themselves. Sierra Club denies each and every other such allegation contained in this paragraph.

21.     Answering paragraph 21, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required. Sierra Club affirmatively alleges that the operative documents speak for themselves. Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation.

22.     Answering paragraph 22, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required. Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation.

23.     Answering paragraph 23, Sierra Club admits that Exhibits 4, 5, and 6 to plaintiff's Complaint contain correspondence between Cohen and Beckman and that Beckmann wrote, "I'm tempted by the investment, **but because of its unusual nature, I need to check it with folks**

4

1  **here."** (Emphasis added) (the latter part of the quotation was omitted from plaintiff's Complaint).

2  Sierra Club affirmatively alleges that the operative documents speak for themselves. Except as

3  expressly admitted, Sierra Club denies, generally and specifically, each and every allegation in this

4  paragraph.

5       24.    Answering paragraph 24, Sierra Club admits that Exhibit 7 to plaintiff's Complaint

6  contains a letter agreement dated May 7, 1987, extending the option until October 17, 1987 in

7  exchange for consideration of $2,000. Sierra Club affirmatively alleges that the operative

8  documents speak for themselves. Except as expressly admitted, Sierra Club denies, generally and

9  specifically, each and every allegation in this paragraph.

10       25.    Answering paragraph 25, Sierra Club affirmatively alleges that the operative

11  documents speak for themselves. Sierra Club is without knowledge or information sufficient to

12  form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and

13  every such allegation.

14       26.    Answering paragraph 26, Sierra Club admits that Exhibits 8, 9, and 10 to plaintiff's

15  Complaint contain correspondence between Beckman and Cohen. Sierra Club affirmatively alleges

16  that the operative documents speak for themselves. Except as expressly admitted, Sierra Club

17  denies, generally and specifically, each and every allegation in this paragraph.

18       27.    Answering paragraph 27, Sierra Club admits that Exhibit 11 to plaintiff's Complaint

19  contains a copy of a letter from Cohen to Beckman stating that a check for $2,500 was enclosed "to

20  extend the option on THE RIVER WHY for an additional year as per our prior agreement." Sierra

21  Club affirmatively alleges that the operative documents speak for themselves. Except as expressly

22  admitted, Sierra Club denies, generally and specifically, each and every allegation in this

23  paragraph.

24       28.    Answering paragraph 28, Sierra Club is without knowledge or information sufficient

25  to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and

26  every such allegation.

27       29.    Answering paragraph 29, Sierra Club affirmatively alleges that the operative

28  documents speak for themselves. Sierra Club is without knowledge or information sufficient to

5

form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation.

30.     Answering paragraph 30, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.

31.     Answering paragraph 31, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.

32.     Answering paragraph 32, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.  Sierra Club admits that Exhibit 13 of plaintiff's Complaint contains a copy of a letter in which Beckman tells Cohen that he has received the check that Cohen sent to him and that "[y]ou have met the terms of the contract, and we all hope that the movie will be an award-winner, despite the author's apprehensions."  Except as expressly admitted, Sierra Club denies, generally and specifically, each and every allegation in this paragraph.

33.     Answering paragraph 33, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.

34.     Answering paragraph 34, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation in the paragraph.

35.     Answering paragraph 35, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation in the paragraph.

36.     Answering paragraph 36, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation in the paragraph.

37.     Answering paragraph 37, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation in the paragraph.

6

38.    Answering paragraph 38, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation in the paragraph.

39.    Answering paragraph 39, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation in the paragraph.

40.    Answering paragraph 40, Sierra Club admits the allegations in this paragraph.

41.    Answering paragraph 41, Sierra Club admits that Peloton filed a lawsuit against Sierra Club in California State Court, which resulted in the non-binding-upon-Duncan stipulated judgment that "(1) The October 1984 Agreement between Hammermark Productions, Inc. and Sierra Club is valid and binding on all parties and their assignees and successors in interest; [and] (2) Subject only to further contingent payments as set forth in the October 1984 Agreement, Peloton is the owner of the motion picture rights to the novel *The River Why* written by David James Duncan." Sierra Club also admits that "the court in that lawsuit separately found that no judgment would bind David James Duncan." Except as expressly admitted, Sierra Club denies, generally and specifically, each and every allegation in this paragraph.

42.    Answering paragraph 42, Sierra Club admits that Matt Salinger is an actor and producer of more than a dozen small independent films and that Patrick Markey is producer of the acclaimed fly-fishing film *A River Runs Through It*." Sierra Club is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation in the paragraph.

<u>FIRST CLAIM FOR RELIEF</u>

(Copyright Infringement Against Defendant Denton Cohen)

43.    Answering paragraph 43, Sierra Club incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 as though they were fully stated here.

44.    Answering paragraph 44, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.

7

45.     Answering paragraph 45, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.

46.     Answering paragraph 46, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.

47.     Answering paragraph 47, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.

48.     Answering paragraph 48, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.

<u>SECOND CLAIM FOR RELIEF</u>

(Declaratory Relief Against All Defendants)

49.     Answering paragraph 49, Sierra Club incorporates by reference its responses to the allegations contained in paragraphs 1 through 48 as though they were fully stated here.

50.     Answering paragraph 50, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.

51.     Answering paragraph 51, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.

52.     Answering paragraph 52, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.

53.     Answering paragraph 53, this Paragraph calls for a legal conclusion to which no answer is required.

54.     Answering paragraph 54, this Paragraph calls for a legal conclusion to which no answer is required.

55.     Answering paragraph 55, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.

56.     Answering paragraph 56, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.

57.     Answering paragraph 57, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.

58.   Answering paragraph 58, Sierra Club objects that this Paragraph calls for legal conclusions to which no answer is required.

## THIRD CLAIM FOR RELIEF

(Breach of Fiduciary Duty Against Defendant Sierra Club)

59.   Answering paragraph 59, Sierra Club incorporates by reference its responses to the allegations contained in paragraphs 1 through 58 as though they were fully stated here.

60.   Answering paragraph 60, Sierra Club denies, generally and specifically, each and every allegation in this paragraph.

61.   Answering paragraph 61, Sierra Club denies, generally and specifically, each and every allegation in this paragraph.

62.   Answering paragraph 62, Sierra Club denies, generally and specifically, each and every allegation in this paragraph.

63.   Answering paragraph 63, Sierra Club admits that it entered into a stipulated judgment with Denton Cohen as stated in paragraph 41 and further reiterates that the "court in that lawsuit separately found that no judgment would bind David James Duncan." Except as expressly admitted, Sierra Club denies, generally and specifically, each and every allegation in this paragraph.

64.   Answering paragraph 64, Sierra Club denies, generally and specifically, each and every allegation in this paragraph, and further denies that plaintiff is entitled to any kind of damages, in any amount, as a result of Sierra Club's conduct, and specifically denies that Sierra Club has engaged in any willful violations of plaintiff's legal rights.

## FOURTH CLAIM FOR RELIEF

(Actual Fraud as to Defendant Cohen)

65.   Answering paragraph 65, Sierra Club incorporates by reference its responses to the allegations contained in paragraphs 1 through 64 as though they were fully stated here.

66.   Answering paragraph 66, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation.

9

67.    Answering paragraph 67, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation.

68.    Answering paragraph 68, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation.

69.    This paragraph calls for a legal conclusion to which no answer is required.

70.    This paragraph calls for a legal conclusion to which no answer is required.

FIFTH CLAIM FOR RELIEF

(Constructive Fraud as to Sierra Club)

71.    Answering paragraph 71, Sierra Club incorporates by reference its responses to the allegations contained in paragraphs 1 through 70 as though they were fully stated here.

72.    Answering paragraph 72, Sierra Club denies, generally and specifically, each and every allegation in this paragraph.

73.    Answering paragraph 73, Sierra Club denies all allegations set forth in first sentence of paragraph. Except as specifically denied, Sierra Club is without knowledge or information sufficient to form a belief as to the truth thereof, and on that basis denies all remaining allegations of this Paragraph.

74.    Answering paragraph 74, Sierra Club denies each and every allegation in this paragraph and specifically denies that declaratory relief is appropriate in this case.

SIXTH CLAIM FOR RELIEF

(Conspiracy to Defraud Against All Defendants)

75.    Answering paragraph 75, Sierra Club incorporates by reference its responses to the allegations contained in paragraphs 1 through 74 as though they were fully stated here.

76.    Answering paragraph 76, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the second sentence in this paragraph, and on that basis specifically denies each and every such allegation in the sentence. Sierra Club admits that it entered into a stipulated judgment as stated in paragraph 41 and further reiterates that the "court in

10

1 | that lawsuit separately found that no judgment would bind David James Duncan." Sierra Club

2 | denies, generally and specifically, the remaining allegations in this paragraph.

3 |      77.    Answering paragraph 77, this paragraph calls for a legal conclusion to which no

4 | answer is required.

5 |      78.    Answering paragraph 78, Sierra Club admits that it entered into a stipulated

6 | judgment as stated in paragraph 41 and further reiterates that the "court in that lawsuit separately

7 | found that no judgment would bind David James Duncan." Except as expressly admitted, Sierra

8 | Club denies, generally and specifically, each and every allegation in this paragraph.

9 |      79.    Answering paragraph 79, Sierra Club denies each and every allegation in this

10 | paragraph and specifically denies that declaratory relief is appropriate in this case.

11 | SEVENTH CLAIM FOR RELIEF

12 | (False Advertising Against Denton Cohen)

13 |      80.    Answering paragraph 80, Sierra Club incorporates by reference its responses to the

14 | allegations contained in paragraphs 1 through 79 as though they were fully stated here.

15 |      81.    Answering paragraph 81, Sierra Club is without knowledge or information sufficient

16 | to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and

17 | every such allegation.

18 |      82.    Answering paragraph 82, Sierra Club is without knowledge or information sufficient

19 | to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and

20 | every such allegation.

21 |      83.    Answering paragraph 83, Sierra Club is without knowledge or information sufficient

22 | to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and

23 | every such allegation.

24 |      84.    Answering paragraph 84, Sierra Club admits that Duncan is the author of highly

25 | acclaimed novels, memoirs, short stories, essays and documentaries but objects that the balance of

26 | this paragraph calls for a legal conclusion to which no answer is required.

27 |

28 |

11

85.    Answering paragraph 85, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation.  Sierra Club further denies that injunctive relief is appropriate in this action.

## EIGHTH CLAIM FOR RELIEF

### (Violation of the Right of Publicity)

86.    Answering paragraph 86, Sierra Club incorporates by reference its responses to the allegations contained in paragraphs 1 through 85 as though they were fully stated here.

87.    Answering paragraph 87, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation.

88.    Answering paragraph 88, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation.

89.    Answering paragraph 89, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation.

90.    Answering paragraph 90, Sierra Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies each and every such allegation.  Sierra Club further denies that injunctive relief is appropriate in this action.

## SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the material allegations in the Complaint, Sierra Club asserts and alleges the following separate and independent affirmative defenses.  By alleging these defenses, Sierra Club does not in any way agree or concede that it has the burden of proof or the burden of persuasion with respect to any of them.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

1.    The Complaint, and each of its claims for relief, fails to state a claim against Sierra Club upon which relief can be granted.

12

Case No. CV 08 2243 BZ
ANSWER TO COMPLAINT

## SECOND SEPARATE AND ADDITIONAL DEFENSE

2.    The Complaint is barred, in whole or in part, because Sierra Club's conduct was reasonable, justified, and in good faith pursuant to reasonable business justifications that were reasonably related to a legitimate business purpose.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

3.    The Complaint is barred, in whole or in part, because Sierra Club did not owe a fiduciary duty to plaintiff.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

4.    The Complaint is barred, in whole or in part, because plaintiff, through his conduct, approved, authorized and/or ratified Sierra Club's conduct alleged in the Complaint.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

5.    Plaintiff's causes of action against Sierra Club are barred because plaintiff consented to all the acts complained of in the Complaint, and said consent was both express and implied.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

6.    The Complaint is barred, in whole or in part, by the doctrine of waiver.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7.    Plaintiff is estopped from asserting any cause of action against Sierra Club because of his own actions.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

8.    Plaintiff's causes of action against Sierra Club are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

9.    The Complaint is barred, in whole or in part, by the doctrine of laches.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

10.    This Court should decline plaintiff's request for declaratory relief because the request is entirely duplicative of plaintiff's other claims, including his claims against Sierra Club for breach of fiduciary duty and constructive fraud, and a declaratory judgment would serve no useful purpose.

13

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

11.     The Complaint is barred, in whole or in part, for failure to plead fraud with particularity as required under Rule 9(b) of the Federal Rules of Civil Procedure.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

12.     The Complaint is barred by the applicable statute of limitations.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

13.     The Complaint is barred, in whole or in part, because Plaintiff has not sustained any damages as a result of any act or omission by Sierra Club or purportedly chargeable to Sierra Club.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

14.     The Complaint is barred, in whole or in part, because plaintiff's damages, if any, are vague, uncertain, imaginary, and speculative.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

15.     The Complaint is barred, in whole or in part, because the damages allegedly suffered by plaintiff, if any, were not proximately caused by Sierra Club.  In particular, the damage or injury alleged, if any, was directly and proximately caused in whole or in party by the negligence, carelessness, fault, recklessness, lack of due care, breach of contract, deceit, fraud, and/or conduct of co-defendants or third parties and/or their agents, employees, servants and contractors. Accordingly, if plaintiff is found to have sustained or to be entitled to any damages whatsoever, Sierra Club is not liable for those damages, or is liable for only a portion of those damages and is entitled to an apportionment thereof.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

16.     The Complaint is barred, in whole or in part, because of plaintiff's failure to mitigate his alleged damages, if any, and any recovery by plaintiff must be reduced or denied accordingly.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

17.     The Complaint is barred, in whole or in part, because Sierra Club has not acted with the requisite degree of intent or fault.

14

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

18.    Plaintiff has failed to state a claim upon which punitive damages can be awarded against Sierra Club.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

19.    The Complaint, to the extent that it seeks punitive damages against Sierra Club, violates Sierra Club's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant any punitive damage recovery. Therefore, plaintiff cannot recover punitive damages against Sierra Club in this case.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

20.    The imposition of punitive damages against Sierra Club would deny equal protection of the laws, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 7. Therefore, plaintiff cannot recover punitive damages against Sierra Club in this case.

WHEREFORE, Sierra Club prays for relief as follows:

1.    That plaintiff take nothing by reason of the Complaint in this matter, and that judgment be rendered in favor of Sierra Club;

2.    That Sierra Club be awarded its costs of suit incurred in defense of this matter, including reasonable attorneys' fees; and

3.    For such other relief as the Court deems just and proper

15

1

## JURY DEMAND

2      Defendant Sierra Club Books demands a trial by jury for all issues so triable.

3

4    DATED: May 23, 2008                    DAVIS WRIGHT TREMAINE LLP
                                            THOMAS R. BURKE
5                                           JEFF GLASSER

6

7
                                           By:_____ /s/ Thomas R. Burke_____
8                                                      Thomas R. Burke
                                           Attorneys for Defendant
9                                          SIERRA CLUB

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV 08 2243 BZ
ANSWER TO COMPLAINT

## VERIFICATION

1

2       I, the undersigned, declare under the penalty of perjury under the laws of the State of

3   California that:

4       I am the publisher of Sierra Club Books for defendant Sierra Club in the action in United

5   States District Court for the Northern District of California Case No. C 08-02243 BZ entitled

6   *David James Duncan v. Thomas A. Cohen d/b/a Hammermark Productions; Kristi Denton Cohen*

7   *d/b/a Peloton Productions, and Sierra Club Books.*

8       I am authorized to make this Verification on behalf of Sierra Club and make this

9   Verification for that reason.

10      I have read the foregoing Defendant Sierra Club's Answer to Plaintiff's Complaint and

11  know the contents thereof, and that the matters stated therein are true and correct, except as to

12  matters alleged upon information and belief, as to those matters I believe them to be true.

13      Executed at San Francisco, Calfornia on this 22nd day of May, 2008.

14

15                                      SIERRA CLUB

16                                      By

17                                         Helen Sweetland, Publisher

18

19

20

21

22

23

24

25

26

27

28