ANNETTE L. HURST (Bar No. 148738)
ELISABETH R. BROWN (Bar No. 234879)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail:    Annette.Hurst@HellerEhrman.com
           Elisabeth.Brown@HellerEhrman.com

Attorneys for Plaintiff
DAVID JAMES DUNCAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES DUNCAN,<br><br>                    Plaintiff,<br><br>    v.<br><br>THOMAS A. COHEN, et al.,<br><br>                    Defendants. | Case No.: 3:08-cv-02243-BZ<br><br>**DECLARATION OF ANNETTE L. HURST IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS**<br><br>Date: July 23, 2008<br>Time: 10:00 a.m.<br>Room: Courtroom G, 15th Floor |

Heller Ehrman LLP

I, Annette L. Hurst, declare as follows:

1. I am an attorney licensed to practice before this Court, and I am a shareholder with the law firm of Heller Ehrman LLP, counsel of record for Plaintiff David James Duncan ("Duncan") in this action. I make this declaration in opposition to the Motion to Dismiss and Special Motion to Strike brought by Defendants Thomas Cohen and Kristi Denton Cohen. I have personal knowledge of the facts set forth herein, except as indicated, and I could and would testify competently to them if called upon to testify.

2. I was retained by Mr. Duncan in or about March 2006. I thereafter spoke with Mr. Cohen and informed him that Mr. Duncan was of the view that Ms. Denton Cohen had no right to prepare a film based upon his novel and that such a film would be a copyright infringement. I also sent correspondence in that regard. After two years of negotiations with Sierra Club and the Cohens which included correspondence, proposed agreements, an in-person meeting between myself, Ms. Hasse and the Cohens in San Francisco, an in-person meeting between Ms. Denton Cohen and Mr. Duncan in Montana, and a mediation with the Cohens, Mr. Duncan and his advisors Matt Salinger and Patrick Markey, myself and Ms. Hasse with John Bates at JAMS (for which Mr. Duncan paid mediation fees and the costs of his own attendance). On March 13, 2008, I provided a copy of the complaint to Mr. Burke and Ms. Hasse, which spurred a further attempt at negotiations led by entertainment attorney Jay Shanker on behalf of SCB. Ultimately it became apparent that only litigation would resolve the dispute. Mr. Duncan authorized the filing of the complaint and it was filed on April 30, 2008. Heller Ehrman has agreed to represent Mr. Duncan on a *pro bono* basis in this lawsuit.

3. In the course of my representation of Mr. Duncan, I have requested on several occasions from Ms. Hasse that she supply me with all documents in the chain of title pursuant to which Ms. Denton Cohen presently claims authorization to make a motion picture of *The River Why*. I specifically requested assignment documents. I offered to hold them in confidence on an attorneys eyes only basis. Ms. Hasse has never provided me with the requested documents, and specifically despite multiple requests has never provided me

2

with any written assignment agreement of the Letter Agreement through which Ms. Denton Cohen claims an authorization to make a motion picture version of *The River Why*.

4.  Once discovery commences, we intend to pursue at least the following discovery and we expect that discovery to establish at least the following propositions.

5.  **Documents**. Duncan will request of SCB and the Cohens all of their documents concerning the exploitation of *The River Why*. From SCB, we expect this to include at least the following types of documents: agreements, applications to register copyright, correspondence, and royalty reports. From the Cohens we will request all of the documents concerning Hammermark Productions' or River Why Partners' efforts, if any, to produce a film version of *The River Why*, all documents supporting the budget tendered upon the purported exercise of the option, all documents supporting Cohen's statement that filming would commence within a year after the purported exercise, all documents in the chain of title from Hammermark to Denton Cohen including all assignments, agreements with John Osborn or others involved in the production, screenplays and all drafts thereof, documents evidencing any expenses concerning the production of the film at any time by any entity involving Cohen or Denton Cohen, and so forth. From Denton Cohen, Duncan will also request all documents concerning her use of Duncan's name, including, without limitation, her efforts to solicit investors in *The River Why*. We have not yet drafted document discovery in this matter, and this is just an initial summary.

6.  **Interrogatories.** We also expect to propound written interrogatories on the Defendants concerning their defenses and denials, and seeking their contentions in certain respects. In addition, Duncan will ask Denton Cohen to identify all trade shows and other venues where she has solicited investments in *The River Why* and to identify all individuals who have invested in the project. Duncan will also ask Defendants Cohen and Denton Cohen to account for any expenditures they claim to have paid out in connection with their efforts to produce *The River Why*.

7.  **Depositions**. Plaintiff intends to take the depositions of at least the following individuals in connection with this action: Thomas Cohen, Jon Beckmann (SCB employee),

Heller Ehrman LLP

3
DECLARATION OF ANNETTE L. HURST IN SUPPORT OF OPPOSITION TO SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS
CASE NO.: 3:08-CV-02243-BZ

Danny Moses (SCB employee), Andrea Nachtigall (SCB agent), and Kristi Denton Cohen. Without providing a detailed outline for each of these depositions, suffice to say that we expect that the testimony of each of these witnesses will establish various aspects of the factual allegations set forth in the Complaint. In addition, we expect that Defendants will seek to depose Mr. Duncan.

8. **Experts.** We also expect, if it becomes necessary or appropriate to do so, to offer the testimony of an expert witness in support of Mr. Duncan's case explaining that nearly twenty-five years was an unreasonable period of time within which to commence photography. We expect that this testimony will establish that even assuming the option was valid and validly exercised, it later terminated for breach upon the failure to meet the additional required terms for payment. Additionally, if necessary or appropriate, Mr. Duncan may offer an industry expert explaining that the Letter Agreement was deficient in accordance with industry standards at the time it was executed by SCB and Cohen.

9. Duncan has, as yet, been unable to conduct any of the foregoing discovery in light of the automatic stay under Rule 26, and has not yet retained experts in connection with this action. No protective order has yet been entered (or even meet and confer negotiations thereof commenced). Initial disclosures have not occurred, nor has the Rule 26(f) meeting of counsel. In short, the entire case remains to be litigated in accordance with ordinary norms of federal litigation in the Northern District of California and this Court's schedule.

10. Defendants received the complaint more than six weeks before it was filed, and had several weeks after that to prepare the motion. As the fee request reveals, they spent more than seventy hours on it. We are not providing a declaration from Mr. Duncan at this time in connection with the motion to strike because of short period of time (two weeks) to respond to a motion that purports to challenge the entire case. Additionally, during that two week period of time I have had to respond to two emergency motions filed against another client, including a TRO application. In short, both the short amount of time and the press of business has made it impossible for us to prepare a declaration from Mr. Duncan setting

4

forth his testimony regarding the entire case in such a short period of time.  Frankly, we also view the motion to strike as wholly inappropriate for the reasons set forth in the accompanying memorandum, and it would be inappropriate at this time to offer testimony from Mr. Duncan regarding his entire case before all parties have produced their documents and he has had an opportunity to refresh and confirm his recollection in every relevant respect.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of May 2008 at San Francisco, California.

                                          /s/ *Annette L. Hurst*
                                          Annette L. Hurst

Heller Ehrman LLP