ANNETTE L. HURST (Bar No. 148738)
ELISABETH R. BROWN (Bar No. 234879)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail: Annette.Hurst@HellerEhrman.com
Elisabeth.Brown@HellerEhrman.com

Attorneys for Plaintiff
DAVID JAMES DUNCAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES DUNCAN,<br><br>                Plaintiff,<br><br>v.<br><br>THOMAS A. COHEN, *et al.*,<br><br>                Defendants. | Case No.: 3:08-cv-02243-BZ<br><br>**PLAINTIFF'S OBJECTIONS TO EVIDENCE SUBMITTED BY THE COHEN DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE UNDER THE ANTI-SLAPP STATUTE**<br><br>Date: July 23, 2008<br>Time: 10:00 a.m.<br>Room: Courtroom G, 15th Floor |

## PRELIMINARY STATEMENT

As an initial matter, Plaintiff David James Duncan ("Duncan" or "Plaintiff") objects to the consideration of any evidence in connection with the motion to dismiss filed by Defendants Thomas Cohen d/b/a Hammermark Productions and Kristi Denton Cohen dba Peloton Productions (the "Cohen Defendants") pursuant to Rules 9 and 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss is directed to the pleadings only, and is not a speaking motion. Moreover, in taking judicial notice of certain court pleadings, the purpose of such judicial notice is to "determin[e] what statements are contained therein, not to prove the truth of the contents or any party's assertion of what the contents mean." *U.S. v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 975 (E.D. Cal. 2004). Thus, to the extent the Cohen Defendants rely upon judicial notice in an effort to validate hearsay statements, that is inappropriate. These and other specific objections to the evidence offered by the Cohen Defendants in support of their two motions are elucidated in greater detail below.

## OBJECTIONS TO COHEN DECLARATION DATED MAY 16, 2008

Objection Number 1:     Declaration ¶¶3-19.

Grounds: Irrelevant

To the extent the Cohen Declaration attempts to admit evidence in support of the Cohen Defendants' motion to dismiss, the Court should disregard it in its entirety as irrelevant. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In applying this test the Court must accept as true all material allegations, as well as reasonable inferences to be drawn from them, so as to construe the pleading in the light most favorable to the non-moving party. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Evidence submitted to contradict the factual allegations pled

in the complaint must be disregarded.

<u>Objection Number 2</u>:     Declaration Ex. A

Grounds:  Irrelevant, Lacks Foundation, Best Evidence, Inadmissible Hearsay

Exhibit A is an unsigned draft of the Publishing Agreement.  Mr. Cohen lacks foundation to authenticate the draft, which is also irrelevant and not the best evidence of the terms of the final agreement between Duncan and Sierra Club Books ("SCB").  Because the draft is not the legally operative act between Duncan and SCB, it also is inadmissible hearsay.  Cohen also lacks foundation to authenticate the handwritten comments on the document and they are inadmissible hearsay.

<u>Objection Number 3</u>:     Declaration ¶4

Grounds:  Irrelevant, Argumentative, Inadmissible Hearsay, Improper Legal Conclusion

As noted above, the draft Publishing Agreement is inadmissible hearsay because it is not the final, legally operative act between Duncan and SCB.  Mr. Cohen lacks foundation to explain the terms and meaning of the draft Publishing Agreement and his efforts to construe the agreement constitute improper legal argument.  Mr. Cohen mischaracterizes the evidence, because the excerpts from the draft Publishing Agreement he cites do not support the conclusion he reaches.  Exhibit A does not purport to grant the Publisher the rights to the Motion picture in paragraph 5(I)(1).  Rather, paragraph 5(I)(1) delineates how any royalty payments relating to any subsidiary rights will be allocated between Duncan and his agent.  Moreover, Paragraph 7 makes clear that Publisher acts only as an agent with respect to the subsidiary rights.

<u>Objection Number 4</u>:     Declaration ¶5.

Grounds:  Irrelevant, Hearsay, Argumentative

Where Cohen worked is irrelevant to the issues raised by these motions.  What SCB allegedly told Cohen is hearsay, as are Cohen's communications with Duncan.

<u>Objection Number 5</u>:     Declaration ¶6.

Grounds:  Irrelevant, Lacks Foundation

When Cohen attended law school is irrelevant. Cohen lacks foundation to describe Andrea Nachtigall as an expert. It is irrelevant to the issues in this case, including Ms. Nachtigall's qualifications, that she is the daughter of the Chairman Emeritus of the William Morris Agency. In any event, Cohen lacks foundation to testify on Ms. Nachtigall's family relations.

<u>Objection Number 6</u>:	Declaration ¶7.

Grounds:  Argumentative, Legal Conclusion

Cohen's testimony that SCB "entered into" the Letter Agreement (termed by Cohen the "Rights Agreement") and his testimony concerning the terms of the Letter Agreement is improper argument and testimony concerning a legal conclusion.

<u>Objection Number 7</u>:	Declaration ¶8 & Ex. B.

Grounds:  Irrelevant, Hearsay, Argumentative, Legal Conclusion

Cohen's assertion that he notified SCB that a screenplay had been written is irrelevant and hearsay. Under the Letter Agreement, the required condition for extension of the option was the actual writing of a screenplay—not mere "notice" of one. *See* Compl. Ex. 1 at ¶3. Notably, Cohen fails to supply the screenplay that was purportedly written by the deadline *and fails to directly attest under penalty of perjury that one was in fact written by the deadline*. Mr. Cohen's unsigned letter to SCB asserting that he had written a screenplay is irrelevant and hearsay for the same reasons. Finally, Mr. Cohen's testimony regarding the meaning of the Letter Agreement is improper argument and testimony of a legal conclusion.

<u>Objection Number 8</u>:	Declaration ¶9 & Ex. D.

Grounds:  Irrelevant, Best Evidence, Argumentative, Legal Conclusion, Hearsay

Exhibit D is merely a printout from the Copyright Office of two purported recordations of assignments. Recordation (especially one 17 years after the assignment supposedly occurred and after a cease and desist letter was already sent) is completely irrelevant to this lawsuit. Moreover, Exhibit D does not include any actual written assignment document. Insofar as the Cohen Defendants rely upon Exhibit D to establish the

Heller Ehrman LLP

3

PLAINTIFF'S OBJECTIONS TO EVIDENCE
CASE NO.: 3:08-CV-02243-BZ

actual existence and terms of any assignment, Exhibit D is plainly inadequate to do so and therefore irrelevant, is hearsay and violates the best evidence rule. In fact, Cohen's declaration is remarkable for its complete failure to include any written assignment agreement of any kind in the purported chain of title between Hammermark Productions, Inc., River Why Partners (which purported to exercise the option), Cohen (who claims he got the rights from Hammermark after River Why Partners purported to exercise the option) and Kristi Denton Cohen.

   <u>Objection Number 9</u>:  Declaration ¶10.

   Grounds:  Irrelevant, Argumentative, Lacks Foundation, Hearsay

Cohen's testimony regarding third party views of his script lacks foundation and is inadmissible hearsay. It is also irrelevant to any issue before the Court on these two motions.

   <u>Objection Number 10</u>:  Declaration ¶11 & Ex. C.

   Grounds:  Irrelevant, Lacks Foundation, Legal Conclusion, Hearsay, Best Evidence

Whether or not Cohen extended the option for 18 months is a legal conclusion. The handwriting on Exhibit C is inadmissible hearsay to the extent it is offered as evidence of payment. All other testimonial assertions by Cohen of payment are hearsay, lack foundation and violate the best evidence rule as he has failed to provide any cancelled check endorsed by SCB, receipt or other acknowledgment from SCB of any kind that payment was made.

   <u>Objection Number 11</u>:  Declaration ¶12 & Ex. E.

   Grounds:  Irrelevant, Inadmissible Hearsay, Incomplete Document, Argumentative

The prospectus (Exhibit E) is hearsay to the extent it is offered for the truth of any assertion set forth therein. In fact, it is remarkable that Cohen simply parrots the assertions of the prospectus, *inter alia*, that there was a detailed budget, that high profile people were involved, without actually asserting the truth of any of those facts himself under oath. To the extent the prospectus is offered solely to show that it existed, it is irrelevant. Additionally, Exhibit E contains only portions of the prospectus which is otherwise

incomplete, and the failure to offer the entire document and any referenced exhibits also is improper argument.

The assertions of paragraph 12 of the declaration at lines 11-13 as to the legal effect of the prospectus and governmental approvals lack foundation, are improper argument and legal conclusion.

Objection Number 12:    Declaration ¶13

Grounds:  Irrelevant, Lacks Foundation, Improper Legal Conclusion, Improper Expert Testimony

Mr. Cohen's assertion that River Why Partners was a public offering to which any member of the public could subscribe is irrelevant, and is a legal conclusion and improper expert opinion testimony for which the declaration also lacks foundation.  Indeed, no evidence of SEC filing or SEC approval is provided, and Mr. Cohen does not declare that he handled the filing or has personal knowledge that it occurred.  To the contrary, he asserts that the prospectus was prepared by outside counsel, which suggests that he did not handle it himself.  Particularly given the passage of time, these bare assertions lacking in foundation should not be credited.

Objection Number 13:    Declaration ¶14

Grounds:  Irrelevant, Hearsay, Lacks Foundation, Legal Conclusion

Cohen's communications with Oregon officials are hearsay.  Cohen lacks foundation to testify as to the actions or motivations of Oregon government officials.  Cohen's assertion that he, not River Why Partners, exercised the option is argumentative, lacks foundation and is an improper legal conclusion.  In fact, as demonstrated in Exhibit F to Mr. Cohen's Declaration (also marked as Exhibit 12 to the Complaint), the option exercise letter was sent on River Why Partners letterhead and was signed by Cohen with the signature line "General Partner."  Thus, it is apparent on the face of the document that Cohen was purporting to exercise the option in his capacity as general partner of and on behalf of River Why Partners.  But as Cohen elsewhere admits in his declaration (¶12 at p. 5:10-11), River Why Partners was not entitled to assume the rights unless and until

photography commenced (which it did not). Thus, the option exercise was itself invalid and the option expired in accordance with its terms.

Objection Number 14:   Declaration ¶15

Grounds:  Lacks Foundation, Hearsay, Irrelevant

Cohen lacks foundation to state what Duncan received or did not receive, and fails to state the basis for his information and belief. Duncan's acceptance of payment, by itself, also is irrelevant because acceptance of payment alone is insufficient to show ratification of any act. Instead, ratification occurs only with full and fair knowledge of all material aspects of the transaction. *Mallott & Peterson v. Dir., Office of Workers' Comp. Programs, Dep't of Labor*, 98 F.3d 1170, 1174 (9th Cir. 1996) ("Ratification requires that the principal, *knowing the facts*, accepts the benefits of the agent's actions) (emphasis added); Cal. Civ. Code § 2314 ("A ratification may be rescinded when made without such consent as is required in a contract, or with an imperfect knowledge of the material facts of the transaction ratified, but not otherwise."). The Complaint details at length why Mr. Duncan did not have full and fair knowledge of the facts surrounding the transactions between SCB and Cohen until late 2005 or early 2006. *See* Compl. ¶¶23-28, 60-61, 72-73, 76.

Objection Number 15:   Declaration ¶16

Grounds:  Irrelevant, Legal Conclusion

Whether or not Cohen purchased any rights to *The River Why* is a legal conclusion, as is whether any such purchase was made with community or separate property. These bare assertions also lack foundation.

Objection Number 16:   Declaration ¶17 & Ex. D

Grounds:  Irrelevant, Lacks Foundation, Hearsay

Cohen lacks foundation to testify on the legal relationship between Duncan and Mr. Snell. Cohen's communications with Mike Snell are hearsay. Cohen lacks foundation to testify on the motivations of Mr. Snell, as well as what Mr. Snell and Mr. Duncan may or may not have known about Cohen's alleged dealings with filmmakers.

<u>Objection Number 17</u>:   Declaration ¶18.

Grounds:  Irrelevant, Argumentative, Hearsay

Cohen's characterization of the communications between Denton Cohen and Duncan is argumentative, lacks foundation and relies upon hearsay.

**OBJECTIONS TO HASSE DECLARATION DATED MAY 16, 2008**

<u>Objection Number 1</u>:   Declaration ¶3

Grounds:  Irrelevant

Whether or not Duncan wanted to be added as a defendant in a separate lawsuit is irrelevant to any issue in this case.

Dated: May 30, 2008   Respectfully submitted,

HELLER EHRMAN LLP

By   /s/ *Annette L. Hurst*
      ANNETTE L. HURST

Attorneys for Plaintiff
DAVID JAMES DUNCAN