Lizbeth Hasse (#104517)
Creative Industry Law Group
526 Columbus Ave., 2nd floor
San Francisco, CA 94133
(415) 433-4380

Thomas A. Cohen (#154581)
Law Offices of Thomas A. Cohen
639 Front St., 4th floor
San Francisco, CA 94111
(415) 777-1997

Attorneys for Defendants
Thomas A. Cohen dba Hammermark Productions
Kristi Denton Cohen dba Peloton Productions

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES DUNCAN, <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS A. COHEN et al, <br><br> Defendants | Case No.:  CV 08 2243 BZ <br><br> REPLY DECLARATION OF LIZBETH HASSE IN SUPPORT OF DEFENDANTS MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE <br><br> Date:  July 23, 2008-Unless Expedited <br> Time:  10:00 a.m. <br> Courtroom: G |

I, Lizbeth Hasse, declare:

1. I am counsel of record for Defendants Thomas A. Cohen d/b/a Hammermark Productions and Kristi Denton Cohen d/b/a Peloton Productions ("Cohen Defendants") in the above-captioned action.

2. The assignment from Tom Cohen to Peloton Productions was attached as Exhibit E to

the verified complaint in the state court declaratory relief action.   Ms. Hurst's assertion that she has repeatedly asked me for copies of the assignments is unfounded.  I have no record that she ever asked for them in writing, and I do not recall that she ever asked me for them orally.  In any event, the assignment from Tom Cohen to Peloton was not only attached to the verified complaint, it was also attached to a mediation statement I served on Ms. Hurst on October 22, 2007.

3.  Sierra Club filed a demurrer to the state court complaint—arguing vigorously that Duncan was an indispensable or necessary party to any action which determined the validity of the Rights Agreement.  Duncan was given an opportunity to be named as a defendant, and through his counsel expressly declined.  Cohen/Peloton opposed the demurrer on the basis that Duncan was not a party to the Rights Agreement and therefore was neither indispensable nor necessary.  The state court overruled the demurrer, thus agreeing that Duncan was not a party to the Rights Agreement.  True and correct copies of the demurrer, opposition and reply are attached as Exhibit A.  I request that the Court take judicial notice of these pleadings.

4.  Between Mr. Cohen and me, the attorneys working on this matter have worked more than 34.2 hours at an average billing rate of $350 per hour preparing for and drafting the Reply Memorandum in Support of Motion to Dismiss and Special Motion to Strike under the California anti-SLAPP statute and the accompanying declarations.  As set forth in my Declaration in Support of the moving papers, we spent 71.1 hours bringing the motion.  Thus, we have worked more than 105.3 hours in connection with this motion.  All of this work was reasonably and necessarily incurred.  There will be more hours if there is a hearing.

1     5.  I declare under penalty of perjury of the laws of the United States that the foregoing is

2  true.

3

4     Dated:  June 6, 2008

5

6                                              /s/  Lizbeth Hasse
                                              _____
7                                              Lizbeth Hasse
                                              Attorney for the Cohen Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit A

Exhibit A

1  THOMAS R. BURKE (State Bar No. 141930)
   ROCHELLE L. WILCOX (State Bar No. 197790)
2  DAVIS WRIGHT TREMAINE LLP
   505 Montgomery Street, Suite 800
3  San Francisco, California  94111-6533
   Telephone:  (415) 276-6500
4  Facsimile:  (415) 276-6599

5  Attorneys for Defendant SIERRA CLUB

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN FRANCISCO

10

11 PELOTON PRODUCTIONS, a sole         )   Case No. **CGC07-465687**
   proprietorship owned by Kristi Denton Cohen, )
12                                     )   **DEFENDANT SIERRA CLUB'S NOTICE**
                  Plaintiff,           )   **OF DEMURRER AND DEMURRER TO**
13                                     )   **COMPLAINT; MEMORANDUM OF**
         vs.                           )   **SUPPORTING POINTS AND**
14                                     )   **AUTHORITIES**
   SIERRA CLUB,                        )
15                                     )   Date:        October 29, 2007
                  Defendant.           )   Time:        9:30 a.m.
16                                     )   Department:  301
                                       )
17                                     )   Action Filed:  August 1, 2007
                                       )
18 ─────────────────────────────────

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────────────
SIERRA CLUB'S DEMURRER -- FAILURE TO JOIN INDISPENSABLE PARTY
SFO 373042v1 0011716-000018

# TABLE OF CONTENTS

Page

1.  INTRODUCTION ........................................................................................................ 1

2.  SUMMARY OF FACTS ............................................................................................. 1

3.  THIS COURT SHOULD GRANT SIERRA CLUB'S DEMURRER
    BECAUSE DUNCAN IS A NECESSARY AND/OR INDISPENSABLE
    PARTY. ....................................................................................................................... 2

    A.    A Demurrer Is Appropriate Where Plaintiff Has Failed to Join a
          Necessary or Indispensable Party. ................................................................. 2

    B.    Duncan Is an Indispensable Party. ................................................................. 2

    C.    At a Minimum, Duncan Is a Necessary Party. ............................................... 4

4.  CONCLUSION ............................................................................................................ 5

DEMURRER -- FAILURE TO JOIN INDISPENSABLE PARTY
SFO 373042v1 0011716-000018

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CALIFORNIA 4111
(415) 276-6590
Fax: (415) 276-6599

# TABLE OF AUTHORITIES

Page

## Cases

Bank of California Nat'l Ass'nv. Superior Court (1940),
16 Cal. 2d 516 ................................................................................2, 3, 4

Beresford Neighborhood Ass'n v. City of San Mateo (1989),
207 Cal. App. 3d 1180 ............................................................................3

Countrywide Home Loans v. Superior Court (1999),
69 Cal. App. 4th 785 ...............................................................................5

Kaczorowski v. Board of Supervisors (2001),
88 Cal. App. 4th 564 ...............................................................................4

Liang v. San Francisco Residential Rent Stabilization & Arbitration Board (2004),
124 Cal. App. 4th 775 ..............................................................................2

Save Our Bay, Inc. v. San Diego Unified Port District (1996),
42 Cal. App. 4th 686 ...............................................................................3

Sierra Club, Inc. v. California Coastal Comm'n (1979),
95 Cal. App. 3d 495 ................................................................................3

## Statutes

California Code of Civil Procedure § 389(a) ...............................................4

California Code of Civil Procedure § 389(b) ...............................................3

California Code of Civil Procedure § 430.10 ...............................................2

## Other Authorities

Weil & Brown, California Practice Guide:
Civil Procedure Before Trial, ¶ 7:80 (The Rutter Group 2007) ..................2

DEMURRER -- FAILURE TO JOIN INDISPENSABLE PARTY
SFO 373042v1 0011716-000018

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CALIFORNIA 4111
(415) 276-6500
Fax: (415) 276-6599

### NOTICE OF DEMURRER AND DEMURRER

PLEASE TAKE NOTICE that on October 29, 2007, at 8:30 a.m., or as soon thereafter as counsel may be heard in Department 301 of the above-entitled court, located at 400 McAllister Street, San Francisco, California 94102, pursuant to California Code of Civil Procedure Section 430.10(d), Defendant Sierra Club will, and hereby does, demur to the Plaintiff's Verified Complaint for Declaratory Judgment ("Complaint"). The Demurrer is made upon the grounds that the Complaint reflects a "defect or misjoinder of parties" insofar as Plaintiff has failed to name author David James Duncan ("Duncan") as a defendant in this action, and relief on Plaintiff's Complaint cannot be given if Duncan is not added as a defendant. Cal. Code Civ. Proc. § 430.10(d).

Sierra Club's Demurrer is based upon this Notice of Demurrer, the attached Memorandum of Points and Authorities in Support of Demurrer, all pleadings, files and records herein, and upon such oral argument as may be presented at the hearing on the Demurrer.

DATED:  September 14, 2007

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
ROCHELLE L. WILCOX

By: _____
            Thomas R. Burke

Attorneys for Defendant SIERRA CLUB

SIERRA CLUB'S DEMURRER -- FAILURE TO JOIN INDISPENSABLE PARTY
SFO 373042v1 0011716-000018

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CALIFORNIA 4111
(415) 276-6500
Fax: (415) 276-6599

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    INTRODUCTION

Plaintiff's Complaint reveals on its face that author David James Duncan ("Duncan") is a necessary and/or indispensable party to this action, and consequently that Duncan should have been named as a defendant.  As the Complaint makes clear, Duncan wrote the Novel at issue here, *The River Why* (the "Novel").  Complaint ¶¶ 1, 8.  Duncan – and Duncan alone – has challenged Plaintiff's purported rights in the Novel, including Plaintiff's claimed right to develop a motion picture based on the Novel.  Complaint ¶¶ 32, 32 & Exh. F.  The relief Plaintiff seeks – a declaration that Plaintiff owns the motion picture rights in the Novel (Complaint, Prayer for Relief ¶ 2) – clearly would affect Duncan's claimed rights in the Novel.   Duncan's challenge to Plaintiff's rights appears to rest solely on the alleged option and exercise of that option at issue in Plaintiff's Complaint.    Complaint Exh. F at 2-3.  Duncan is entitled – indeed essential – to the resolution of this matter to defend his claimed rights and Plaintiff should be compelled to add him as a defendant or dismiss this action (presumably to be refiled in another jurisdiction) if Duncan cannot be added as a party.

### 2.    SUMMARY OF FACTS

This litigation involves the ownership of movie rights to the novel *The River Why* (the "Novel"), written by non-party David James Duncan ("Duncan").  Complaint, ¶ 1.  Plaintiff Kristi Denton Cohen, operating under the business name Peloton Productions ("Plaintiff"), alleges that her husband purchased the movie rights to the Novel from Sierra Club nearly two decades ago, and that Plaintiff acquired those rights in 2004.  *Id.* ¶¶ 9-29.  Duncan challenges Plaintiff's claim, and argues instead that Plaintiff's husband's purported purchase of the movie rights from Sierra Club was ineffectual.  *Id* ¶¶ 31, 32 & Exh. F.  In this action, Plaintiff seeks two declarations:

> 1.    Declaring that the October 1984 Agreement between Hammermark Productions, Inc. and Sierra Club is valid and binding on all parties and their assignees and successors in interest;

> 2.    Declaring that, subject only to further contingent payments (in the event that the budget exceeds $500,000) as set forth in the October 1984 Agreement, Peloton is the owner of the motion picture rights to the novel *The River Why* written by David James Duncan.

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CALIFORNIA 4111
(415) 276-6500
Fax: (415) 276-6599

Despite Duncan's patent interest in this dispute  Plaintiff has filed her Complaint against only Sierra Club.  By this Demurrer, Sierra Club asks that Plaintiff be ordered to dismiss this action in Duncan's absence.

### 3.    THIS COURT SHOULD GRANT SIERRA CLUB'S DEMURRER BECAUSE DUNCAN IS A NECESSARY AND/OR INDISPENSABLE PARTY.

**A.    A Demurrer Is Appropriate Where Plaintiff Has Failed to Join a Necessary or Indispensable Party.**

California Code of Civil Procedure Section 430.10 provides, in pertinent part, as follows:

> The party against whom a complaint or cross-complaint has been filed may object, by demurrer or answer as provided in Section 430.30, to the pleading on any one or more of the following grounds:
>
> …
>
> (d) There is a defect or misjoinder of parties.

Thus, a demurrer is appropriate where, for example, "some third person is a 'necessary' or indispensable' party to the action; and hence must be joined before the action may proceed." Weil & Brown, *California Practice Guide: Civil Procedure Before Trial*, ¶ 7:80 (The Rutter Group 2007).  As set forth below, this is the case here.  Duncan is either an indispensable or a necessary party in this action, and the Court should order his joinder.

**B.    Duncan Is an Indispensable Party.**

This action cannot be resolved without Duncan's participation.  As the California Supreme Court established long ago, a party is "indispensable" if his or her "interests, rights, or duties will inevitably be affected by any decree which can be rendered in the action." *Bank of California Nat'l Ass'n v. Superior Court* (1940) 16 Cal. 2d 516, 521; *accord Liang v. San Francisco Residential Rent Stabilization & Arbitration Board* (2004), 124 Cal. App. 4th 775, 778 ("[w]here the plaintiff seeks some type of affirmative relief which, if granted, would injure or affect the interest of a third person not joined, that third person is an indispensable party …"; landlord indispensable party in action seeking reduction in rent under rent control ordinance (citations omitted)).  The California Supreme Court explained in *Bank of California*:

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CALIFORNIA 4111
(415) 276-6500
Fax: (415) 276-6599

Typical are the situations where a number of persons have undetermined interests in the same property, or in a particular trust fund, and one of them seeks, in an action, to recover the whole, to fix his share, or to recover a portion claimed by him. The other persons with similar interests are indispensable parties. *The reason is that a judgment in favor of one claimant for part of the property or fund would necessarily determine the amount or extent which remains available to the others. Hence, any judgment in the action would inevitably affect their rights*.

*Bank of California*, 16 Cal. 2d at 521 (emphasis added). Similarly, if "the plaintiff seeks some other type of affirmative relief which, if granted, would injure or affect the interests of a third person not joined, that third person is an indispensable party." *Id.* at 522. In cases in which plaintiff has failed to join an indispensable party, any "attempt to adjudicate their rights ... is futile" and the court should be restrained from proceeding without the missing party. *Id.* at 522-523; *see also* Cal. Code Civ. Proc. § 389(b) (establishing criteria for determining when a party is "indispensable" to the action); *Sierra Club, Inc. v. California Coastal Comm'n* (1979) 95 Cal. App. 3d 495, 501-502 (developer of real estate project is indispensable party in action brought by third party to set aside permit authorizing the project).

As Plaintiff's Complaint makes clear, the dispute is largely between Plaintiff and Duncan, *not* Plaintiff and Sierra Club. Complaint, ¶¶ 31, 32. This case therefore is similar to *Beresford Neighborhood Ass'n v. City of San Mateo* (1989) 207 Cal. App. 3d 1180, in which the Court of Appeal affirmed dismissal of an action for failure to join an indispensable party, where Plaintiff sued only the intermediary, and not the person who claimed the rights at issue. The court explained that "although title to the site may pass through the city, the city is neither the owner nor the developer and it cannot be expected to represent the interests of either of those entities." *Id.* at 1189. Similarly, in *Save Our Bay, Inc. v. San Diego Unified Port District* (1996) 42 Cal. App. 4th 686, 695-696, the court held that a landowner whose land must be acquired in order to complete a project is a necessary party to a mandate proceeding challenging the adequacy of an environmental impact report for that project because the Port District has no interest in protecting the landowner's rights. *See also Kaczorowski v. Board of Supervisors* (2001) 88 Cal. App. 4th 564, 570-571 ("[i]n light of the indisputable centrality of the Commission, its status as an indispensable party appears as a matter of law"). These cases reach the common-sense conclusion

3

SIERRA CLUB'S DEMURRER -- FAILURE TO JOIN INDISPENSABLE PARTY
SFO 373042v1 0011716-000018

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CALIFORNIA 4111
(415) 276-6500
Fax: (415) 276-6599

1  – applicable here – that Plaintiff must name in her Complaint everyone whose rights will be

2  affected by the litigation.

3       Thus, this case falls squarely within the category of cases identified in *Bank of California*

4  as involving indispensable parties.  16 Cal. 2d at 521.  Plaintiff seeks a declaration that she owns

5  the motion picture rights in the Novel, to the exclusion of Duncan.  Duncan – the author of the

6  Novel, who Plaintiff expressly notes in paragraphs 31 and 32 challenges Plaintiff's rights – claims

7  an interest in those rights, thus resolution of this case has the potential of affecting Duncan's

8  rights.  Duncan is an indispensable party and he should be joined, or the action dismissed.

9  Plaintiff should not be permitted to obtain a judgment affecting Duncan's rights by suing the

10  Sierra Club alone.

11  **C.    At a Minimum, Duncan Is a Necessary Party.**

12       Even if the Court were to conclude that Duncan is not indispensable, at a minimum

13  Duncan is a necessary party.  A necessary party is someone who is "interested in the sense that

14  they might possibly be affected by the decision, or whose interests in the subject matter or

15  transaction are such that it cannot be finally and completely settled without them; but nevertheless

16  their interests are so separable that a decree may be rendered between the parties before the court

17  without affecting those others." *Bank of California*, 16 Cal. 2d at 523.  Necessary parties should

18  be joined, but if they cannot be (for example, if they are outside of the jurisdiction of the court),

19  the action may proceed without them. *Id.*

20       Code of Civil Procedure Section 389(a) establishes the criteria for who should be

21  considered a "necessary" party.  It provides that a party who is subject to the court's jurisdiction

22  must be joined if,

23     (1) in his absence complete relief cannot be accorded among those already parties
   or (2) he claims an interest relating to the subject of the action and is so situated that
24  the disposition of the action in his absence may (i) as a practical matter impair or
   impede his ability to protect that interest or (ii) leave any of the persons already
25  parties subject to a substantial risk of incurring double, multiple, or otherwise
   inconsistent obligations by reason of his claimed interest.  If he has not been so
26  joined, the court shall order that he be made a party.

27

28

SIERRA CLUB'S DEMURRER -- FAILURE TO JOIN INDISPENSABLE PARTY
SFO 373210v1 0011716-000018

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CALIFORNIA 4111
(415) 276-6500
Fax: (415) 276-6599

1    *Id.; accord Countrywide Home Loans v. Superior Court* (1999) 69 Cal. App. 4th 785, 791 ("[a]

2    person joined as a party pursuant to this provision is deemed a 'necessary' party" (citation

3    omitted)).

4    All of the criteria set forth in Code of Civil Procedure Section 389 for determining

5    whether a party should be joined exist here.  Plaintiff cannot obtain the relief she seeks – a

6    declaration that she alone owns the right to develop a motion picture based on the Novel – without

7    Duncan's involvement, because he also claims those rights.  Moreover, Duncan certainly is

8    interested in this dispute.  If the Court concludes that the purported transfer from Sierra Club to

9    Plaintiff is valid and binding, Duncan's rights – and his challenge to that transfer – could be

10   affected.  Indeed, it seems very likely that a decision granting Plaintiff the relief she seeks would,

11   "as a practical matter impair or impede [Duncan's] ability to protect [his] interest."  Duncan

12   challenges the efficacy of the very contracts that Plaintiff asks this Court to affirm.  Complaint

13   Exh. F at 2-3.  If this Court grants Plaintiff the relief she seeks, it is possible that Duncan would

14   be bound by that decision as Sierra Club's putative predecessor-in-interest (although Sierra Club

15   does not concede that Duncan would be so bound).  Finally, if Plaintiff obtained the relief she

16   seeks in this action, and Sierra Club were sued by Duncan in a separate action that attempted to

17   invalidate the purported agreement between Sierra Club and Plaintiff's husband, Sierra Club faces

18   a very real risk of incurring "inconsistent obligations by reason of [Duncan's] claimed interest."

19   On these plain facts, on which Plaintiff's declaratory relief is premised, Duncan is a necessary

20   party and his joinder should be ordered.

21                              **4.    CONCLUSION**

22   Plaintiff hopes that this Court will ignore Duncan's interest in the Novel that he wrote, and

23   grant Plaintiff relief by effective default.  This Court should grant this Demurrer, and enter its

24   ///

25   ///

26   ///

27   ///

28   ///

SIERRA CLUB'S DEMURRER -- FAILURE TO JOIN INDISPENSABLE PARTY
SFO 373210v1 0011716-000018

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CALIFORNIA 4111
(415) 276-6500
Fax: (415) 276-6599

1 | order requiring Plaintiff to amend her Complaint and include Duncan as a named defendant.

2 | DATED:  September 14, 2007

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
ROCHELLE L. WILCOX

By: _____
          Thomas R. Burke

Attorneys for Defendant SIERRA CLUB

SIERRA CLUB'S DEMURRER -- FAILURE TO JOIN INDISPENSABLE PARTY
SFO 373210v1 0011716-000018

DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CALIFORNIA 4111
(415) 276-6500
Fax: (415) 276-6599

# Proof of Service

I, Natasha Majorko, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. I am an employee of DAVIS WRIGHT TREMAINE LLP, and my business address is 505 Montgomery Street, Suite 800, San Francisco, California 94111

I caused to be served the following document:

**DEFENDANT SIERRA CLUB'S NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT; MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES**

I caused the above document (s) to be served on each person on the attached list by the following means:

☒ I enclosed a true and correct copy of said document in an envelope and placed it for collection and mailing with the United States Post Office on **September 14, 2007**, following the ordinary business practice.
*(Indicated on the attached address list by an* [M] *next to the address.)*

☐ I enclosed a true and correct copy of said document in an envelope, and placed it for collection and mailing via Federal Express on _____, for guaranteed delivery on _____, following the ordinary business practice.
*(Indicated on the attached address list by an* [FD] *next to the address.)*

☐ I consigned a true and correct copy of said document for facsimile transmission on _____.
*(Indicated on the attached address list by an* [F] *next to the address.)*

☐ I enclosed a true and correct copy of said document in an envelope, and consigned it for hand delivery by messenger on _____.
*(Indicated on the attached address list by an* [H] *next to the address.)*

☐ A true and correct copy of said document was emailed on _____.
*(Indicated on the attached address list by an* [E] *next to the address.)*

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on **September 14, 2007**, at San Francisco, California.

_____
Natasha Majorko

PROOF OF SERVICE
Case No. CGC07-465687

# Service List

| Key: | [M] Delivery by Mail | [FD] | Delivery by Federal Express | [H] Delivery by Hand |
|------|----------------------|------|-----------------------------|----------------------|
|      | [F]   Delivery by Facsimile | [FM] | Delivery by Facsimile and Mail |          |

**[ M ]**   Thomas A. Cohen
           Law Offices of Thomas A. Cohen
           639 Front Street, 4th Floor
           San Francisco, California 94111

           Telephone:  (415) 777-1997
           Facsimile:   (415) 777-1990

Attorney for Plaintiff
Peloton Productions

**[ M ]**   Lizbeth Hasse
           Creative Industry Law Group
           526 Columbus Avenue, 2nd Floor
           San Francisco, California 94133

           Telepone:  (415) 433-4380

1    Lizbeth Hasse (#104517)
     Creative Industry Law Group
2    526 Columbus Ave., 2nd floor
     San Francisco, CA 94133
3    (415) 433-4380

4    Thomas A. Cohen (#154581)
     Law Offices of Thomas A. Cohen
5    639 Front St., 4th floor
     San Francisco, CA 94111
6    (415) 777-1997

7
     Attorneys for Plaintiff
8    Peloton Productions

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              FOR THE COUNTY OF SAN FRANCISCO

12

13   PELOTON PRODUCTIONS, a sole
     proprietorship owned by Kristi Denton Cohen,    Case No.: CGC 07-465687
14
                                                     OPPOSITION TO DEMURRER
15              Plaintiff,
                                                     Date:  October 12, 2007
16        vs.                                              (originally set for October 29, 2007)
                                                     Time:  9:30 a.m.
17   SIERRA CLUB,                                    Dept.: 301

18              Defendant

19

20        I.    INTRODUCTION

21        Is a non-party to a contract indispensable or necessary to a lawsuit which seeks only to

22   determine the contract's validity and does not seek to deny or alter the non-party's contract

23   benefits?  The answer, in this case, is no.

24

25



Assignee Peloton Productions and publisher Sierra Club are the only parties to an Agreement for the movie rights to the novel, <u>The River Why</u>.  On the face of the Agreement, Sierra is the holder of all rights granted.  Peloton has sued Sierra for declaratory relief asking the court to affirm the validity of the Agreement.  Sierra demurs on the basis that the author of the novel, David James Duncan, is an indispensable or necessary party.  But by its plain and unambiguous terms, Duncan is not a party to the Agreement.  He is a third party who would like the Agreement terminated.  Only the parties to a contract may rescind it.  Civ. Code § 1689; <u>Schauer v. Mandarin Gems of California, Inc.</u> (2005) 125 Cal. App. 4th 959, 960.  Since Duncan has no rights to rescind the Agreement and since his interests as the presumed recipient of some of the benefits of the Agreement are protected, he is not an indispensable or necessary party.  Complete relief can be granted in his absence.

Also, if Sierra Club truly wants Duncan to participate in the lawsuit, it may cross complain against him.

II.    STATEMENT OF FACTS[1]

The facts are set out with specificity in the verified complaint.  In relevant part: there is an Agreement between Peloton and Sierra for the movie rights to <u>The River Why</u>, a novel written by David James Duncan and published by Sierra Club Books. Complaint ¶ 1.  The only parties to the Agreement are Hammermark Productions, Peloton's predecessor in interest, and Sierra. ¶ 9, Ex. A.  Paragraph 1 of the Agreement states: "Seller [Sierra Club Books] warrants to Hammermark Productions, Inc. ("Hammermark") that Seller has the sole, exclusive, and unencumbered ownership of all rights of every kind and character throughout the world in the

---

[1] All factual citations are to the Verified Complaint and its exhibits.

Work [The River Why]."  Duncan, who is not a party to the Agreement, questions Peloton's

right to produce a movie based on his novel. ¶ 2, Ex. A, Ex. F.  Sierra, wishing not to be

involved in a dispute, refuses to confirm Peloton's rights to the novel.  ¶ 33.  Peloton has sued

Sierra for declaratory relief only—seeking a judgment that the Agreement is valid and that

Peloton is the owner of the rights subject only to making future contingent payments in the

event a movie is made.  Prayer ¶ 1, 2.

III.    MR. DUNCAN IS NOT AN INDISPENSIBLE OR NECESSARY PARTY.  HE
        IS NOT A PARTY TO THE AGREEMENT AND HIS RIGHTS TO BENEFITS
        ARE PROTECTED.

This case is not about money.  Indeed, Peloton is eager to pay more money to Sierra,

because such payment would mark the commencement of photography of the long gestating

film adaptation of The River Why.   Instead, this case is about Sierra's refusal to contest

Duncan's efforts questioning a contract to which he is not a party.  Duncan is not an

indispensable or necessary party to a case which concerns only the validity of an Agreement to

which he is not a signator.  Duncan has no rights under the law to rescind the Agreement.  Only

the parties can do that.  Civ. Code § 1689(a).  Complete relief—a declaration of the validity of

the Agreement—can be accorded without Duncan's involvement.

A.    The Law of Compulsory and Permissive Joinder

An absent party must be joined, if possible, "if (1) in his absence complete relief cannot

be accorded among those already parties or (2) he claims an interest relating to the subject of

the action and is so situated that the disposition of the action in his absence may (i) as a

practical matter impair or impede his ability to protect that interest or (ii) leave any of the

persons already parties subject to a substantial risk of incurring double, multiple, or otherwise

inconsistent obligations by reason of his claimed interest."  Code Civ. Proc., § 389(a).  A party

who should be joined under this provision is usually called a "necessary" party.  Deltakeeper v. Oakdale Irrigation Dist. (2001) 94 Cal. App. 4th 1092, 1100.

If an absent party is necessary but cannot be joined, the trial court must "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice . . . . The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder." Code Civ. Proc., § 389(b).  A party whose absence requires dismissal under this provision is usually called an "indispensable" party.  Deltakeeper, *supra*, 94 Cal. App. 4th at 1105.

Code of Civil Procedure section 389 "tracks the language of its federal counterpart, rule 19 of the Federal Rules of Civil Procedure (28 U.S.C.). 'It is therefore appropriate to use federal precedents as a guide to application of the statute.' [Citations.]" Countrywide Home Loans, Inc. v. Superior Court (1999) 69 Cal.App.4th 785, 791-792  (fn. omitted, quoting Conrad v. Unemployment Ins. Appeals Bd. (1975) 47 Cal.App.3d 237, 241).

Sierra cites several cases in support of its demurrer.  None are directly on point and none posit a bright line rule dictating when a party must be joined.  Peloton is aware of cases that hold that a beneficiary to a contract is neither indispensable nor necessary.  See e.g. Lake Merced Golf & Country Club v. Ocean S. R. Co. (1962) 206 Cal. App. 2d 421 (In a quiet title action a group that acquired options from the corporations' predecessor in interest were not indispensable parties to the litigation).  But those cases are similarly not precisely on point.

1    This issue should simply be decided on the analytical framework provided by statute and

2    case law. See e.g. <u>Deltakeeper</u>, *supra*, 94 Cal. App. 4th 1092.  That analysis follows.

3        B.    <u>Duncan Is Not an Indispensible Party Because His Right to Contingent</u>
              <u>Payments Will Not Be Compromised and He Has No Right to Rescind an</u>
4             <u>Agreement to Which He is Not a Party.</u>

5            1. *A Judgment Rendered In Duncan's Absence Will Not Be Prejudicial To*
              *Him Or To Sierra.*
6

7        The adjudication of this action in Duncan's absence will not impair his interests. If Sierra

8    is found to be bound by the Agreement, Duncan would be no worse off.  The judgment against

9    Sierra would not be res judicata or collateral estoppel against Duncan.  If he has any valid
10   claims and if the statute of limitations has not run, he could assert them in a new action.

11       If, on the other hand, Sierra was found not to be bound by the Agreement, Duncan still
12   would be no worse off.  His desire to have Peloton cease and desist production would be

13   satisfied, because without a valid Agreement, Peloton would have no right to produce a movie
14   based on the novel.

15       The adjudication of this action in Duncan's absence likewise need not impair Sierra's
16   interests.  If Sierra is bound by the Agreement, it will receive contingent payments from
17   Peloton if the movie is produced.  If Peloton fails to make those payments, Sierra may sue to
18   enforce the Agreement.  So may Duncan: California law permits third party beneficiaries to
19   enforce the terms of a contract made for their benefit. Civil Code section 1559 states: "A
20   contract, made expressly for the benefit of a third person, may be enforced by him at any time
21   before the *parties* thereto rescind it."   <u>Principal Mut. Life Ins. Co. v. Vars</u> (1998) 65 Cal. App.
22   4th 1469, 1486 (citations omitted, italics added).
23

24

25

*2. The Extent To Which, By Protective Provisions In The Judgment, By The Shaping of Relief, or Other Measures, the Prejudice Can Be Lessened or Avoided.*

As noted, there will be no prejudice to either Sierra or Duncan if there is a judgment validating the Agreement. Both will be entitled to its benefits.

*3. Whether A Judgment Rendered In Duncan's Absence Will Be Adequate.*

Sierra argues that because Duncan's rights are at issue, a judgment in his absence will affect those rights. But as noted, Duncan's rights to benefits will not be affected, and he has no right to rescind the Agreement. The question is whether a judgment in favor of Peloton will adequately protect its rights. The answer is that it will protect Peloton's rights *vis a vis* Sierra. Such a declaratory judgment is adequate protection for Peloton because Duncan has no right to sue for rescission, and even if he did, the statute of limitations has long since run.

*4. Peloton Will Not Have An Adequate Remedy If The Action Is Dismissed For Nonjoinder.*

Dismissal for non-joinder could be fatal to Peloton. If Duncan is indispensable and Peloton is unable to assert jurisdiction over him in California because he is a Montana resident, then there will be scant opportunity to obtain court validation of the Agreement. While theoretically the case could be re-filed in Montana, the same problem emerges: does a Montana court have jurisdiction over the California based Sierra Club?

C. Duncan Is Not a Necessary Party

*1. In Duncan's Absence Complete Relief Can Be Accorded Both Peloton and Sierra.*

A judgment either validating or invalidating the Agreement brings finality to any disagreements Peloton and Sierra may have with each other.

1

2        2.   *The Disposition of the Action in Duncan's Absence Will Not as a*
3             *Practical Matter Impair or Impede His Ability To Protect his Interests;*
         *or Leave Peloton or Sierra at Substantial Risk Of Incurring*
4             *Inconsistent Obligations By Reason Of Duncan's Claimed Interest.*

5          Sierra argues, without analysis, that if Peloton obtained the relief it seeks and Sierra were

6    sued by Duncan in a separate action that attempted to invalidate the Agreement, then Sierra

7    would incur inconsistent obligations.  Analysis of that argument does not compel such a

8    conclusion.  First, if Sierra is truly concerned about that outcome, then it should cross complain

9    against Duncan.   Second, a plaintiff is master of its complaint and may satisfy its whole

10   judgment by execution against any one of multiple defendants. See e.g. <u>Janney Montgomery</u>

11   <u>Scott, Inc. v. Shepard Niles, Inc.</u> (3d Cir. 1993) 11 F.3d 399, 406-413 ("a person who may be

12   jointly and severally liable on the same contract as the defendant is not indispensable").

13         Importantly, any action taken by Duncan against Sierra to invalidate the Agreement

14   would have to be based on Duncan's publishing agreement with Sierra—not on Sierra's

15   Agreement with Peloton.  That is because, as noted, Duncan cannot rescind an agreement to

16   which he is not a party.  Thus, any action by Duncan against Sierra would have to be based on

17   an argument such as: Sierra had no right to assert in the Agreement that it had sole and

18   exclusive ownership of the rights to <u>The River Why.</u>  The resolution of that action would be

19   dependent on analysis of any agreements between Sierra and Duncan--to which Peloton is not a

20   party.  Would Peloton be considered a necessary party to that action?  No.  Peloton is only a

21   potential beneficiary of any contracts between Duncan and Sierra, and as such has no right to

22   reform or rescind those contracts.  For the same reason, Duncan is not necessary or

23   indispensable to this action involving a contract to which he is not a party.

24

25

1

2      III.     CONCLUSION

3          In light of the foregoing, Sierra's demurrer should be overruled.  If Sierra wants Duncan

4      in the case it can bring him in by cross-complaint.

5

6              Dated:  September 28, 2007

7

8                                                              _____
                                                               Thomas A. Cohen
9                                                              Attorney for Peloton Productions

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

     I am over the age of 18 and not a party to the within action.  My business address is 639 Front St., San Francisco, California 94111.  I am an active member of the State Bar Of California.

     On September 28, 2007 I served the document(s) described as:

Opposition to Demurrer

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

     Thomas Burke           Fax: (415) 276-6599
     Davis Wright Tremaine LLP
     505 Montgomery St., Suite 800
     San Francisco, CA 94111

On the above date,

___ (BY MAIL) I then deposited such envelope, with postage thereon fully prepaid, in the United States mail at San Francisco, CA..

___ (BY PERSONAL SERVICE) I then caused such envelope to be delivered by hand to the attorney for plaintiff.

_X_ (BY TELECOPIER) I transmitted the document(s) by facsimile machine to the number indicated after the address(es) noted above.

___ (BY OVERNIGHT DELIVERY) I placed the document listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and caused the envelope to be delivered to a Federal Express agent for overnight delivery.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

San Francisco, CA
Dated: September 28, 2007

                        _____
                        Thomas A. Cohen

THOMAS R. BURKE (State Bar No. 141930)
ROCHELLE L. WILCOX (State Bar No. 197790)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Defendant SIERRA CLUB

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| PELOTON PRODUCTIONS, a sole proprietorship owned by Kristi Denton Cohen,<br><br>            Plaintiff,<br><br>vs.<br><br>SIERRA CLUB,<br><br>            Defendant. | Case No. **CGC07-465687**<br><br>**DEFENDANT SIERRA CLUB'S REPLY IN SUPPORT OF ITS DEMURRER TO PLAINTIFF'S COMPLAINT**<br><br>Date:       October 12, 2007<br>Time:      9:30 a.m.<br>Department: 301<br>Hon. Peter Busch<br><br>Action Filed: August 1, 2007 |

## 1.    INTRODUCTION

Plaintiff and Sierra Club agree on one thing: Sierra Club is reluctantly in the middle of a dispute between Plaintiff and David Duncan. The question for this Court is whether it makes any sense to proceed with this litigation in Duncan's absence. It most certainly does not. Nor should Sierra Club be compelled to sue one of its authors simply because Plaintiff refuses to include the *one* individual who challenges the legal validity of this contract – Duncan – and who has *both* a personal and financial interest in the outcome of this litigation. See Plaintiff's Complaint, ¶¶ 31-32 & Ex. F. Accordingly, Sierra Club's demurrer should be sustained and this Court should order Plaintiff to amend its Complaint and include Duncan as a defendant.

1

2.    **ARGUMENT: SIERRA CLUB'S DEMURRER SHOULD BE SUSTAINED BECAUSE DUNCAN IS A NECESSARY AND/OR INDISPENSABLE PARTY.**

Plaintiff contends that Duncan is neither a necessary nor an indispensable party to this declaratory relief action because a) he is not a party to the agreement and because b) his interests in "some of the benefits of the Agreement are protected" even if he is not a party to this declaratory relief action. (Plaintiff' Opposition ("Opp.") at 2.) Plaintiff's narrow focus on whether Duncan can rescind the agreement between Plaintiff and Sierra Club ignores both Duncan's personal and financial interest in the agreement and overlooks the reality that Sierra Club may not share Duncan's interests and faces inconsistent legal obligations if this declaratory relief action is decided in Duncan's absence. See Cal. Civ. Proc. § 389(a). For at least two reasons, Sierra Club's Demurrer should be sustained.

First, Plaintiff's Opposition ignores the fact that Duncan, the author of *The River Why*, has both a *personal* and a *financial* interest in the outcome of this declaratory relief action. In correspondence that Plaintiff attached to its Complaint, Duncan's interests are plain. See Plaintiff's Complaint, Exh. F. While Duncan is not a signatory, there can be no dispute that he has a personal interest and financial rights that are implicated by the agreement. Id. Moreover, Duncan's personal interest in this litigation is palpable: it is *Duncan's* insistence that the option provision in the agreement is invalid that is the *sole reason* that Plaintiff filed this declaratory relief action. See Plaintiff's Complaint at ¶ 32. On these undisputed facts alone, Duncan is an indispensable party to this action. *Bank of California Nat'l Ass'n v. Superior Court,* (1940) 16 Cal. 2d 516, 521.

Second, Duncan's absence from this declaratory relief action will potentially jeopardize his as well as Sierra Club's interests and likely spawn collateral litigation. Plaintiff's Opposition ignores the reality that as a neutral to this dispute between Plaintiff and Duncan, Sierra Club cannot necessarily represent Duncan's interests. Indeed, the core of this dispute is *not* whether Sierra Club executed the agreement and accepted payments under the agreement – the legal issue that Plaintiff asks this Court to resolve is whether the motion picture option is valid and

2

1   enforceable – a legal determination that most certainly implicates Duncan's personal and financial

2   interests, and one which is for a court, not Sierra Club, to "confirm" as Plaintiff demands.

3       Here, it can hardly be true that if the contract provision is validated by this Court without

4   Duncan's participation, "Duncan would be no worse off." (Opp. at 5.) It is *Duncan* who contests

5   the validity of this provision and his interests may not be representative of Sierra Club's interests.

6   As the April 3, 2007 letter from Duncan's attorney submitted by Plaintiff as Exhibit F to its

7   Complaint confirms, Duncan and Plaintiff have long-standing "artistic differences." Moreover,

8   Duncan contends that he:

9           has never been paid the remainder of the required consideration for
            the [motion picture] rights – either based upon the October 1988
10          projected budget or in the form of the running royalty. From time
            to time during the late 1980s and early 1990s, other potential
11          opportunities to make a film based on *The River Why* presented
            themselves, but Mr. Duncan was never able to pursue anything
12          because of the cloud on title created when Mr. Cohen continued to
            assert rights to third parties and refused to relinquish control of
13          them.

14

15   See Exh. F to Plaintiff's Complaint at 2-3.

16      Plaintiff is also wildly mistaken to insist that Duncan's absence would not result in further

17   litigation and illustrates this misunderstanding by insisting that "a judgment either validating or

18   invalidating the Agreement brings finality to any disagreements Peloton and Sierra may have with

19   each other." (Opp. at 6.) To reiterate: Sierra Club does not dispute that it executed the

20   agreement and accepted payments under the agreement. It is *Duncan* who challenges the validity

21   of the agreement – such to allegedly cause Plaintiff "to be uncertain of its rights regarding The

22   River Why" (Complaint at ¶ 32) and whose personal and financial interests will unquestionably

23   be affected by Duncan's absence from this litigation.

24      ///

25      ///

26      ///

27      ///

28

3

3.    **CONCLUSION**

Plaintiff asks this Court to overlook Duncan's personal and financial interests in the outcome of this declaratory relief action – when it was Duncan's concerns that prompted Plaintiff to file this action in the first place.  For all the reasons set forth in its moving papers, respectfully, Sierra Club's demurrer should be sustained.

DATED: October 9th, 2007

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
ROCHELLE L. WILCOX

By:_____
        Thomas R. Burke

Attorneys for Defendant SIERRA CLUB

Case No. CGC07-465687
SIERRA CLUB'S REPLY ISO DEMURRER
SFO 374414v1 0011716-000018

## Proof of Service

I, Natasha Majorko, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. I am an employee of DAVIS WRIGHT TREMAINE LLP, and my business address is 505 Montgomery Street, Suite 800, San Francisco, California 94111.

I caused to be served the following document:

**DEFENDANT SIERRA CLUB'S REPLY IN SUPPORT OF ITS DEMURRER TO PLAINTIFF'S COMPLAINT**

I caused the above document (s) to be served on each person on the attached list by the following means:

☐ I enclosed a true and correct copy of said document in an envelope and placed it for collection and mailing with the United States Post Office on _____, following the ordinary business practice.
*(Indicated on the attached address list by an* [M] *next to the address.)*

☐ I enclosed a true and correct copy of said document in an envelope, and placed it for collection and mailing via Federal Express on _____, for guaranteed delivery on _____, following the ordinary business practice.
*(Indicated on the attached address list by an* [FD] *next to the address.)*

☒ I consigned a true and correct copy of said document for facsimile transmission on **October 4, 2007.**
*(Indicated on the attached address list by an* [F] *next to the address.)*

☐ I enclosed a true and correct copy of said document in an envelope, and consigned it for hand delivery by messenger on _____.
*(Indicated on the attached address list by an* [H] *next to the address.)*

☒ A true and correct copy of said document was emailed on **October 4, 3007** to tomcohen@bigfoot.com and Lhasse@creativelawgroup.com.
*(Indicated on the attached address list by an* [E] *next to the address.)*

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on **October 4, 2007**, at San Francisco, California.

Natasha Majorko

PROOF OF SERVICE
Case No. CGC07-465687

# Service List

| Key: | [M] Delivery by Mail | [FD] Delivery by Federal Express | [H] Delivery by Hand |
|---|---|---|---|
| | [F] Delivery by Facsimile | [FM] Delivery by Facsimile and Mail | |

**[EF]**   Thomas A. Cohen
Law Offices of Thomas A. Cohen
639 Front Street, 4th Floor
San Francisco, California 94111

Telephone: (415) 777-1997
Facsimile: (415) 777-1990

Email: tomcohen@bigfoot.com

Attorney for Plaintiff
Peloton Productions

**[E]**   Lizbeth Hasse
Creative Industry Law Group
526 Columbus Avenue, 2nd Floor
San Francisco, California 94133

Telephone: (415) 433-4380

Email: Lhasse@creativelawgroup.com

PROOF OF SERVICE
Case No. CGC07-465687