ANNETTE L. HURST (Bar No. 148738)
ELISABETH R. BROWN (Bar No. 234879)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail:    Annette.Hurst@HellerEhrman.com
           Elisabeth.Brown@HellerEhrman.com

Attorneys for Plaintiff
DAVID JAMES DUNCAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DAVID JAMES DUNCAN, | Case No.: 3:08-cv-02243-BZ |
|---|---|
| Plaintiff, | **PLAINTIFF'S SUPPLEMENTAL OBJECTIONS TO EVIDENCE FIRST SUBMITTED BY THE COHEN DEFENDANTS IN CONNECTION WITH THEIR REPLY MEMORANDUM** |
| v. | |
| THOMAS A. COHEN, *et al.*, | |
| Defendants. | Date: July 23, 2008<br>Time: 10:00 a.m.<br>Room: Courtroom G, 15th Floor |

Heller Ehrman LLP

PLAINTIFF'S SUPPLEMENTAL OBJECTIONS TO EVIDENCE
CASE NO.: 3:08-CV-02243-BZ

**PRELIMINARY STATEMENT**

Plaintiff David James Duncan ("Duncan" or "Plaintiff") again objects to the consideration of extrinsic evidence in connection with the motion to dismiss filed by Defendants Thomas Cohen d/b/a Hammermark Productions and Kristi Denton Cohen dba Peloton Productions (the "Cohen Defendants") pursuant to Rules 9 and 12(b)(6) of the Federal Rules of Civil Procedure, for the reasons set out in its initial Objections to Evidence Submitted by the Cohen Defendants in Support of Their Motion to Dismiss and Special Motion to Strike Under the Anti-SLAPP Statute (Docket No. 27).

Finally, to the extent the Cohen Defendants submit evidence in support of their motions for the first time in connection with their reply brief, and such evidence plainly existed at the time the motions were filed, the Court should disregard it entirely as consideration of such evidence is patently unfair to Plaintiff. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Plaintiff's specific objections to the new evidence submitted by the Cohen Defendants in support of their motions are set out below.

**OBJECTIONS TO REPLY DECLARATION OF THOMAS A. COHEN DECLARATION DATED JUNE 6, 2008**

Objection Number 1:   Declaration ¶¶2-7.

Grounds:   Irrelevant, Improper Reply Evidence

To the extent the Reply Cohen Declaration attempts to admit evidence in support of the Cohen Defendants' motion to dismiss, the Court should disregard it in its entirety as irrelevant since it may not be considered under Rule 12(b)(6). To the extent submitted in connection with the special motion to strike, this testimony all concerns facts that were known to Mr. Cohen at the time of his motion filing, and should have been filed then. Consideration of this evidence for the first time in connection with a reply brief would sanction improper "sandbagging" tactics by Defendants.

Objection Number 2:   Declaration Ex. A

Grounds:  Lacks Foundation, Hearsay, Irrelevant, Improper Reply Evidence

Exhibit A purports to be two assignments of film rights in *The River Why*: from Hammermark Productions, Inc. to Thomas A. Cohen and from Cohen to Kristi Denton Cohen, respectively. Despite a number of requests, this is the first time Plaintiff has been provided copies of these documents. The dates and circumstances of the execution of these assignments will be the subject of contemplated discovery in this action. *See* Declaration of Annette L. Hurst in Support of Plaintiff's Opposition to Special Motion to Strike and Motion to Dismiss ¶¶5-6 (Docket No. 25).

Still, from even an initial review it is apparent that these documents raise more questions than they answer and therefore should not be considered in connection with the Motion to Strike. Neither document evidences any actual date of execution, and these obviously were not arm's-length transactions. Mr. Cohen's declaration testimony does not supply the relevant facts concerning the dates of execution or the terms of any accompanying transactions. The assignment from Hammermark Productions, Inc., purportedly effective "as of August 15, 1985," was not recorded with the United States Copyright Office until January 10, 2002, over sixteen years later. The corporation appears to have been dissolved on the date of the purported assignment in 1985. The fact that the document recites it was made "as of" that date, taken together with the appearance of the word processing font and a 2002 recordation date, strongly suggests that the document was not in fact executed until some time long after the corporation was dissolved. As a creditor of the corporation, Mr. Duncan was given no notice of the proposed dissolution, and neither the assignment nor any other document provided in connection with the motions makes provision for payment of the royalty obligation owed by Hammermark Productions, Inc. to Mr. Duncan. To the extent there was ever any effective contract granting the rights subject to an ongoing royalty obligation, that contract was only between Mr. Duncan and Hammermark. Given that Hammermark apparently failed to provide for its debt to Mr. Duncan in connection with its dissolution, this is yet another among myriad reasons to void the transaction. Similarly, although the assignment between Cohen and Denton Cohen was purportedly effective "as of" January 1, 2004, it was not actually recorded with the United

1  States Copyright Office until June 19, 2007, more than a year after Plaintiff Duncan's
2  attorney first informed Thomas Cohen of Duncan's view that the agreement was terminated
3  and two months after Plaintiff Duncan's attorney sent a written cease and desist letter
4  directly to Denton Cohen based upon renewed reports of infringing activity.

5       If discovery demonstrates, as appears to be the case, that either of these documents
6  was merely a subsequent written confirmation of a prior unwritten agreement, then these
7  assignments are not valid against Duncan, the owner of the underlying copyright. 17 U.S.C.
8  § 204(a) (assignment must be in writing); *see also Davis v. Blige*, 505 F.3d 90 (2d Cir.
9  2007) (subsequent written ratification of an unwritten assignment is not valid against a
10 copyright owner). If they are not valid, then they plainly should not be considered in
11 connection with the Motion to Strike. In asserting the relevance of these two at-best-belated
12 assignment documents, the Cohen Defendants misplace reliance on *Magnuson v. Video
13 Yesteryear*, 85 F.3d 1424 (9th Cir. 1996) and *Eden Toys, Inc. v. Florelee Undergarment
14 Co.*, 697 F.2d 27 (2d Cir. 1982) for the proposition that even a *post hoc* written assignment
15 is valid. The *Blige* court expressly held that *Magnuson* and *Eden* only prevent an alleged
16 third-party *infringer* from contesting the validity of a copyright assignee's rights based on a
17 subsequent written ratification of the assignment from the owner to the assignee. *Blige*, 505
18 F.3d at 108. As the court in *Blige* held, the same rule does not apply when a copyright
19 owner, like Duncan, challenges the validity of a *post hoc* ratification of an assignment. *Id.*
20 Indeed, this must be the rule or Section 204 would have no real meaning, as written
21 ratification of assignments long dead could routinely be made on a post-hoc basis. Clearly
22 that was not Congress's intention in enacting Section 204; to the contrary, its purpose was
23 precisely as asserted here—to protect unscrupulous exploitation of the authors of the
24 underlying works.

25      These issues raised by the purported assignments are precisely the reason why the
26 Ninth Circuit has held that California's anti-SLAPP law, which effects a stay on discovery,
27 directly clashes with the Federal Rules of Procedure. The Cohen Defendants cannot, on a
28 motion to dismiss or motion to strike, rely on such ambiguous and prejudicial evidence in

Heller Ehrman LLP

3
PLAINTIFF'S SUPPLEMENTAL OBJECTIONS TO EVIDENCE
CASE NO.: 3:08-CV-02243-BZ

order to support their legal conclusion that they own the film rights to *The River Why*. Duncan must be afforded the opportunity to take discovery concerning these documents. In arguing to the contrary, the Cohen Defendants are disingenuous in their reliance on *US ex rel. Newsham v. Lockheed Missiles*, 190 F.3d 963, 973 (9th Cir. 1999) for the proposition that the anti-SLAPP law does not clash with Federal Rules of Civil Procedure (Reply at 7), because the Ninth Circuit expressly noted in the subsequent *Metabolife* case that the *Lockheed* court did not consider the clash between the anti-SLAPP law's stay on discovery and Federal Rules 12 and 56. *Metabolife Int'l v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001).

Finally, the Cohen Defendants inexplicably failed to include these assignments with their opening papers, and even today fail to include testimony explaining them. This late submission of evidence is nothing short of improper sand-bagging.[1]

At this early stage of the proceedings, there is a complete lack of foundation for these documents that would demonstrate their admissibility as relevant legal acts. As such, they are inadmissible hearsay and irrelevant. Moreover, they were submitted late in a prejudicial fashion. The purported assignments should be disregarded for all purposes.

Objection Number 3:    Declaration ¶4

Grounds:  Irrelevant, Lacks Foundation, Speculation

Defendant Cohen's unilateral assertion that he would have exercised the option by October 1987, had Sierra Club not granted him an extension until October 1988, is based entirely on speculation and is belied by Cohen's explanation that he needed additional time to secure investors. *See* Cohen Decl. ¶11.

---

[1] The Cohen Defendants make the specious assertion that Plaintiff Duncan mysteriously omitted the assignment from Cohen to Denton Cohen from his request that this Court take judicial notice of the complaint filed by Denton Cohen against Sierra Club in the Superior Court of San Francisco. Far from a plot by Duncan to keep the assignment from the Court, Exhibit E to Denton Cohen's complaint was omitted from the complaint that was available through the San Francisco Superior Court's on-line docket as of August 1, 2007. This omission has been brought to the attention of the Superior Court of California, which will be re-scanning the complaint with the missing exhibits.

4

PLAINTIFF'S SUPPLEMENTAL OBJECTIONS TO EVIDENCE
CASE NO.: 3:08-CV-02243-BZ

**OBJECTIONS TO REPLY DECLARATION OF LIZBETH HASSE DATED JUNE 6, 2008**

Objection Number 4:    Declaration ¶¶2-4 & Ex. A

Grounds:    Improper Judicial Notice, Argumentative, Legal Conclusion, Improper Reply Evidence

In taking judicial notice of certain court pleadings, the purpose of such judicial notice is to "determin[e] what statements are contained therein, not to prove the truth of the contents or any party's assertion of what the contents mean." *U.S. v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 975 (E.D. Cal. 2004). Thus, to the extent the Cohen Defendants rely upon judicial notice in an effort to demonstrate that anyone purportedly litigated on behalf of Mr. Duncan in the prior Superior Court action, that is inappropriate (and also plainly untrue).

Ms. Hasse's testimony purporting to assert what the judgment in the Superior Court really meant also is argumentative, an improper legal conclusion, and an improper collateral attack on that judgment. The Superior Court held that the outcome of that case would not bind Duncan, and the stipulated judgment recites the same. Attempting to vary this result after-the-fact with lawyer testimony is ridiculously inappropriate. Additionally, there is no showing as to why this testimony could not have been submitted with the motion to strike, and its submission with the reply is unfair to Plaintiff. For all of these reasons, it should be disregarded.

**OBJECTIONS TO REPLY DECLARATION OF KRISTI DENTON COHEN DATED JUNE 6, 2008**

Objection Number 5:    Declaration ¶¶2-3
Grounds:    Irrelevant, Lacks Foundation, Inadmissible Hearsay, Improper Reply Evidence

To the extent the Denton Cohen Declaration attempts to admit evidence in support of the Cohen Defendants' motion to dismiss, the Court should disregard it in its entirety as irrelevant. Also the subject matter of this testimony was known to Denton Cohen at the time of filing the motions, and there is no reason why it could not have been submitted with them. Further, Denton Cohen lacks foundation of personal knowledge to authenticate the

Heller Ehrman LLP

draft Publishing Agreement which is attached as Exhibit A to Cohen's Declaration dated May 16, 2008. She had nothing to do with the original transaction, nor does her declaration establish otherwise. Denton Cohen's communications with Mike Snell are inadmissible hearsay, and irrelevant.

June 13, 2008                             Respectfully submitted,

                                          HELLER EHRMAN LLP


                                          By _____/s/ *Annette L. Hurst*_____
                                                  ANNETTE L. HURST

                                          Attorneys for Plaintiff
                                          DAVID JAMES DUNCAN