1   Lizbeth Hasse (#104517)
    Creative Industry Law Group
2   526 Columbus Ave., 2nd floor
    San Francisco, CA 94133
3   (415) 433-4380

4
    Thomas A. Cohen (#154581)
5   Law Offices of Thomas A. Cohen
    639 Front St., 4th floor
6   San Francisco, CA 94111
    (415) 777-1997
7
    Attorneys for Defendants
8   Thomas A. Cohen dba Hammermark Productions
    Kristi Denton Cohen dba Peloton Productions
9

10

11                  UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13

14  DAVID JAMES DUNCAN,                    Case No.:  CV 08 2243 BZ

15            Plaintiff,                   ECF CASE

16       vs.                              DEFENDANTS' RESPONSE TO
                                          PLAINTIFF'S SUPPLEMENTAL
17  THOMAS A. COHEN d/b/a                 OBJECTIONS TO EVIDENCE
    HAMMERMARK PRODUCTIONS, KRISTI
18  DENTON COHEN d/b/a PELOTON            Date:  July 23, 2008-Unless Decided on the
    PRODUCTIONS, and SIERRA CLUB          Pleadings per Order dated May 19, 2008
19  BOOKS,                                Time:  10 a.m.
                                          Courtroom: G
20            Defendants

21

22

23

24

25

Defendants' Response to Plaintiff's Supplemental Objections to Evidence                    i

1

**PRELIMINARY STATEMENT**

2      There is no federal jurisdiction over a state law contract suit simply because it concerns

3   a copyright.  *Dolch v. United California Bank* (9th Cir. 1983) 702 F.2d 178.  Plaintiff's

4   objections to evidence focus primarily, if not exclusively, on state law concerns: whether new

5   evidence may be submitted with a reply brief on an anti-SLAPP motion; and whether the

6   assignments from a dissolved corporation to its sole shareholder and then to the shareholder's

7   wife are valid.  As discussed below, plaintiff's objections are without merit.

8

**RESPONSE TO OBJECTIONS TO REPLY DECLARATION OF**

9   **THOMAS A. COHEN DATED JUNE 6, 2008**

10     **1.  The Court May Consider Evidence Offered With Defendants' Reply Brief**

11     Plaintiff argues that Defendants may not submit evidence for the first time in connection

12   with a reply brief in support of an anti-SLAPP motion.  Plaintiff is wrong.   Once defendants

13   are able to make a prima facie showing that their acts were taken in furtherance of their first

14   amendment rights, the burden shifts to plaintiff to establish a probability of prevailing.  If

15   plaintiff submits sufficient evidence (here Duncan has submitted no admissible evidence) to

16   support his claim, defendants may respond with evidence of their own.  *Kashian v. Harriman*

17   (2002) 98 Cal. App. 4th 892, 903 (Anti-SLAPP motion granted: Defendants submitted four

18   declarations in support of reply brief).

19     Mr. Duncan's citation to *Zamani v. Carnes* (2007) 491 F.3d 990, 997 is badly

20   misplaced.  *Zamani* does not even discuss the right of the moving party to submit evidence with

21   a reply brief in an anti-SLAPP motion.  The court's sole concern was the defendants' right to

22   raise a new legal argument for the first time in a reply brief.  *Id.*

23     **2.  Duncan's Focus on the Validity of the Assignments Is Irrelevant**

24     Plaintiff objects to the admission of the assignments of film rights in *The River Why*

25   from Hammermark Productions, Inc. to Thomas A. Cohen and then to Kristi Denton Cohen.

    These objections are factually and legally without merit.  Moreover, even if the assignments

1    were invalid, that does not result in a reversion of rights to Duncan or convert state questions of

2    contract law into a federal copyright case.

3        Whether or not the assignments are valid is irrelevant in a case where the plaintiff,

4    David Duncan, sold the movie rights to his book.  In doing so, he gave up his right to sue for

5    copyright ownership of the movie rights.  *Silvers v. Sony Pictures Entm't, Inc.* (9th Cir. 2005)

6    402 F.3d 881 (*en banc*).  His lawsuit sounds in contract and this court has no jurisdiction to hear

7    it.  See e.g. *Dolch v. United California Bank* (9th Cir. 1983) 702 F.2d 178, 180 (whether an

8    assignment of copyright is a valid assignment is a state law question).

9        Mr. Duncan's counsel claims that defendants are "sand-bagging" because the

10   assignments were first submitted with the reply brief.  In a footnote, counsel explains away her

11   omission of the assignment which should have been attached as an exhibit to San Francisco

12   Superior Court pleadings which she filed with a request for judicial notice.  While this

13   explanation may be plausible, it does not respond to the Reply Declaration of Lizbeth Hasse ¶ 2

14   noting that the "missing" assignment was also served on Ms. Hurst on October 22, 2007 as an

15   exhibit to the Cohen's mediation statement.

16       Plaintiff cites a Second Circuit case, *Davis v. Blige* (2d. Cir. 2007) 505 F.3d 90, for the

17   proposition that a subsequent written confirmation of a prior unwritten agreement is invalid.

18   *Davis* is wholly inapposite.  First, *Davis* itself distinguishes the facts extant here where the

19   alleged third party infringer (Kristi Denton Cohen) has no dispute with her predecessor in

20   interest (Hammermark Productions, Inc. and Thomas A. Cohen).  *Id.* at 108.  Second, *Davis* is

21   not the law in the Ninth Circuit; *Magnuson v. Video Yesteryear* (9th Cir. 1996) 85 F.3d 1424

22   is.[1]  Third, even if the assignments were invalid, that does not help Duncan.  All it does is revert

23   ownership of the motion picture rights back to the original holder—Hammermark Productions,

24   Inc.  Fourth, there is no writing requirement when transfer of a copyright arises by operation of

---

[1] Thomas A. Cohen was the attorney for the prevailing party (Magnuson).

1    law.  17 U.S.C. 204(a).  Here, the motion picture rights transferred from Hammermark

2    Productions, Inc. to its sole shareholder, Thomas A. Cohen, when the corporation dissolved.

3    *Fantasy, Inc. v. Fogerty*  (N.D. Cal. 1987) 664 F. Supp. 1345, 1356 (where assets were

4    transferred from dissolving corporation to its sole shareholder, sole shareholder succeeded to

5    ownership of copyright by operation of law).  Any motion picture rights in the novel or the

6    screenplay acquired after the Cohen's 1987 marriage automatically transferred the rights to both

7    spouses by operation of the California law of community property.  *In re Marriage of Worth*

8    (1987) 195 Cal. App. 3d 768, 774.

9        **3.  Mr. Cohen's Assertion That He Would Have Exercised the Option is Admissible**

        A lay witness may express opinions based on matters they have personally observed.

10   Rule 701.

11       **4.  The Objections to the Hasse and Denton Cohen Declarations Are Without Merit**

12       Plaintiff objects to the Hasse and Denton Cohen declarations on the basis that this

13   testimony should have been submitted with the moving papers.  As discussed above, it is

14   procedurally proper to submit new evidence with the reply brief on an anti-SLAPP motion.

15   *Kashian*, supra, 98 Cal. App. 4th at 903.

16

17

18       Dated:  June 18, 2008

19                                              ____/s/_Lizbeth Hasse_____
                                                Lizbeth Hasse
20                                              Creative Industry Law Group

21                                              and

22
                                                Thomas A. Cohen
23                                              Law Offices of Thomas A. Cohen

24                                              Attorneys for the Cohen Defendants

25

Defendants' Response to Plaintiff's Supplemental Objections to Evidence                    3