ANNETTE L. HURST (Bar No. 148738)
ELISABETH R. BROWN (Bar No. 234879)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail:     Annette.Hurst@HellerEhrman.com
            Elisabeth.Brown@HellerEhrman.com

Attorneys for Plaintiff
DAVID JAMES DUNCAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DAVID JAMES DUNCAN,<br><br>            Plaintiff,<br><br>    v.<br><br>THOMAS A. COHEN et al.,<br><br>            Defendants. | Case No.: 3:08-cv-02243-BZ<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR:**<br><br>**(1) AN ORDER PERMITTING THE FILING OF A VERIFIED AMENDED AND SUPPLEMENTAL COMPLAINT;**<br><br>**(2) A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION;**<br><br>**(3) AN ORDER FOR EXPEDITED DISCOVERY; AND**<br><br>**(4) AN ORDER ADVANCING TRIAL ON THE MERITS TO BE CONSOLIDATED WITH THE PRELIMINARY INJUNCTION HEARING.**<br><br>**Date:** TBD<br>**Time:** TBD<br>**Dep't:** Courtroom G, 15th Floor |

Heller Ehrman LLP

CASE NO.: 3:08-CV-02243-BZ

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff David James Duncan ("Duncan") hereby applies on an *ex parte* basis for the following relief:

(1) an order pursuant to Federal Rule of Civil Procedure 15 subsections (a) and (d) authorizing the filing of the attached proposed Verified Amended and Supplemental Complaint;

(2) an order pursuant to Federal Rule of Civil Procedure 65(b) and 17 U.S.C. Section 502 temporarily restraining Defendants Kristi Denton-Cohen and Peloton Productions, and all those acting in concert with them, from altering the more than twenty year status quo between the parties by commencing filming of a motion picture derivative work of Duncan's novel *The River Why* and further ordering them to show cause why such restraint should not be continued as a preliminary injunction prohibiting the filming, editing, distribution, marketing, promotion and public display or performance of such unauthorized derivative work pending trial on the merits of this action;

(3) an order for expedited discovery shortening time for production of documents and answers to interrogatories from Defendants to two weeks after service of requests, and ordering that Defendants Thomas Cohen and Kristi Denton-Cohen present themselves for deposition in San Francisco during the week of July 28, 2008; and

(4) an order advancing the trial to September 15, 2008 and consolidating it on the merits with the hearing on the preliminary injunction.

The grounds for this Ex Parte Application are as follows. Duncan owns the copyright in the novel *The River Why*. He has not authorized the preparation of a film derivative work by Denton-Cohen or her production company, Peloton Productions (collectively, "Peloton"). Nonetheless, Peloton is about to commence filming of a motion picture derivative work of the novel that it also intends to distribute or have distributed for public display and performance. Accordingly, Peloton is engaging in copyright infringement by violating Duncan's exclusive rights under Sections 106(2), 106(3), 106(4) and 106(5). Duncan will be irreparably harmed by this infringement as Peloton's

Heller Ehrman LLP

exploitation of Duncan's exclusive rights to prepare, distribute, display and perform a motion picture derivative work of his novel will effectively deprive him of the right to do so himself or to otherwise dispose of that right in accordance with his own wishes, and will also injure the aesthetic integrity of his underlying work.

Peloton claims that it is authorized to prepare the film derivative work by virtue of a more than twenty-year-old option contained in a Letter Agreement between Defendant Sierra Club Books and Thomas Cohen on behalf of Hammermark Productions, Inc. Duncan, the author and copyright holder, was never a signatory and did not authorize in advance or subsequently ratify the agreement with full knowledge of the facts and circumstances thereof. The option was defective from its inception because SCB did not own the rights to sell and because the option was substantively unconscionable in light of prevailing industry standards for the protection of authors. Further, the option was unlawfully extended without Duncan's consent by virtue of an undisclosed breach of fiduciary duty, the option was never properly exercised, and even if valid the option was dependent upon contingent consideration that was not paid within a reasonable time and therefore it subsequently expired or was terminated.

Duncan filed suit earlier this year after unsuccessfully trying to settle this matter for nearly two years. At no time prior to or since the filing of the lawsuit did Peloton disclose its intention to commence filming an unauthorized motion picture derivative work in July 2008. No filming occurred for more than twenty years, and with a lawsuit pending it was unfathomable to Duncan that Peloton would nonetheless proceed to invest potentially millions of dollars without a clear right to proceed. Moreover, in its motions attacking the complaint, and in its motion seeking expedited consideration thereof, Peloton claimed that it needed a determination thereon before it could proceed, and also claimed that it would prevail under the statute of limitations because Duncan could not allege any continuing injury within the three-year period. Although Duncan disagreed with the premise of the statute of limitations argument, the clear implication of these motions (and not just a motion to dismiss, but also a special motion to strike which was a speaking motion) was that *there*

*was no threatened infringement on the horizon*.

On July 2, 2008, and despite these filings, counsel for Peloton expressly confirmed in response to an inquiry from Duncan's counsel that Peloton intended to commence filming "sometime next week." A letter to the Court requesting an emergency conference was e-mailed to the Court the same day (later filed at Docket #36), and this Application followed as soon as it could be prepared.

Duncan is likely to succeed on the merits of his copyright infringement claim. Moreover, at a minimum, very serious questions are presented and allowing Peloton to alter *the more than twenty year status quo* to the irreparable harm of Duncan would be extremely inequitable. It is plain that the balance of hardships strongly favors Duncan as Peloton's preparation and distribution of an unauthorized motion picture derivative work will deprive him of his rights under the Copyright Act, and it is virtually certain that he will never have the opportunity to exploit them if Peloton is permitted to distribute a film. Accordingly, there is an imminent irreparable harm to be restrained in the commencement of filming after this lengthy period of inaction by the Cohen Defendants, who are now proceeding with full knowledge of Duncan's claims. If Peloton proceeds to make and distribute a film during the pendency of this litigation, Duncan will have been effectively deprived of all of relief he seeks. Under the circumstances, a temporary restraining order and preliminary injunction should issue.

Additionally, Duncan should be provided with expedited discovery in connection with the requested relief. This is not a "big document" case and there is no reason why the parties should not be able to proceed in an expedited fashion. Given the circumstances, Duncan also respectfully requests that the Court set a trial date in September and that the Court consolidate the trial on the merits with the injunction proceeding. At that point, all parties will have certainty after a full and fair trial of the matter.

This Ex Parte Application is based upon the following pleadings and papers: the proposed Verified Amended and Supplemental Complaint attached hereto, the Memorandum of Points and Authorities in Support of Ex Parte Application, the Declaration

1  of Matt Salinger, the Declaration of Annette L. Hurst, Plaintiff Duncan's Request for
2  Judicial Notice in Support of Opposition to Special Motion to Strike and Motion to Dismiss
3  (Docket #26), and the [Proposed] Order Granting Ex Parte Application.
4      Plaintiff's counsel provided notice of this Application on July 3, 2008 by e-mail and
5  facsimile.  In addition, during telephone conferences on July 2 and 3, 2008, Plaintiff sought
6  Peloton's consent that it would not distribute any film pending an expedited trial on the
7  merits in this action, and sought Defendants' consent to an expedited trial on the merits.  By
8  signature hereon the undersigned also certified that this Application was served by
9  operation of the ECF system when filed, and also will be served by subsequent e-mail to all
10 defense counsel.

11 Dated: July 4, 2008            Respectfully submitted,
12                                HELLER EHRMAN LLP
13
14                                By ____/s/ *Annette L. Hurst*_____
                                       ANNETTE L. HURST
15
                                  Attorneys for Plaintiff
16                                DAVID JAMES DUNCAN