THOMAS R. BURKE (State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 MONTGOMERY STREET, SUITE 800
SAN FRANCISCO, CALIFORNIA 94111-6533
TELEPHONE (415) 276-6500
FAX (415) 276-6599
EMAIL: thomasburke@dwt.com

JEFF GLASSER (State Bar No. 252596)
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899
EMAIL : jeffglasser@dwt.com

Attorneys for Defendant
SIERRA CLUB, incorrectly sued as
SIERRA CLUB BOOKS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES DUNCAN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THOMAS A. COHEN d/b/a HAMMERMARK PRODUCTIONS; KRISTI DENTON COHEN d/b/a PELOTON PRODUCTIONS; and SIERRA CLUB BOOKS,<br><br>　　　　　Defendants. | Case No. **CV 08 2243 BZ**<br><br>**DECLARATION OF THOMAS R. BURKE IN SUPPORT OF DEFENDANT SIERRA CLUB'S OPPOSITION TO PLAINTIFF'S *EX PARTE* REQUEST FOR AN EXPEDITED DISCOVERY AND TRIAL SCHEDULE**<br><br>Hearing Date: July 11, 2008<br>Time:　　　　9:00 a.m.<br>Dept.:　　　　Courtroom G, 15th Floor |

I, Thomas R. Burke, declare:

1. I am an attorney and partner with the law firm Davis Wright Tremaine LLP, counsel of record for defendant Sierra Club, incorrectly sued as Sierra Club Books. I am admitted to appear before this Court and all other state and federal courts in California. I have personal knowledge of the matters stated in this declaration and could competently testify to them if called

1

as a witness. I make this declaration in support of Defendant Sierra Club's Opposition to Plaintiffs' *ex parte* request for an expedited discovery and trial schedule.

2. Working under the direction of Sierra Club's General Counsel, I have served as outside litigation counsel to Sierra Club concerning Intellectual Property and First Amendment related litigation-related matters for the past five years. In early 2006, I first became aware of Plaintiff David Duncan's dispute with the Cohens regarding the novel, *The River Why*. On behalf of Sierra Club, I personally handled protracted discussions with Ms. Annette L. Hurst regarding an effort to reach a resolution with the Cohens, attended an October 24, 2007 mediation at JAMS in San Francisco, and represented Sierra Club in defense of the lawsuit filed by the Cohens against Sierra Club regarding *The River Why*. Because only Sierra Club was named as a defendant in this particularly lawsuit, as this litigation began and throughout the existence of the case, I copied Ms. Hurst on emails regarding developments in the case. Indeed, Sierra Club filed a demurrer, arguing that the case should not proceed without Mr. Duncan's involvement. In denying the motion, the San Francisco Superior Court expressly held that no judgment in the case would bind Mr. Duncan and that "[Mrs. Denton Cohen] takes the risk that Mr. Duncan will file a claim, but that is a risk [she] is willing to take." Through repeated notice given to his counsel over the course of months, Mr. Duncan was afforded every opportunity to participate in this litigation and resolve, once and for all, the legal issues that he now contends must be resolved on an expedited basis. On Sierra Club's behalf, I was also personally involved in further discussions with Ms. Hurst and others in March and April of this year in the period before Mr. Duncan filed this action.

3. I first learned of Mr. Duncan's desire to expedite discovery in order to conduct a trial of this case in September, 2008, during a telephone conference with counsel on July 3, 2008. At that time, I informed Ms. Hurst that I had not yet had any opportunity to discuss this proposal with my client's legal representative who I knew was preparing to leave for the Fourth of July holiday. Nevertheless, I told counsel that in my view, any expedited scheduling was premature given the absence of any ruling by the Court on the Cohen Defendants' pending Special Motion to Strike, which is scheduled to be heard by the Court on July 23, 2008. During my participation in

2

the telephone conferences held on July 2 and 3 in this matter, Ms. Hurst and Ms. Hasse devoted virtually no time to exploring alternatives short of the Court issuing a TRO/preliminary injunction, alternatives that could readily avoid the parties having to incur the expense that will naturally be incurred if this litigation is expedited on the schedule envisioned by Plaintiff.

4. I have since had the opportunity to discuss with my client, Plaintiff's expedited scheduling proposal. Sierra Club vigorously opposes it on the grounds that the expedited schedule will unduly and unnecessarily compress the time that Sierra Club has to conduct discovery, locate witnesses (who are likely to be unavailable owing to summer vacations), retain potential experts, prepare its summary judgment or other dispositive motion and otherwise prepare for trial on all of the various legal theories pled by Plaintiff while marshaling the facts associated with this 20 year-old dispute. Sierra Club, a nonprofit organization, is particularly worried about the extraordinary financial cost that it – and the other parties – will be forced to incur if this matter has to proceed on the expedited schedule that Plaintiff insists. Notwithstanding these specific objections, Sierra Club is not opposed generally, to expediting the discovery in this matter or to schedule an early trial in this case, however, completing discovery in July and August so as to hold a trial in September, 2008 is neither feasible nor necessary.

4. Plaintiff's Complaint was only filed 69 days ago. No Case Management Conference has been held. The parties have yet to exchange initial disclosures and have conducted no discovery. Indeed, in a declaration Ms. Hurst filed on May 30, 2008, [Document No. 25 in the Docket], to accompany Plaintiff's Opposition to the anti-SLAPP motion filed by the Cohen Defendants, Ms. Hurst represented that "[w]e are not providing a declaration from Mr. Duncan at this time in connection with the motion to strike because of [sic] short period of time (two weeks) to respond to a motion that purports to challenge the entire case" because, according to Ms. Hurst, " it would be inappropriate at this time to offer testimony from Mr. Duncan regarding his entire case before all parties have produced their documents and he has had an opportunity to refresh and confirm his recollection in every relevant respect." Because Sierra Club is not directly involved in

3

the anti-SLAPP motion filed by the Cohen Defendants, Sierra Club too, only recently began preparations for its defense of this litigation.

5.  On July 24, 2008, I am scheduled to leave for a pre-paid personal vacation in Rio Novo do Sul, ES, Brazil, where I will join my wife and two children (ages 12 and 9) who are already in Brazil. I am scheduled to return to San Francisco with my family on August 21. This is our family's only vacation together and it is the sole opportunity that I have all year to step away from my busy law practice and exclusively devote time to my family. Having to cancel this vacation would pose a substantial personal hardship to me, my family, and my extended family in Brazil. Ms. Hurst and Elizabeth Hasse, counsel for the Cohen Defendants, have been aware of my plans to vacation with my family in rural Brazil since June 2, 2008, when, by email, I requested that counsel agree to reschedule the date for the initial Case Management Conference. On July 2, during the telephone conference with counsel, I disclosed the specific period of time that I would be unavailable in July and August. In response to questioning by Ms. Hurst, I explained that unfortunately, no other Sierra Club lawyer possessed the background and experience that I have regarding this 20 year old dispute.

I declare under the laws of the United States that the foregoing is true and correct. Executed in San Francisco, California on July 9, 2008.

/s/ *Thomas R. Burke*
THOMAS R. BURKE

Case No. CV 08 2243 BZ
Declaration of Thomas R. Burke ISO Sierra Club's Opposition to Plaintiff's *Ex Parte* Request for Expedited Discovery and Trial Schedule
DWT 11466479v1 0011716-000018