Lizbeth Hasse (#104517)
Creative Industry Law Group
526 Columbus Ave., 2nd floor
San Francisco, CA 94133
(415) 433-4380

Thomas A. Cohen (#154581)
Law Offices of Thomas A. Cohen
639 Front St., 4th floor
San Francisco, CA 94111
(415) 777-1997

Attorneys for Defendants
Thomas A. Cohen dba Hammermark Productions
Kristi Denton Cohen dba Peloton Productions

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES DUNCAN,<br><br>        Plaintiff,<br><br>    vs.<br><br>THOMAS A. COHEN et al,<br><br>        Defendants | Case No.: CV 08 2243 BZ<br><br>DECLARATION OF LIZBETH HASSE IN OPPOSITION TO EX PARTE APPLICATION FOR RELIEF<br><br>Date: July 11, 2008<br>Time: 9:00 a.m.<br>Courtroom: G |

I, Lizbeth Hasse, declare:

1. I am counsel of record for Defendants Thomas A. Cohen d/b/a Hammermark Productions and Kristi Denton Cohen d/b/a Peloton Productions ("Cohen Defendants") in the above-captioned action.

Hasse Declaration re Ex Parte Application—page 1

2. This declaration is submitted in opposition to Plaintiff's Ex Parte Application for Relief. It is identical to the Declaration and Reply Declaration I submitted in Support of Defendants' Motion to Dismiss and Special Motion to Strike except that I have not attached any exhibits.

3. On or about September 21, 2007, I communicated with Mr. Duncan's attorney, Annette Hurst, asking her if she would like to have Duncan added as a defendant in the declaratory relief action in San Francisco Superior Court—Peloton Productions v. Sierra Club. Ms. Hurst vigorously declined the opportunity.

4. Sierra Club's demurrer to Peloton's verified complaint was overruled on October 12, 2007. Sierra Club filed an answer, and Peloton demurred to the answer. The parties then agreed to a stipulated judgment, which was entered on November 28, 2007. A true and correct copy of that judgment (without its exhibits) [is attached hereto as Exhibit A]. I respectfully request that the Court take judicial notice of the San Francisco Superior Court judgment and the pleadings filed in Case Number CGC 07-465687.

5. Between Mr. Cohen and me the attorneys working on this matter have spent 71.1 hours at an average billing rate of $350 per hour preparing for and drafting the Motion to Dismiss and Special Motion to Strike under the California anti-SLAPP statute. We anticipate working at least another 16 hours on the reply brief, and more hours if there is a hearing.

THE FOLLOWING WAS SUBMITTED IN THE HASSE REPLY DECLARATION

6. The assignment from Tom Cohen to Peloton Productions was attached as Exhibit E to the verified complaint in the state court declaratory relief action. Ms. Hurst's assertion that she has repeatedly asked me for copies of the assignments is unfounded. I have no record that she ever asked for them in writing, and I do not recall that she ever asked me for them orally. In

any event, the assignment from Tom Cohen to Peloton was not only attached to the verified complaint, it was also attached to a mediation statement I served on Ms. Hurst on October 22, 2007.

7. Sierra Club filed a demurrer to the state court complaint—arguing vigorously that Duncan was an indispensable or necessary party to any action which determined the validity of the Rights Agreement. Duncan was given an opportunity to be named as a defendant, and through his counsel expressly declined. Cohen/Peloton opposed the demurrer on the basis that Duncan was not a party to the Rights Agreement and therefore was neither indispensable nor necessary. The state court overruled the demurrer, thus agreeing that Duncan was not a party to the Rights Agreement. True and correct copies of the demurrer, opposition and reply [are attached as Exhibit A]. I request that the Court take judicial notice of these pleadings.

8. Between Mr. Cohen and me, the attorneys working on this matter have worked more than 34.2 hours at an average billing rate of $350 per hour preparing for and drafting the Reply Memorandum in Support of Motion to Dismiss and Special Motion to Strike under the California anti-SLAPP statute and the accompanying declarations. As set forth in my Declaration in Support of the moving papers, we spent 71.1 hours bringing the motion. Thus, we have worked more than 105.3 hours in connection with this motion. All of this work was reasonably and necessarily incurred. There will be more hours if there is a hearing.

9. I declare under penalty of perjury of the laws of the United States that the foregoing is true except as to those matters alleged on information and belief.

Dated: July 8, 2008

                                                                   /s/ Lizbeth Hasse_____
                                                                        Lizbeth Hasse
                                                                 Attorney for the Cohen Defendants