ANNETTE L. HURST (Bar No. 148738)
ELISABETH R. BROWN (Bar No. 234879)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone:  +1.415.772.6000
Facsimile:   +1.415.772.6268
E-mail:        Annette.Hurst@HellerEhrman.com
                    Elisabeth.Brown@HellerEhrman.com

Attorneys for Plaintiff
DAVID JAMES DUNCAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES DUNCAN,<br><br>                           Plaintiff,<br><br>     v.<br><br>THOMAS A. COHEN et al.,<br><br>                         Defendants. | Case No.: 3:08-cv-02243-BZ<br><br>**PLAINTIFF DUNCAN'S CASE MANAGEMENT STATEMENT** |

Heller
Ehrman LLP

In accordance with the Court's guidance at the July 11, 2008 hearing on Plaintiff Duncan's *Ex Parte* Application, Plaintiff Duncan hereby submits this proposed discovery schedule in advance of the Case Management Conference scheduled for July 21, 2008 at 4:00 p.m.

## I.    PLAINTIFF DUNCAN'S PROPOSED DISCOVERY SCHEDULE

The parties met and conferred during the week of July 14 in an attempt to reach agreement on a discovery schedule for this case.  All parties recognized that any discovery schedule necessarily would be compressed, in light of the dates set by the Court for the summary judgment hearing (October 22) and for trial (December 1).  By way of compromise, and in an attempt to alleviate this compressed schedule, Plaintiff expressed a willingness to agree to a brief continuance of the trial date for one to two months, provided that the Cohen Defendants would agree, in the interim, not to publish their film derivative work in *The River Why*.

In response, the Cohen Defendants proposed moving the trial date one month, into early January, but only on the condition that they would be *permitted* to publish the film to, among others, the Sundance Film Festival, potential investors, acquisitions executives, and test audiences.  Attached hereto as Exhibit A is a true and correct copy of the proposed stipulation from the Cohen Defendants.  Indeed, the official submission date  for the Sundance Film Festival is September 22, 2008.  Attached hereto as Exhibit B is a true and correct copy an email from SCB's counsel confirming the Sundance Film Festival deadline. Plaintiff Duncan was unwilling to submit to the Cohen Defendant's demanded concessions, and will instead proceed with the assumption that the originally ordered trial date of December 1, 2008 stands.  Moreover, in light of the actual deadline for submission to the Sundance Film Festival, and the Cohen Defendants' continued intention to submit their film to that festival, Plaintiff Duncan anticipates he will need to file a motion for preliminary injunction.

As of July 18, the parties have not reached an agreement on a discovery schedule, and Plaintiff Duncan accordingly proposes the following:

Heller
Ehrman LLP

PLAINTIFF DUNCAN'S CASE MANAGEMENT STATEMENT
CASE NO.: 3:08-CV-02243-BZ

| Event | Date |
|---|---|
| Produce all Documents and Privilege Logs | July 31, 2008 |
| Close of Fact Discovery, including all Fact Depositions | August 10, 2008 |
| Expert Discovery | |
| Reports | August 25, 2008 |
| Close of Expert Discovery | September 5, 2008 |
| Hearing on Summary Judgment Motions | October 22, 2008 |
| Trial | December 1, 2008 |

Based on the foregoing proposed schedule, Plaintiff Duncan respectfully requests the Court order the Defendants to respond on shortened time to discovery requests served on them by Plaintiff on Tuesday, July 8, 2008.  Attached hereto as Exhibits C through K are true and correct copies of the discovery served by Plaintiff Duncan on the Defendants.  In connection with this request, Plaintiff Duncan files separately a [Proposed] Order Shortening Time for Responses to Discovery.

## II.    SETTLEMENT

The unwillingness of the Cohen Defendants to forebear publishing the film to allow a brief one month continuance of the trial, in Plaintiff's view, evidences the rigidity of the parties' positions.  This unwillingness, coupled with the Cohen Defendants' commencement of filming, has put this case beyond any hope of settlement.

Heller
Ehrman LLP

PLAINTIFF DUNCAN'S CASE MANAGEMENT STATEMENT
CASE NO.: 3:08-CV-02243-BZ

1 | Dated: July 18, 2008                    Respectfully submitted,

2 |                                         HELLER EHRMAN LLP

3 |

4 |                                         By   _____/s/ Elisabeth R. Brown_____
                                                 ELISABETH R. BROWN
5 |
                                            Attorneys for Plaintiff
6 |                                         DAVID JAMES DUNCAN

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Heller
Ehrman LLP

PLAINTIFF DUNCAN'S CASE MANAGEMENT STATEMENT
CASE NO.: 3:08-CV-02243-BZ

To: Counsel in Duncan v. Cohen et al

Fr: Liz Hasse

DRAFT –CONFIDENTIAL PROPOSAL re form of Stipulation addressing limited screening – for counsel's eyes only. July 17, 2008


The Cohen Defendants agree not to display publicly or distribute for a fee or to display in public screening  the motion picture without providing plaintiff with 45 days notice of such plan to display or distribute.  If Plaintiff opposes the proposed use and parties cannot agree on a compromise, plaintiff shall make its motion to oppose within 7 days of defendant's notice and defendants shall not proceed with the noticed plan while the motion is pending. Plaintiff shall not be required by defendants to seek to compromise before filing its motion.

This Stipulation shall not prevent defendant(s) from showing the footage, a rough cut, or any portion of the motion picture to (1) members of the production team and those involved in the production including, as example and not by way of limitation, actors, editors, composers, test audiences, sound engineers and those working on production functions ("Production Personnel"); (2) prospective or actual investors, with the limitation that no more than 6 prospective investors may see the film in a screening; and (3) confidential screeners for festivals, including Sundance and acquisitions executives with the number of persons, other than Production Personnel at such a confidential screening to be limited to ____

Exhibit A

**Brown, Elisabeth R.**

| | |
|---|---|
| **From:** | Burke, Thomas [THOMASBURKE@dwt.com] |
| **Sent:** | Thursday, July 17, 2008 10:27 AM |
| **To:** | Lizbeth Hasse; Tom Cohen; Hurst, Annette L.; Brown, Elisabeth R. |
| **Subject:** | Sundance Deadlines and the December 1st Trial Date for The River Why |

**Attachments:**        submissions.url



submissions.url
(411 B)

       Lizbeth, Annette, Lizbeth Brown, I believe the information (from the Sundance web site) informs our discussions about whether the current December 1st trial date is appropriate in light of the Cohen Defendants'
desire to timely submit to Sundance.

The Sundance Film Festival is held January 15-25.

The latest submission deadline according the submission page (below), is September 22, 2008.

Shortcut to: http://www.sundance.org/submissions/

The FAQs (Number 10) contain a response regarding the degree of "completeness" necessary for a submission:

10) CAN I SUBMIT MY FILM AS A ROUGH CUT?
A large percentage of the films submitted to us every year are unfinished versions with incomplete or temporary sound, missing scenes, no credits or titles, unfinished effects, etc. However, it does need to be complete enough for us to be able to make a decision. If you expect that your final version will be two hours long, it's probably not a good idea to send us a 45 minute rough cut. You should always list directly on your film's DVD case which elements of your film are missing. If entire scenes are missing, please include a detailed explanation of the events that will take place in each missing scene.

Thomas R. Burke | Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800 | San Francisco, CA 94111-6533
Tel: (415) 276-6552 | Fax: (415) 276-6599
Email: thomasburke@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/lawdir/attorneys/BurkeThomas.cfm

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco
| Seattle | Washington, D.C. | Shanghai

# Exhibit B







**2009 Sundance Film Festival Submissions**

Thank you for your interest in submitting your film to the 2009 Sundance Film Festival. We do not accep
to submit your film is to fill out the online application by clicking the link at the bottom of the page. You m
Submissions FAQ document. The following are our deadlines and fees for this year:

# EARLY SUBMISSION DEADLINE:

U.S. & INTERNATIONAL SHORT FILMS
Monday, August 18th, 2008 - $35 ENTRY FEE

U.S. & INTERNATIONAL FEATURE FILMS & DOCUMENTARIES
Monday, August 18th, 2008 - $45 ENTRY FEE

# OFFICIAL SUBMISSION DEADLINE:

U.S. & INTERNATIONAL SHORT FILMS
Friday, September 5th, 2008 - $50 ENTRY FEE

U.S. & INTERNATIONAL FEATURE FILMS & DOCUMENTARIES
Monday, September 8th, 2008 - $75 ENTRY FEE

# LATE SUBMISSION DEADLINE:

U.S. & INTERNATIONAL SHORT FILMS
Friday, September 19th, 2008 - $75 ENTRY FEE

U.S. & INTERNATIONAL FEATURE FILMS & DOCUMENTARIES
Monday, September 22nd, 2008 - $100 ENTRY FEE

Please note that the above dates are not postmark deadlines-- they are the dates by which your film MU
film does not arrive by the deadline for which you have registered, you will be prompted to make an addi
your account up to date.

We are very excited to announce that we have partnered with withoutabox.com to process all of our sub
you already have a withoutabox account, you may use it to log in on the next page. If you do not, one wi
out the application. You may make changes to your application at any time by logging in at www.without

Upon following the link below, you will be prompted to select from one of six categories. For a descriptio
eligibility requirements for each, please refer to our 2009 ELIGIBILITY REQUIREMENTS document. If yo
contact us via e-mail at programming@sundance.org.

## CLICK HERE TO GET STARTED!

## Support the Filmmakers

Sundance Institute is a year-round non-profit
organization dedicated to the discovery and
development of independent artists and
audiences. Please join us. Your gift to the
Institute supports emerging filmmakers and helps
us get their work out to you.

## Contact Us

Click here for a list of contacts for
the 2009 Sundance Film Festival

ANNETTE L. HURST (Bar No. 148738)
ELISABETH R. BROWN (Bar No. 234879)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone:  +1.415.772.6000
Facsimile:  +1.415.772.6268
E-mail:      Annette.Hurst@HellerEhrman.com
              Elisabeth.Brown@HellerEhrman.com

Attorneys for Plaintiff
DAVID JAMES DUNCAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES DUNCAN,<br><br>                            Plaintiff,<br><br>        v.<br><br>THOMAS A. COHEN, et al.,<br><br>                            Defendants. | Case No.: 3:08-cv-02243-BZ<br><br><br>**PLAINTIFF DAVID JAMES DUNCAN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT KRISTI DENTON COHEN** |

Heller
Ehrman LLP

Exhibit C

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All documents or things in Defendant Denton Cohen's possession, custody, or control relating to *The River Why*.

**Request for Production No. 2:**

All documents concerning production of any motion picture based in whole or in part upon *The River Why*.

**Request for Production No. 3:**

All documents evidencing any expenditure of any kind by any person, including without limitation Thomas Cohen, Kristi Denton Cohen, Peloton Productions, or Ambush Entertainment demonstrating any effort to exploit the option set forth in that certain Letter Agreement dated October 2, 1984 between Sierra Club Books and Hammermark Productions, Inc.

**Request for Production No. 4:**

Communications of any kind concerning *The River Why* or any actual or proposed screenplay or motion picture based in whole or in part thereon, but not limited to:

    i)      Communications with investors or prospective investors;

    ii)     Communications with Andrea Nachtigall;

    iii)    Communications with Sierra Club, Sierra Club Books, or any past or present employees of Sierra Club or Sierra Club Books, including without limitation Jon Beckmann or Danny Moses;

    iv)    Communications with John Jay Osborn, Jr.;

    v)     Communications with any persons or entities interested in optioning or purchasing the right to prepare a motion picture based in whole or in part upon *The River Why*, including without limitation Bevans Branham or Liesl Copland;

    vi)    Communications with David James Duncan;

    vii)   Communications with Mike Snell;

Heller
Ehrman LLP

2

FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS ON DEFENDANT DENTON COHEN
CASE NO.: 3:08-CV-02243-BZ

viii) Communications with actors, actresses, agents or business representatives of actors and agents;

ix) Communications with Hammermark Productions, River Why Partners, River Why-Kiwi Partners, Thomas Cohen, or any employee or agent of each of them;

x) Communications with Matthew Leutwyler, Jun Tan, Ambush Entertainment, or any employee or agent of each of them; and

xi) Communications with producers, screenplay writers, or directors.

**Request for Production No. 5:**

All documents evidencing or relating to the development of any budget for a motion picture based in whole or in part upon *The River Why*, including draft and final budgets.

**Request for Production No. 6:**

All documents concerning any actual or proposed investment in the production of a motion picture based in whole or in part upon *The River Why*.

**Request for Production No. 7:**

All documents that Defendant Denton Cohen contends support the accuracy of any of the recitals set forth in the Stipulated Judgment.

**Request for Production No. 8:**

All press releases or other press communications, or any documents related thereto, concerning or relating to any motion picture based in whole or in part upon *The River Why*.

**Request for Production No. 9:**

All documents evidencing or concerning meetings related to any proposed motion picture based in whole or in part upon *The River Why*, including agendas, notes and calendar entries.

**Request for Production No. 10:**

All documents evidencing or relating to any tax deductions or credits claimed by or inuring to the economic benefit, directly or indirectly, of Thomas Cohen or Kristi Denton Cohen, including without limitation deductions taken for unreimbursed business expenses

Heller
Ehrman LLP

3

1  associated with any efforts of any kind to prepare a motion picture based in whole or in part

2  upon *The River Why.*

3  **Request for Production No. 11:**

4         All documents identified in, or consulted in preparing, Defendant Denton Cohen's

5  response to Plaintiff Duncan's First Set of Interrogatories.

6

7  Dated: July 8, 2008                    Respectfully submitted,

8                                          HELLER EHRMAN LLP

9

10   By _____
                                          ELISABETH R. BROWN

11                                         Attorneys for Plaintiff
12                                         DAVID JAMES DUNCAN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Heller
Ehrman LLP

4

1   ANNETTE L. HURST (Bar No. 148738)
2   ELISABETH R. BROWN (Bar No. 234879)
    HELLER EHRMAN LLP
3   333 Bush Street
    San Francisco, CA  94104-2878
4   Telephone:  +1.415.772.6000
    Facsimile:  +1.415.772.6268
5   E-mail:    Annette.Hurst@HellerEhrman.com
               Elisabeth.Brown@HellerEhrman.com
6
7
8   Attorneys for Plaintiff
    DAVID JAMES DUNCAN
9
10              UNITED STATES DISTRICT COURT
11            NORTHERN DISTRICT OF CALIFORNIA
12  DAVID JAMES DUNCAN,                    Case No.: 3:08-cv-02243-BZ
13
                          Plaintiff,
14                                         **PLAINTIFF DAVID JAMES
                                           DUNCAN'S FIRST SET OF
15      v.                                 INTERROGATORIES ON
                                           DEFENDANT KRISTI DENTON
16  THOMAS A. COHEN, et al.,               COHEN**
17                        Defendants.
18
19
20
21
22
23
24
25
26
27
Heller
Ehrman LLP
28
Exhibit D

FIRST SET OF INTERROGATORIES ON DEFENDANT DENTON COHEN
CASE NO.: 3:08-CV-02243-BZ

# INTERROGATORIES

**Interrogatory No. 1:**

Identify all expenses paid by Defendant Denton Cohen evidencing, relating to, or concerning any effort to exploit the option set forth in that certain Letter Agreement dated October 2, 1984 between Sierra Club Books and Hammermark Productions, Inc., including the date of each expense, the nature of each expense, and the method of payment for each expense.

**Interrogatory No. 2:**

Identify all expenses paid by Peloton Productions evidencing, relating to, or concerning any effort to exploit the option set forth in that certain Letter Agreement dated October 2, 1984 between Sierra Club Books and Hammermark Productions, Inc., including the date of each expense, the nature of each expense, and the method of payment for each expense.

**Interrogatory No. 3:**

Identify all tax deductions or credits claimed by or inuring to the economic benefit, directly or indirectly, of Thomas Cohen or Kristi Denton Cohen, including without limitation deductions taken for unreimbursed business expenses associated with any efforts of any kind to prepare a motion picture based in whole or in part upon *The River Why*.

**Interrogatory No. 4:**

Identify any persons or entities, including their positions or titles, currently working with Denton Cohen or Peloton Productions in connection with the production of a motion picture based in whole or in part upon *The River Why*.

**Interrogatory No. 5:**

Identify the date on which Defendant Denton Cohen actually signed any or all purported assignment documents concerning an option or any other form of legal right to prepare a motion picture based in whole or in part upon *The River Why*. If Defendant Denton Cohen does not recall the exact date, then his response should include the approximate date on which she signed any such purported assignment documents.

Heller
Ehrman LLP

FIRST SET OF INTERROGATORIES ON DEFENDANT DENTON COHEN
CASE NO.: 3:08-CV-02243-BZ

**Interrogatory No. 6:**

Identify any persons or entities who invested, or offered to invest, in Peloton Productions' efforts to exploit the option set forth in that certain Letter Agreement dated October 2, 1984 between Sierra Club Books and Hammermark Productions, Inc., including their name, last known address and telephone number, and the amount of money invested or offered to be invested.

**Interrogatory No. 7:**

Identify any persons or entities who invested, or offered to invest, in Defendant Denton Cohen's efforts to exploit the option set forth in that certain Letter Agreement dated October 2, 1984 between Sierra Club Books and Hammermark Productions, Inc., including their name, last known address and telephone number, and the amount of money invested or offered to be invested.

**Interrogatory No. 8:**

Identify all facts, documents, and witnesses upon which Defendant Denton Cohen relies to support her contention that she is authorized to prepare a motion picture based in whole or in part upon *The River Why*.

Dated: July 8, 2008

Respectfully submitted,

HELLER EHRMAN LLP

By _Elisabeth R. Brown_
ELISABETH R. BROWN

Attorneys for Plaintiff
DAVID JAMES DUNCAN

Heller
Ehrman LLP

FIRST SET OF INTERROGATORIES ON DEFENDANT DENTON COHEN
CASE NO.: 3:08-CV-02243-BZ

ANNETTE L. HURST (Bar No. 148738)
ELISABETH R. BROWN (Bar No. 234879)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail:     Annette.Hurst@HellerEhrman.com
            Elisabeth.Brown@HellerEhrman.com

Attorneys for Plaintiff
DAVID JAMES DUNCAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES DUNCAN,<br><br>                              Plaintiff,<br><br>     v.<br><br>THOMAS A. COHEN, et al.,<br><br>                              Defendants. | Case No.: 3:08-cv-02243-BZ<br><br>**PLAINTIFF DAVID JAMES DUNCAN'S NOTICE OF RULE 30(B)(1) DEPOSITION OF DEFENDANT KRISTI DENTON COHEN** |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that commencing at 9:30 a.m. on July 31, 2008 at the

offices of Heller Ehrman LLP, 333 Bush Street, San Francisco, California, Plaintiff David

James Duncan, through his attorneys, will take the deposition of Defendant Kristi Denton

Cohen pursuant to Federal Rule of Civil Procedure 30(b)(1).  The deposition will take place

upon oral examination before a notary public or other person authorized to administer oaths,

will be recorded by stenographic and/or sound and video means, and will continue from day

to day until completed.

//

//

Heller
Ehrman LLP

Exhibit E

DEPOSITION NOTICE OF DEFENDANT KRISTI DENTON COHEN
CASE NO.: 3:08-CV-02243-BZ

1   Dated: July 8, 2008

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

HELLER EHRMAN LLP

By   _Elisabeth R. R_____
         ELISABETH R. BROWN

Attorneys for Plaintiff
DAVID JAMES DUNCAN

Heller
Ehrman LLP

DEPOSITION NOTICE OF DEFENDANT KRISTI DENTON COHEN
CASE NO.: 3:08-CV-02243-BZ

1  ANNETTE L. HURST (Bar No. 148738)
2  ELISABETH R. BROWN (Bar No. 234879)
   HELLER EHRMAN LLP
3  333 Bush Street
   San Francisco, CA  94104-2878
4  Telephone:  +1.415.772.6000
   Facsimile:  +1.415.772.6268
5  E-mail:    Annette.Hurst@HellerEhrman.com
6            Elisabeth.Brown@HellerEhrman.com

7

8  Attorneys for Plaintiff
   DAVID JAMES DUNCAN

9

10               UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12  DAVID JAMES DUNCAN,                    Case No.: 3:08-cv-02243-BZ

13                           Plaintiff,

14                                         **PLAINTIFF DAVID JAMES
                                           DUNCAN'S FIRST SET OF
15       v.                                REQUESTS FOR PRODUCTION
                                           OF DOCUMENTS AND THINGS
16  THOMAS A. COHEN, et al.,               ON DEFENDANT THOMAS
                                           COHEN**
17                           Defendants.

18

19

20

21

22

23

24

25

26

27

Heller
Ehrman LLP   28  Exhibit F

FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS ON DEFENDANT COHEN
CASE NO.: 3:08-CV-02243-BZ

1  <u>**REQUESTS FOR PRODUCTION**</u>

2  <u>**Request for Production No. 1:**</u>

3      All documents or things in Defendant Cohen's possession, custody or control

4  relating to *The River Why*, including, but not limited to, any screenplay or proposed motion

5  picture based in whole or in part thereon.

6  <u>**Request for Production No. 2:**</u>

7      All documents evidencing, relating to or concerning the negotiation, execution

8  and/or administration of the option set forth in that certain October 2, 1984 Letter

9  Agreement between Sierra Club Books and Hammermark Productions, Inc., including

10 without limitation drafts, notes, correspondence, reports, assignments, draft or completed

11 screenplays, budgets, and all payments made in connection therewith.

12 <u>**Request for Production No. 3:**</u>

13      All documents evidencing, relating to, or concerning any expenditure of any kind by

14 any person, including without limitation Thomas Cohen, Hammermark Productions, Inc. or

15 River Why Partners, demonstrating any effort to exploit the option set forth in that certain

16 Letter Agreement dated October 2, 1984 between Sierra Club Books and Hammermark

17 Productions, Inc.

18 <u>**Request for Production No. 4:**</u>

19      All communications of any kind concerning *The River Why* or any actual or

20 proposed screenplay or motion picture based in whole or in part thereon, including, but not

21 limited to:

22      i)      Communications with investors or prospective investors;

23      ii)     Communications with Andrea Nachtigall;

24      iii)    Communications with Sierra Club, Sierra Club Books, or any past or present

25              employees of Sierra Club or Sierra Club Books, including without limitation

26              Jon Beckmann or Danny Moses;

27      iv)     Communications with John Jay Osborn, Jr.;

Heller
Ehrman LLP

28

2

v)  Communications with any persons or entities interested in optioning or purchasing the right to prepare a motion picture based in whole or in part on *The River Why*, including without limitation Bevans Branham or Liesl Copland;

vi)  Communications with Krist Denton Cohen, Peloton Productions, or employees and agents of each of them;

vii)  Communications with David James Duncan;

viii)  Communications with Mike Snell;

ix)  Communications with actors, actresses, agents or business representatives of actors and agents;

x)  Communications with Matthew Leutwyler, Jun Tan, Ambush Entertainment, or any employee or agent of each of them; and

xi)  Communications with producers, screenplay writers, or directors.

**Request for Production No. 5:**

All documents evidencing, relating to, or concerning the development of any budget for a motion picture based in whole or in part upon *The River Why*, including draft and final budgets.

**Request for Production No. 6:**

All documents filed with any governmental agency, whether local, state, or federal concerning the solicitation of investment in the production of a motion picture based in whole or in part upon *The River Why*.

**Request for Production No. 7:**

All documents filed with any governmental agency, whether local, state, or federal concerning production of a motion picture based in whole or in part upon *The River Why*, including, but not limited to permit applications.

**Request for Production No. 8:**

All documents evidencing, concerning, or relating to opportunities to invest in the production of a motion picture based in whole or in part upon *The River Why*, including, but

Heller
Ehrman LLP

3

not limited to prospectuses, solicitation letters, private placement memoranda, and other materials provided to prospective or actual investors, including all drafts.

**Request for Production No. 9:**

All past or present contracts relating to any motion picture based in whole or in part upon *The River Why*.

**Request for Production No. 10:**

All press releases or other press communications, or any documents related thereto, concerning or relating to any motion picture based in whole or in part upon *The River Why*.

**Request for Production No. 11:**

All documents evidencing, concerning, or relating meetings related to any proposed motion picture based in whole or in part upon *The River Why*, including agendas, notes and calendar entries.

**Request for Production No. 12:**

All documents concerning the corporate status and/or corporate actions of Hammermark Productions, Inc., including without limitation all articles of incorporation, bylaws, share or stock purchase agreements, board minutes and/or resolutions, and any or all governmental filings by or on behalf of Hammermark Productions, Inc.

**Request for Production No. 13:**

All documents concerning or relating to River Why Partners, including without limitation any partnership agreement or governmental filings made thereby.

**Request for Production No. 14:**

All documents relating to River Why-Kiwi Partners, including without limitation any partnership agreement or governmental filings made thereby.

**Request for Production No. 15:**

All documents evidencing or relating to any tax deductions or credits claimed by or inuring to the economic benefit, directly or indirectly, of Thomas Cohen or Kristi Denton Cohen, including without limitation deductions taken for unreimbursed business expenses associated with any efforts of any kind to prepare a motion picture based in whole or in part

Heller
Ehrman LLP

4

1  upon *The River Why*.

2  **Request for Production No. 16:**

3      All documents identified in, or consulted in preparing, Defendant Cohen's response

4  to Plaintiff Duncan's First Set of Interrogatories.

5

6  Dated: July 8, 2008                    Respectfully submitted,

7                                         HELLER EHRMAN LLP

8                                         By _____

9                                             ELISABETH R. BROWN

10                                        Attorneys for Plaintiff

11                                        DAVID JAMES DUNCAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Heller
Ehrman LLP

FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS ON DEFENDANT COHEN
CASE NO.: 3:08-CV-02243-BZ

1  ANNETTE L. HURST (Bar No. 148738)
2  ELISABETH R. BROWN (Bar No. 234879)
   HELLER EHRMAN LLP
3  333 Bush Street
   San Francisco, CA  94104-2878
4  Telephone:  +1.415.772.6000
5  Facsimile:  +1.415.772.6268
   E-mail:     Annette.Hurst@HellerEhrman.com
6              Elisabeth.Brown@HellerEhrman.com

7

8  Attorneys for Plaintiff
   DAVID JAMES DUNCAN
9

10            UNITED STATES DISTRICT COURT

11          NORTHERN DISTRICT OF CALIFORNIA

12  DAVID JAMES DUNCAN,                Case No.: 3:08-cv-02243-BZ

13                        Plaintiff,

14                                     **PLAINTIFF DAVID JAMES**
                                       **DUNCAN'S FIRST SET OF**
15        v.                           **INTERROGATORIES ON**
                                       **DEFENDANT THOMAS COHEN**
16  THOMAS A. COHEN, et al.,

17                        Defendants.

18

19

20

21

22

23

24

25

26

27

Heller
Ehrman LLP
28  Exhibit G

FIRST SET OF INTERROGATORIES ON DEFENDANT THOMAS COHEN
CASE NO.: 3:08-CV-02243-BZ

# INTERROGATORIES

**Interrogatory No. 1:**

Identify all expenses paid by Hammermark Productions evidencing, relating to, or concerning any effort to exploit the option set forth in that certain Letter Agreement dated October 2, 1984 between Sierra Club Books and Hammermark Productions, Inc., including the date of each expense, the nature of each expense, and the method of payment for each expense.

**Interrogatory No. 2:**

Identify all expenses paid by River Why Partners evidencing, relating to, or concerning any effort to exploit the option set forth in that certain Letter Agreement dated October 2, 1984 between Sierra Club Books and Hammermark Productions, Inc., including the date of each expense, the nature of each expense, and the method of payment for each expense.

**Interrogatory No. 3:**

Identify all expenses paid by Defendant Cohen evidencing, relating to, or concerning any effort to exploit the option set forth in that certain Letter Agreement dated October 2, 1984 between Sierra Club Books and Hammermark Productions, Inc., including the date of each expense, the nature of each expense, and the method of payment for each expense.

**Interrogatory No. 4:**

Identify all expenses paid by Defendant Denton Cohen evidencing, relating to, or concerning any effort to exploit the option set forth in that certain Letter Agreement dated October 2, 1984 between Sierra Club Books and Hammermark Productions, Inc., including the date of each expense, the nature of each expense, and the method of payment for each expense.

**Interrogatory No. 5:**

Identify all tax deductions or credits claimed by or inuring to the economic benefit, directly or indirectly, of Thomas Cohen or Kristi Denton Cohen, including without limitation deductions taken for unreimbursed business expenses associated with any efforts

Heller
Ehrman LLP

FIRST SET OF INTERROGATORIES ON DEFENDANT THOMAS COHEN
CASE NO.: 3:08-CV-02243-BZ

of any kind to prepare a motion picture based in whole or in part upon *The River Why*.

**Interrogatory No. 6:**

Identify the date upon which Defendant Cohen actually signed the purported assignment to him from Hammermark Productions of the option to prepare a motion picture based in whole or in part upon *The River Why*. If Defendant Cohen does not recall the exact date, then his response should include the approximate date on which he actually signed the purported assignment.

**Interrogatory No. 7:**

Identify the date upon which Defendant Cohen actually signed any and all documents purporting to be assignments of an option or any other right to prepare a motion picture based in whole or in part upon *The River Why*. If Defendant Cohen does not recall the exact date, then his response should include the approximate date on which he signed the purported assignment.

**Interrogatory No. 8:**

Identify any persons or entities who invested, or offered to invest, in River Why Partners' (including River Why-Kiwi Partners) efforts to exploit the option set forth in that certain Letter Agreement dated October 2, 1984 between Sierra Club Books and Hammermark Productions, Inc., including their name, last known address and telephone number, and the amount of money invested or offered to be invested.

**Interrogatory No. 9:**

Identify any persons or entities who invested, or offered to invest, in Hammermark Productions' efforts to exploit the option set forth in that certain Letter Agreement dated October 2, 1984 between Sierra Club Books and Hammermark Productions, Inc., including their name, last known address and telephone number, and the amount of money invested or offered to be invested.

**Interrogatory No. 10:**

Identify any persons or entities who invested, or offered to invest, in Defendant Cohen' efforts to exploit the option set forth in that certain Letter Agreement dated October

Heller
Ehrman LLP

FIRST SET OF INTERROGATORIES ON DEFENDANT THOMAS COHEN
CASE NO.: 3:08-CV-02243-BZ

2, 1984 between Sierra Club Books and Hammermark Productions, Inc., including their name, last known address and telephone number, and the amount of money invested or offered to be invested.

**Interrogatory No. 11:**

Set forth all communications Defendant Cohen had with any person other than Plaintiff concerning such person's interest in acquiring an option or any other form of legal right to prepare a motion picture based in whole or in part upon *The River Why*.

Dated: July 8, 2008

Respectfully submitted,

HELLER EHRMAN LLP

By _____
ELISABETH R. BROWN

Attorneys for Plaintiff
DAVID JAMES DUNCAN

Heller
Ehrman LLP

FIRST SET OF INTERROGATORIES ON DEFENDANT THOMAS COHEN
CASE NO.: 3:08-CV-02243-BZ

1 ANNETTE L. HURST (Bar No. 148738)
2 ELISABETH R. BROWN (Bar No. 234879)
  HELLER EHRMAN LLP
3 333 Bush Street
  San Francisco, CA  94104-2878
4 Telephone: +1.415.772.6000
  Facsimile:  +1.415.772.6268
5 E-mail:      Annette.Hurst@HellerEhrman.com
6              Elisabeth.Brown@HellerEhrman.com

7

8 Attorneys for Plaintiff
  DAVID JAMES DUNCAN

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12 DAVID JAMES DUNCAN,                    Case No.: 3:08-cv-02243-BZ

13                          Plaintiff,

14                                        **PLAINTIFF DAVID JAMES**
                                          **DUNCAN'S NOTICE OF RULE**
15   v.                                   **30(B)(1) DEPOSITION OF**
                                          **DEFENDANT THOMAS COHEN**
16 THOMAS A. COHEN, et al.,

17                          Defendants.

18

19          TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

20          PLEASE TAKE NOTICE that commencing at 9:30 a.m. on July 29, 2008 at the

21 offices of Heller Ehrman LLP, 333 Bush Street, San Francisco, California, Plaintiff David

22 James Duncan, through his attorneys, will take the deposition of Defendant Thomas Cohen

23 pursuant to Federal Rule of Civil Procedure 30(b)(1).  The deposition will take place upon

24 oral examination before a notary public or other person authorized to administer oaths, will

25 be recorded by stenographic and/or sound and video means, and will continue from day to

26 day until completed.

27 //

28 //

Heller
Ehrman LLP

# Exhibit H

1   Dated: July 8, 2008                    Respectfully submitted,

2                                          HELLER EHRMAN LLP

3
                                           By _____
4                                               ELISABETH R. BROWN

5                                          Attorneys for Plaintiff
6                                          DAVID JAMES DUNCAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Heller
Ehrman LLP

2

1 ANNETTE L. HURST (Bar No. 148738)
2 ELISABETH R. BROWN (Bar No. 234879)
HELLER EHRMAN LLP
3 333 Bush Street
San Francisco, CA  94104-2878
4 Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
5 E-mail:    Annette.Hurst@HellerEhrman.com
6            Elisabeth.Brown@HellerEhrman.com

7

8 Attorneys for Plaintiff
DAVID JAMES DUNCAN

9

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12 DAVID JAMES DUNCAN,                    Case No.: 3:08-cv-02243-BZ

13                           Plaintiff,

14                                        **PLAINTIFF DAVID JAMES
                                          DUNCAN'S FIRST SET OF
15      v.                                REQUESTS FOR PRODUCTION
                                          OF DOCUMENTS AND THINGS
16 THOMAS A. COHEN, et al.,               ON DEFENDANT SIERRA CLUB
                                          BOOKS**
17                           Defendants.

18

19

20

21

22

23

24

25

26

27

Heller
Ehrman LLP   28

Exhibit I

FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS ON SIERRA CLUB BOOKS
CASE NO.: 3:08-CV-02243-BZ

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All documents or things in your possession, custody, or control relating to *The River Why*, including, but not limited to, all documents concerning or relating to the negotiation, execution and administration of the Publishing Agreement between SCB and David James Duncan. This request encompasses all correspondence, royalty statements, files, notes, and agreements in any way related to *The River Why*.

**Request for Production No. 2:**

All documents evidencing, relating to or concerning the negotiation, execution, and/or administration of the option set forth in that certain October 2, 1984 Letter Agreement between Sierra Club Books and Hammermark Productions, Inc., including without limitation drafts, notes, correspondence, reports, assignments, draft or completed screenplays, budgets, and all payments received or made in connection therewith.

**Request for Production No. 3:**

Communications of any kind concerning *The River Why* or any actual or proposed screenplay or motion picture based in whole or in part thereon, including, but not limited to:

    i)      Communications with investors or prospective investors;

    ii)     Communications with Andrea Nachtigall;

    iii)    Communications with former employees of Sierra Club or Sierra Club Books, including without limitation Jon Beckmann or Danny Moses;

    iv)    Communications with John Jay Osborn, Jr.;

    v)     Communications with any persons or entities interested in optioning or purchasing the right to prepare a motion picture based in whole or in part on *The River Why*, including without limitation Bevans Branham or Liesl Copland;

    vi)    Communications with David James Duncan;

    vii)   Communications with Mike Snell;

FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS ON SIERRA CLUB BOOKS
CASE NO.: 3:08-CV-02243-BZ

Heller
Ehrman LLP

viii)  Communications with Thomas Cohen, Hammermark Productions, River Why Partners, or River Why-Kiwi Partners or any employee or agent of each of them;

ix)  Communications with Kristi Denton Cohen, Peloton Productions or any employee or agent of each of them;

x)  Communications with Matthew Leutwyler, Jun Tan, Ambush Entertainment, or any employee or agent of each of them; and

xi)  Communications with producers, screenplay writers, or directors.

**Request for Production No. 4:**

All documents evidencing or relating to the development of any budget for a motion picture based in whole or in part upon *The River Why*, including draft and final budgets.

**Request for Production No. 5:**

All documents evidencing, relating to or concerning opportunities to invest in the production of a motion picture based in whole or in part upon *The River Why*, including without limitation prospectuses, solicitation letters, private placement memoranda, or other materials provided to prospective investors.

**Request for Production No. 6:**

All documents evidencing or concerning meetings related to any proposed motion picture based in whole or in part upon *The River Why*, including agendas, notes and calendar entries.

**Request for Production No. 7:**

All documents concerning or relating to River Why-Kiwi Partners.

**Request for Production No. 8:**

All documents concerning or relating to River Why Partners.

**Request for Production No. 9:**

All documents concerning or relating to Hammermark Productions.

//

//

Heller
Ehrman LLP

3

1  **Request for Production No. 10:**

2        All documents identified in, or consulted in preparing, Defendant Sierra Club Books'

3  response to Plaintiff Duncan's First Set of Interrogatories.

4  Dated: July 8, 2008                    Respectfully submitted,

5                                         HELLER EHRMAN LLP

6

7  By _____
                                         ELISABETH R. BROWN

8                                         Attorneys for Plaintiff
9                                         DAVID JAMES DUNCAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Heller
Ehrman LLP

FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS ON SIERRA CLUB BOOKS
CASE NO.: 3:08-CV-02243-BZ

1   ANNETTE L. HURST (Bar No. 148738)
2   ELISABETH R. BROWN (Bar No. 234879)
    HELLER EHRMAN LLP
3   333 Bush Street
    San Francisco, CA  94104-2878
4   Telephone:  +1.415.772.6000
    Facsimile:  +1.415.772.6268
5   E-mail:      Annette.Hurst@HellerEhrman.com
6                Elisabeth.Brown@HellerEhrman.com
7
8   Attorneys for Plaintiff
    DAVID JAMES DUNCAN
9
10              UNITED STATES DISTRICT COURT
11            NORTHERN DISTRICT OF CALIFORNIA

12   DAVID JAMES DUNCAN,                    Case No.: 3:08-cv-02243-BZ
13
                            Plaintiff,
14                                          **PLAINTIFF DAVID JAMES
                                            DUNCAN'S FIRST SET OF
15        v.                                INTERROGATORIES ON
                                            DEFENDANT SIERRA CLUB
16   THOMAS A. COHEN, et al.,               BOOKS**
17
                            Defendants.
18
19
20
21
22
23
24
25
26
27
Heller
Ehrman LLP   28
Exhibit J

# INTERROGATORIES

**Interrogatory No. 1:**

Identify any persons, including employees, former employees, agents, or affiliates, involved with the negotiation, execution and/or administration of the option set forth in that certain October 2, 1984 Letter Agreement between Sierra Club Books and Hammermark Productions, Inc.

**Interrogatory No. 2:**

Identify all facts, witnesses and documents that you contend support your denial of any request for admission contained in Plaintiff Duncan's First Set of Requests for Admissions to SCB.

**Interrogatory No. 3:**

If you contend that October 1984 Agreement between Hammermark Productions, Inc. and Sierra Club is presently of any legal force and effect with respect to Plaintiff Duncan, state all facts and identify all witnesses and documents in support of such contention.

**Interrogatory No. 4:**

State all facts and identify all witnesses and documents in support of your contention, if any, that you did not breach your fiduciary duty by granting an extension May 14, 1987 to the option contained in that certain Letter Agreement dated October 2, 1984 between Sierra Club Books and Hammermark Productions, Inc. while at the same time considering investment in a production of a motion picture based upon *The River Why*.

**Interrogatory No. 5:**

If you contend that the recitals, or any of them, set forth in the Stipulated Judgment between Sierra Club and Peloton Productions dated November 28, 2007 are true, set forth all facts, witnesses and documents upon which you base such contention.

//

//

//

Heller
Ehrman LLP

2

FIRST SET OF INTERROGATORIES ON DEFENDANT SIERRA CLUB BOOKS
CASE NO.: 3:08-CV-02243-BZ

1  Dated: July 8, 2008                     Respectfully submitted,

2                                          HELLER EHRMAN LLP

3
                                           By  *Elisabeth R. Brown*
4                                               ELISABETH R. BROWN

5                                          Attorneys for Plaintiff
6                                          DAVID JAMES DUNCAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

FIRST SET OF INTERROGATORIES ON DEFENDANT SIERRA CLUB BOOKS
CASE NO.: 3:08-CV-02243-BZ

1   ANNETTE L. HURST (Bar No. 148738)
2   ELISABETH R. BROWN (Bar No. 234879)
    HELLER EHRMAN LLP
3   333 Bush Street
    San Francisco, CA  94104-2878
4   Telephone:  +1.415.772.6000
    Facsimile:  +1.415.772.6268
5   E-mail:     Annette.Hurst@HellerEhrman.com
6               Elisabeth.Brown@HellerEhrman.com

7

8   Attorneys for Plaintiff
    DAVID JAMES DUNCAN
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12  DAVID JAMES DUNCAN,                    Case No.: 3:08-cv-02243-BZ

13                          Plaintiff,

14                                         **PLAINTIFF DAVID JAMES
                                           DUNCAN'S FIRST SET OF
15        v.                               REQUESTS FOR ADMISSION ON
                                           DEFENDANT SIERRA CLUB
16  THOMAS A. COHEN, et al.,               BOOKS**

17                          Defendants.

18

19

20

21

22

23

24

25

26

27

Heller    28
Ehrman LLP
        Exhibit K

FIRST SET OF REQUESTS FOR ADMISSION ON SIERRA CLUB BOOKS
CASE NO.: 3:08-CV-02243-BZ

# REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Admit that the Publishing Agreement did not convey to you ownership of the copyright to the novel *The River Why*.

**Request for Admission No. 2:**

Admit that the Publishing Agreement did not convey to you ownership of the right, exclusive or otherwise, to prepare a motion picture derivative work of *The River Why*.

**Request for Admission No. 3:**

Admit that no other agreement conveyed to you ownership of the copyright to the novel *The River Why*.

**Request for Admission No. 4:**

Admit that no other agreement conveyed to you ownership of the right, exclusive or otherwise, to prepare a motion picture derivative work of *The River Why*.

**Request for Admission No. 5:**

Admit that the Stipulated Judgment between Sierra Club and Peloton Productions dated November 28, 2007 does not bind Duncan in any respect.

**Request for Admission No. 6:**

Admit that the October 1984 Letter Agreement was unconscionable in light of its failure to include neither a deadline for commencement of photography nor a reversion of rights to the author..

**Request for Admission No. 7:**

Admit that five years was a reasonable time within which to expect commencement of photography in connection with the October 1984 Letter Agreement.

//
//
//
//
//

Heller
Ehrman LLP

2

1    Dated: July 8, 2008

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

HELLER EHRMAN LLP

By _____
        ELISABETH R. BROWN

Attorneys for Plaintiff
DAVID JAMES DUNCAN

FIRST SET OF REQUESTS FOR ADMISSION ON SIERRA CLUB BOOKS
CASE NO.: 3:08-CV-02243-BZ

1  ANNETTE L. HURST (Bar No. 148738)
2  ELISABETH R. BROWN (Bar No. 234879)
   HELLER EHRMAN LLP
3  333 Bush Street
   San Francisco, CA  94104-2878
4  Telephone:  +1.415.772.6000
   Facsimile:   +1.415.772.6268
5  E-mail:       Annette.Hurst@HellerEhrman.com
                 Elisabeth.Brown@HellerEhrman.com
6

7

8  Attorneys for Plaintiff
   DAVID JAMES DUNCAN
9

10           UNITED STATES DISTRICT COURT

11         NORTHERN DISTRICT OF CALIFORNIA

12  DAVID JAMES DUNCAN,                    Case No.: 3:08-cv-02243-BZ

13                          Plaintiff,

14                                         **[PROPOSED] ORDER
                                           SHORTENING TIME FOR
15        v.                               RESPONSES TO DISCOVERY**

16  THOMAS A. COHEN et al.,

17                          Defendants.

18

19

20

21

22

23

24

25

26

27

28

Heller
Ehrman LLP

1

## <u>ORDER</u>

2      Plaintiff 's request for an order shortening time for responses to discovery served on

3  Defendants Cohen, Denton Cohen, and Sierra Club Books (collectively, "Defendants") duly

4  came on for consideration by the Court during the Case Management Conference on July

5  21, 2008 at 4:00 p.m.  After consideration of the arguments of counsel, and all pleadings

6  and papers filed in connection therewith, and good cause appearing therefore, Plaintiff

7  Duncan's request for an order shortening time for responses to discovery is GRANTED.

8      It is hereby ORDERED that Defendants will produce all documents and respond to

9  Plaintiff Duncan's interrogatories and requests for admission by July 31, 2008.

10

11  DATED:

12                                             _____

13                                             UNITED STATE MAGISTRATE JUDGE
                                               BERNARD ZIMMERMAN
14

15  Submitted by:
    Elisabeth R. Brown, Esq.
16  Heller Ehrman LLP
    333 Bush Street
17  San Francisco, CA   94104

18

19

20

21

22

23

24

25

26

27

28

Heller
Ehrman LLP

[PROPOSED] ORDER SHORTENING TIME FOR RESPONSES TO DISCOVERY
CASE NO.: 3:08-CV-02243-BZ