Lizbeth Hasse (#104517)
Creative Industry Law Group
526 Columbus Ave., 2nd floor
San Francisco, CA 94133
(415) 433-4380

Thomas A. Cohen (#154581)
Law Offices of Thomas A. Cohen
639 Front St., 4th floor
San Francisco, CA 94111
(415) 777-1997

Attorneys for Plaintiff
THOMAS A. COHEN dba HAMMERMARK
KRISTI DENTON COHEN dba PELOTON PRODUCTIONS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID JAMES DUNCAN,

    Plaintiff,

vs.

THOMAS A. COHEN d/b/a HAMMERMARK PRODUCTIONS; KRISTI DENTON COHEN d/b/a PELOTON PRODUCTIONS; and SIERRA CLUB BOOKS,

    Defendants.

Case No. **CV 08 2243 BZ**

**CASE MANAGEMENT CONFERENCE STATEMENT SUBMITTED BY THE COHEN DEFENDANTS**

DATE: JULY 21, 2008

MAGISTRATE JUDGE ZIMMERMAN

In accordance with the Court's Order of July 11, 2008 setting a Case Management Conference ("CMC") for July 21, 2008, Defendants THOMAS A.COHEN d/b/a HAMMERMARK PRODUCTIONS, KRISTI DENTON COHEN d/b/a PELOTON PRODUCTIONS (collectively, "the COHEN DEFENDANTS") submit the following CMC Statement. Defendants attempted to negotiate a joint statement with Plaintiff. COHEN DEFENDANTS sent on July 17, 2008 a draft

1

Case No. CV 08 2243 BZ
COHEN DEFENDANTS' CASE MANAGEMENT STATEMENT

proposed stipulation regarding 45 day notice for limited viewing of the motion picture and asked for comment from Counsel; COHEN DEFENDANTS proposed to postpone the trial by one month if possible for this Court; COHEN DEFENDANTS offered to make its clients available for deposition as soon as filming was completed and to produce documents by August 8th. No real discussion of these matters took place mostly because beginning on July 16, Mr. Duncan's counsel was not available for discussion and never indicated when Plaintiff would be available. Plaintiff's counsel refused to provide any such information regarding availability of Plaintiff or his agents saying only that they would wait for this Court's order re discovery scheduling to reveal Plaintiff's availability. Plaintiff's counsel offered no feed-back or suggested revisions on the tentative draft proposal for limited confidential review of the film.

## I.  DESCRIPTION OF THE CASE

Briefly, this is an action brought by Plaintiff DUNCAN who complains that an agreement signed in 1984 between his exclusive agent Defendant SC and filmmaker defendant Hammermark Productions, predecessor of the COHEN DEFENDANTS, is unenforceable or was a product of fraud. DUNCAN has known and stated since 1985 that he did not want the COHEN DEFENDANTS to make the film and that he would seek to stop the film, but he chose not to file suit until twenty-three years later. He claims that the COHEN DENFENDANTS took too long to begin production of the film. COHEN DENFENDANTS and SC Defendant assert that the rights agreement between them is enforceable, involved no fraud and that Mr. Duncan was well aware of Hammermark's purchase of the rights and publicly spoke of it. COHEN DEFENDANTS assume Mr. Duncan enjoyed the benefits of the payments the COHEN DEFENDANTS made for his rights. COHEN DEFENDANTS further claim that during the passage of time they were actively developing the rights, including developing and revising a script and gathering committed actors, director and personnel, Mr. Duncan seeks to imply a reversion of motion picture rights in the

contract between SC and Hammermark. Mr. Duncan has not withdrawn the representation that SC was his exclusive agent at the time, but claims now they did not have authority to sell the rights to Hammermark in 1984 under the relevant motion picture rights contract. More complete statements of the case have been made to this Court in Motions to Dismiss and for Temporary Restraining Order and related relief.

**II.   COMBINED DEFENDANTS' PROPOSED DISCOVERY  SCHEDULE**

Although meet-and-confer efforts were truncated by plaintiff's Counsel's unavailability and unresponsiveness, Counsel for both defendant parties believe that there are some options for modifying the almost impossibly compressed schedule currently proposed by Plaintiff. Two options require availability by this Court which cannot be presumed: (1) postponing trial date from December 1, 2008 to January 5, 2009 so as to postpone hearing on the summary judgment motion until the first week of December thereby permitting orderly , though still speedy, discovery; (2) scheduling hearing on a summary judgment motion for October 29, 2008 instead of October 22, 2008, the addition of a single week would to some extent relieve the substantial pressure on discovery and allow SC counsel Thomas Burke to take at least some of his annual family vacation. It may be that neither of these scheduling changes is possible for the Court.

The COHEN DEFENDANTS are available for their depositions as follows:

1) Thomas Cohen — any day following August 4, 2008 (when most of principal photography will be completed) until September 11, 2008 and various dates after (if relevant);

2) Kristi Denton Cohen – most days following August 8, 2008 until September 11, 2008.

The COHEN DEFENDANTS can produce all documents in their possession and control by August 8, 2008 and privilege logs within five days of that date. The COHEN DEFENDANTS attach hereto as Exhibit A a proposed elaboration of the 45 day notice order issued by this Court on July 11,

3

2008. The COHEN DEFENDANTS anticipate offering rebuttal expert report within the time required for such following Plaintiff's submission of its Expert report.

The COHEN DEFENDANTS wish to take the depositions of David Duncan and his agents. Plaintiff has not indicated there are any agents other than Mike Snell. Plaintiff's counsel has not yet indicated when its client can produce documents, when its own client is available for deposition, or when or if all agents of Mr. Duncan are available for deposition. Further, Defendants' counsel asked if Plaintiff Duncan would stipulate to receiving (or not) payments under the purchase contract in question, when and how much. Defendants' counsel believe such stipulation would eliminate time-consuming and unnecessary formal discovery on a central issue. Plaintiff's counsel did not respond to this inquiry.

## III.   ALTERNATIVE DISPUTE RESOLUTION

The parties attempted a JAMS mediation and follow-up proposals in the Fall of 2007 without success. Defendants' Counsel are mindful of the Court's suggestion that now that the dispute has become more concrete, settlement might be possible. However, on the expedited schedule currently proposed by Plaintiff, there will be no time whatsoever to consider ADR. Plaintiff's counsel states that the COHEN DEFENDANTS seek to publish the film before trial and that this is an impediment to settlement. On the contrary, the COHEN DENFENDANTS <u>do not seek to publicly display or distribute the film before January 15, 2009</u>. The Sundance Film Festival runs January 15 through 25, 2009. Any <u>private</u> viewing before then would only be under conditions of confidentiality proposed (in the draft stipulation attached) by production personnel, investors, a very small festival application committee and, possibly, acquisition executives under the same conditions of full confidentiality.

4

Case No. CV 08 2243 BZ
COHEN DEFENDANTS' CASE MANAGEMENT STATEMENT

| | | |
|---|---|---|
| 1 | Dated: July 21, 2008 | Respectfully submitted, |
| 2 | | |
| 3 | | By:_____ |
| 4 | |           Lizbeth Hasse |

5

Case No. CV 08 2243 BZ
COHEN DEFENDANTS' CASE MANAGEMENT STATEMENT

# **EXHIBIT A**

To: Counsel in Duncan v. Cohen et al

Fr: Liz Hasse

DRAFT – CONFIDENTIAL PROPOSAL re form of Stipulation addressing limited screening – for comment

The Cohen Defendants agree not to display publicly or distribute in any form publicly or for a fee the motion picture without providing plaintiff with 45 days notice of such plan to display or distribute.  If Plaintiff opposes the proposed use and parties cannot agree on a compromise, plaintiff shall make its motion to oppose within 7 days of defendant's notice and defendants shall not proceed with the noticed plan while the motion is pending. Plaintiff shall not be required by defendants to seek to compromise before filing its motion.

This Stipulation shall not prevent defendant(s) from showing the footage, a rough cut, or any portion of the motion picture confidentially to (1) members of the production team and those involved in the production including, by way of example, actors, editors, composers, confidential test audiences*, sound engineers and those working on production functions ("Production Personnel"); (2) prospective or actual investors, with the limitation that no more than 6 prospective investors may see the film in a private screening; and (3) confidential screeners for festivals or acquisitions, including Sundance and acquisitions executives with the number of persons, other than Production Personnel at such a confidential, private screening to be limited to 6.

* Confidential test audiences will be a part of production process and will not be shown book title or credits to film.