1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   DAVID JAMES DUNCAN,         )
                                 )
12             Plaintiff(s),     )      No. C 08-2243 BZ
                                 )
13        v.                     )      **ORDER DENYING MOTION**
                                 )      **TO DISMISS**
14   THOMAS A. COHEN, et al.,    )
                                 )
15             Defendant(s).     )
     _____ )
16

17        Plaintiff David James Duncan sued defendants Thomas A.

18   Cohen d/b/a Hammermark Productions and Kristi Denton Cohen

19   d/b/a Peloton Productions ("the Cohens") and defendant Sierra

20   Club, incorrectly sued as Sierra Club Books ("Sierra Club"),

21   alleging violations of federal copyright laws and a variety of

22   claims based on state law, all arising from the Cohens'

23   attempts to make a film of Duncan's novel, *The River Why*.  The

24   Cohens have moved to dismiss the complaint for failure to

25   state a claim upon which relief can be granted pursuant to

26   Federal Rule of Civil Procedure 12(b)(6); to dismiss his

27   first, second, fourth, seventh, and eighth claims against the

28   Cohens pursuant to California's anti-SLAPP statute and for

                                  1

1  sanctions and costs under the anti-SLAPP statute.  For the

2  reasons set forth below, the Cohens' motion is **DENIED** in its

3  entirety.[1]

4  <u>The Anti-SLAPP Motion to Dismiss</u>

5      A strategic lawsuit against public participation

6  ("SLAPP") "seeks to chill or punish a party's exercise of

7  constitutional rights to free speech and to petition the

8  government for redress of grievances." <u>Rusheen v. Cohen</u>, 37

9  Cal.4th 1048, 1055 (2006).  The California legislature enacted

10  Code of Civil Procedure section 425.16 "to allow early

11  dismissal of meritless first amendment cases aimed at chilling

12  expression through costly, time-consuming litigation."

13  <u>Metabolife Intern., Inc. v. Wornick</u>, 264 F.3d 832, 839 (9th

14  Cir. 2001).  The statute also provides for the imposition of

15  attorney's fees and costs if the defendant's motion to dismiss

16  is granted.  Cal. Code Civ. Proc. § 425.16(c).

17      The Cohens contend that Duncan's claims for copyright

18  infringement, declaratory relief, fraud, conspiracy to

19  defraud, false advertising and invasion of the right of

20  publicity should be dismissed pursuant to the anti-SLAPP

21  statute.

22      As an initial matter, California's anti-SLAPP statute

23  does not apply to Duncan's federal claims for relief and the

24  Cohens do not provide any contrary authority.  <u>See</u> <u>e.g.</u>,

25  <u>Summit Media LLC v. City of Los Angeles, CA</u>, 530 F.Supp.2d

26  1084, 1095 (C.D. Cal. 2008); <u>Sonoma Foods, Inc. v. Sonoma</u>

---

27

28      [1]  In view of this disposition, all of plaintiff's
objections to evidence (Docs 27 and 34) are **DENIED** as moot.

2

1  Cheese Factory, LLC, 2007 WL 2122638, at *4 (N.D. Cal.).  The
2  anti-SLAPP motion is therefore **DENIED** as to the federal claims
3  for copyright infringement, declaratory relief and false
4  advertising.

5      Duncan's state law claims for relief are not subject to
6  an anti-SLAPP motion to dismiss because they do not arise out
7  of protected activity - the Cohens rights of free speech.
8  Courts follow a two step process in ruling on an anti-SLAPP
9  motion to dismiss.  "First, the court decides whether the
10 defendant has made a threshold showing that the challenged
11 cause of action is one 'arising from' protected activity. (§
12 425.16, subd. (b)(1).) If the court finds such a showing has
13 been made, it then must consider whether the plaintiff has
14 demonstrated a probability of prevailing on the claim." City
15 of Cotati v. Cashman, 29 Cal.4th 69, 76 (2002).  A defendant
16 makes the threshold showing "by demonstrating that the act
17 underlying the plaintiff's cause fits one of the categories
18 spelled out in section 425.16, subdivision (e) ...."  Id.
19 *citing* Braun v. Chronicle Publ'g Co., 52 Cal.App.4th 1036,
20 1043 (1997).  Section 425.16(e) provides that:

21     'act in furtherance of a person's right of petition or
       free speech under the United States or California
22     Constitution in connection with a public issue'
       includes: (1) any written or oral statement or writing
23     made before a legislative, executive, or judicial
       proceeding, or any other official proceeding authorized
24     by law; (2) any written or oral statement or writing
       made in connection with an issue under consideration or
25     review by a legislative, executive, or judicial body,
       or any other official proceeding authorized by law; (3)
26     any written or oral statement or writing made in a
       place open to the public or a public forum in
27     connection with an issue of public interest; (4) or any
       other conduct in furtherance of the exercise of the
28     constitutional right of petition or the constitutional

right of free speech in connection with a public issue
or an issue of public interest.

Cal. Civ. Proc. § 425.16(e). "When considering a section 425.16 motion, a court must consider the actual objective of the suit and grant the motion if the true goal is to interfere with and burden the defendant's exercise of his free speech and petition rights." Ingels v. Westwood One Broad. Serv.s, Inc., 129 Cal.App.4th 1050, 1064 (2005) *citing* Foothills Townhome Assn. v. Christiansen, 65 Cal.App.4th 688, 696 (1998) *overruled* in part on other grounds by Equilon Enter. v. Consumer Cause, Inc., 29 Cal.4th 53, 68, fn. 5 (2002).

As in City of Cotati, "the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech. 29 Cal.4th at 78. The Cohens contend that Duncan's suit is an attempt to limit the exercise of their rights of free speech on a matter of public interest - the "message of environmental activism set in a coming-of-age story" found in Duncan's book *The River Why*. (Defs.' Mot. to Dismiss at p. 9.) However, Duncan's suit in no way seeks limits the Cohens' ability to spread their message of environmental activism through film, or any other medium. "Copyright laws are not restrictions on freedom of speech as copyright protects only form of expression and not the ideas expressed." Harper & Row Publishers, Inc. v. Nation Enter.s, 471 U.S. 539, (1985) *citing* New York Times Co. v. U.S., 403 U.S. 713, 726, n. (1971) (BRENNAN, J., concurring). Duncan's suit does not prevent the Cohens from making a coming-of-age film about

environmental activism, even if it includes a coming of age
story, as long as the film does not use the copyrighted story
or title from *The River Why*.   The Cohens are not claiming
their rights to use material from *The River Why* are based on
free speech.   Rather they contend their rights are based on a
contract purportedly signed by Sierra Club in 1984.   This
action centers on copyright and contract claims, not protected
activity, and the anti-SLAPP statute does not apply.

   Kronemyer v. Internet Movie Data Base, Inc., 150
Cal.App.4th 941 (2007), does not require that Duncan's right
of publicity claim be subject to an anti-SLAPP motion.
Duncan alleges that the Cohens used his name to solicit funds
for the film and lists his name on their website.   In
Kronemyer, the Court of Appeal found that a public website
www.imdb.com's act of deciding whom to credit as a producer of
a film was an act in the furtherance of free speech.   150
Cal.App.4th at 947.   Here, Duncan's right of publicity claim
is *based on* the Cohens' use of his name to solicit funds for
production of a film in violation of his claimed copyright; it
is not based in furtherance of their freedom of speech.

   Similarly, the Cohens improperly suggest that the
California legislature's enactment of California Code of Civil
Procedure section 425.17(d)(2) means that any suit involving
the creation or dissemination of films are subject to an anti-
SLAPP suit.   If this was true, every suit for copyright
infringement or breach of contract involving a film or
television show would be subject to California's anti-SLAPP
statute.   Yet, section 425.17 was enacted to limit the anti-

1    SLAPP statute's application to public interest and class

2    action suits "brought solely in the public interest or on

3    behalf of the general public" in certain circumstances.  Cal.

4    Code Civ. Proc. § 425.17(b); <u>see also</u> <u>Ingels</u>, 129 Cal.App4th

5    at 1066.  The section's inclusion of public interest and class

6    action suits "against any person or entity based upon the

7    creation, dissemination, exhibition, advertisement, or other

8    similar promotion of any dramatic, literary, musical,

9    political, or artistic work, including, but not limited to, a

10   motion picture or television program . . ." as suits subject

11   to the anti-SLAPP statute, did not abrogate the requirement

12   that anti-SLAPP motions only be granted if the suit is an

13   attempt to limit the defendant's constitutional right to free

14   expression.  Cal. Code Civ. Proc. § 425.17(d)(2).

15       For these reasons the Cohens' motion to dismiss and for

16   attorneys' fees and costs, pursuant to California's anti-SLAPP

17   statute, is **DENIED**.

18   <u>12(b)(6) Motion to Dismiss</u>:

19       A motion to dismiss pursuant to Federal Rule of Civil

20   Procedure 12(b)(6) tests the legal sufficiency of a claim and

21   should be granted only if plaintiff's complaint fails to set

22   forth facts sufficient to establish a plausible right of

23   recovery.  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955,

24   1974 (2007). For purposes of such a motion, the complaint is

25   construed in a light most favorable to the plaintiff and all

26   properly pleaded factual allegations are taken as true.

27   <u>Aquino v. Capital One Fin. Corp.</u>, 2008 WL 1734752, at *1 (N.D.

28   Cal.); <u>Mitan v. Feeney</u>, 497 F.Supp. 2d 1113, 1124 (C.D. Cal.

1   2007) (discussing the post-Twombly standard).

2   Copyright Infringement Claim:

3       The Cohens move to dismiss the copyright claim on the

4   grounds that a state court has entered a "stipulated judgment"

5   in a case to which Duncan was not a party stating that Peloton

6   Productions, defendant Kristi Cohen's company, is the owner of

7   the motion picture rights to The River Why.[2]  However, the

8   judgment expressly states that "[n]o judgment in this action

9   would bind David James Duncan" and that Peloton Productions

10  "takes the risk that Mr. Duncan will file a claim, but that is

11  the risk that [Peloton Productions] is willing to take."  Nor

12  is there any basis for asserting that the stipulated judgment

13  collaterally estops Duncan from asserting his copyright in

14  this action.

15      Collateral estoppel is appropriate when:

16          '(1) there was a full and fair opportunity to
            litigate the issue in the previous action; (2)
17          the issue was actually litigated in that action;
            (3) the issue was lost as a result of a final
18          judgment in that action; and (4) the person
            against whom collateral estoppel is asserted in
19          the present action was a party or in privity
            with a party in the previous action.'

20

21  United States v. Real Prop. Located at 22 Santa Barbara Dr.,

22  264 F.3d 860, 873 (9th Cir. 2001) quoting In re Palmer, 207

23  F.3d 566, 568 (9th Cir. 2000).  Although "a stipulation may

24  meet the 'fully litigated' requirement where 'it is clear that

25  the parties intended the stipulation of settlement and

26  judgment entered thereon to adjudicate once and for all the

27  _____

28      [2]   Both sides' requests that I take judicial notice of
    the stipulated judgment are granted.

                              7

issues raised in that action,'" Judge Mahoney expressly found

that the decision would not bind Duncan.  *Id. quoting* Green v.

Ancora-Citronelle Corp., 577 F.2d 1380, 1383 (9th Cir. 1978).

Furthermore, "a person who was not a party to a suit generally

has not had a 'full and fair opportunity to litigate' the

claims and issues settled in that suit.  The application of

claim and issue preclusion to nonparties thus runs up against

the 'deep-rooted historic tradition that everyone should have

his own day in court.'"  Taylor v. Sturgell, 128 S.Ct. 2161,

2171 (2008) *quoting* Richards v. Jefferson County, 517 U.S.

793, 798 (1996)).  The Supreme Court has "often repeated the

general rule that 'one is not bound by a judgment in personam

in a litigation in which he is not designated as a party or to

which he has not been made a party by service of process.'"

*Id. quoting* Hansberry v. Lee, 311 U.S. 32, 40 (1940)).

Moreover, Duncan does not satisfy any of the six exceptions to

the rule against nonparty preclusion set forth by the Supreme

Court in Taylor.  First, Duncan is not "[a] person who agrees

to be bound by the determination of issues in an action

between others."  *Id.* at 2172.  Second, Duncan was not

"adequately represented by someone with the same interests who

was a party to the suit."  *Id.*  Third, Duncan did not assume

"control over the litigation in which that judgment was

rendered."  *Id.* (*internal quotations* omitted).  Fourth, Duncan

is not "the designated representative of a person who was a

party to the prior adjudication."  *Id.* at 2173.  Fifth, there

is no "special statutory scheme" that "expressly foreclose[s]

successive litigation by nonlitigants."  *Id.*  Sixth, a

"pre-existing substantive legal relationship between [Duncan] and the part[ies] to the judgment" does not exist.  Id. (*internal quotations* omitted).  "Qualifying relationships include, but are not limited to, preceding and succeeding owners of property, bailee and bailor, and assignee and assignor."  Id.  At the time of the state court suit, Sierra Club was no longer Duncan's literary agent.  (Compl., Ex. 14.) Furthermore, in his complaint, Duncan denies any assignment of rights to Cohen.  Thus, no legal relationship between Duncan and the parties existed at the time of the lawsuit.  As a result, Duncan's claim is not barred by the stipulated judgment entered in state court.

The Cohens also argue that Duncan lacks standing to sue because Sierra Club was the owner of the rights to develop the film version of Duncan's novel.  In support of their claim, the Cohens attach to their moving papers an unsigned copy of a Publishing Agreement between Duncan and Sierra Club.  The Cohens contend that the Publishing Agreement conveyed the motion picture rights to Sierra Club.  The Cohens assert they obtained those rights by way of a letter attached as Exhibit 2 of Duncan's complaint referred to by the parties as the Rights Agreement.

When ruling on a motion to dismiss, if the court "considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond."  U.S. v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003); Fed. R. Civ. P. 12(b).  However, "documents whose

contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir. 1994) *overruled on other grounds* in <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119 (9th Cir. 2002). Duncan objects to the authenticity of the Publishing Agreement attached to the Cohens' motion. As such, I cannot consider it when ruling on the motion to dismiss. In any event, as the Complaint alleges, the Publishing Agreement granted Sierra Club the right to act as Duncan's agent for the film rights (¶ 14). It did not transfer ownership of the rights to the Sierra Club as the Cohen defendants argue.

Under 17 U.S.C. § 501(b), the "legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." <u>Silvers v. Sony Pictures Entm't, Inc.</u>, 402 F.3d 881, 884 (9th Cir. 2005). Thus, for the purposes of reviewing Duncan's complaint on a Rule 12(b)(6) motion to dismiss, Duncan's allegations in the complaint that he owns the motion picture rights and did not grant Sierra Club authority to transfer those rights is sufficient to provide standing for his copyright allegation.

Next, the Cohens argue that the three year statute of limitations has run on Duncan's copyright infringement claim. <u>See</u> 17 U.S.C § 507(b). A copyright infringement claim "accrues when one has knowledge of a violation or is chargeable with such knowledge." <u>Kourtis v. Cameron</u>, 419 F.3d

989, 999 (9th Cir. 2005) *abrogated* on other grounds in <u>Taylor</u>,
128 S.Ct. at 2178.

The Cohens argue that Duncan's copyright claims are time
barred because he does not allege any specific acts of
infringement that occurred in the past three years.  However,
in the complaint Duncan alleges that Kristi Cohen "is"
violating Duncan's copyrights through "her efforts to produce
a film version of" *The River Why*.  (Compl. at ¶ 44.)  Any act
that is inconsistent with a copyright holder's exclusive
rights constitutes infringement.  17 U.S.C. § 501(a).  The
copyright holder has "the exclusive rights" to "reproduce" and
"prepare derivative works".  17 U.S.C. § 106(1) - (2).
Duncan's allegation that Kristi Cohen is infringing through
her efforts to prepare a derivative work of the novel is
sufficient to defeat a motion to dismiss the claim for
continuing infringement.  <u>Kourtis</u>, 419 F.3d 999 - 1000.  For
all these reasons, the Cohens' motion to dismiss Duncan's
claim for copyright infringement is **DENIED**.

<u>Claim for Declaratory Relief:</u>

The Cohens' motion to dismiss Duncan's claim for
declaratory relief is based on their inaccurate contention
that Duncan is seeking a declaration that he has not violated
their asserted copyright rights.  In fact, Duncan requests a
declaration that the Letter Agreement between Sierra Club and
the Cohens, upon which the Cohens rely, is invalid or
terminated and that he owns the motion picture rights to his
book.  (Compl. at ¶ 58.)  This central dispute over the
validity of the Letter Agreement is sufficiently concrete to

1   satisfy the requirement that there be a case or controversy.

2   "When presented with a claim for a declaratory judgment . . .

3   federal courts must take care to ensure the presence of an

4   actual case or controversy, such that the judgment does not

5   become an unconstitutional advisory opinion." Rhoades v. Avon

6   Products, Inc., 504 F.3d 1151, 1157 (9th Cir. 2007).  As such,

7   the motion to dismiss the declaratory relief claim is **DENIED**.

8   Fraud Claim

9       The Cohens argue that Duncan's fraud claim is fatally

10  vague.  Claims for "fraud must satisfy a heightened pleading

11  standard that requires circumstances constituting fraud be

12  pled with particularity." Oestreicher v. Alienware Corp., 544

13  F.Supp.2d 964, 968 (N.D. Cal. 2008) *citing* Fed. R. Civ. P.

14  9(b).  "The pleadings must state precisely the time, place,

15  and nature of the misleading statements, misrepresentations,

16  and specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363,

17  1370 (9th Cir. 1994).  "[T]he circumstances constituting the

18  alleged fraud [must] be specific enough to give defendants

19  notice of the particular misconduct ... so that they can

20  defend against the charge and not just deny that they have

21  done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d

22  1097, 1106 (9th Cir. 2003) *internal quotations omitted*.

23  Duncan's complaint sets forth sufficient information regarding

24  the allegedly fraudulent statements Thomas Cohen made in

25  inducing Sierra Club to enter the initial option agreement to

26

27

28

1    make the film, in creating the allegedly sham budget[3], and in

2    promising to commence production of the film to give the

3    Cohen's sufficient notice to defend against the claim.

4        The Cohens' contention that Duncan's fraud claim fails

5    because he does not claim that he, rather than Sierra Club,

6    relied on the misrepresentations fails because a principal can

7    sue for fraud committed on his agent.  Cal. Civ. Code § 2330.

8        The Cohens also contend that the fraud claim must fail

9    because Duncan does not allege that he suffers pecuniary

10   damages.  Actual damages are a requirement of a fraud claim.

11   Alliance Mortgage Co. v. Rothwell, 10 Cal.4th 1226, 1239

12   (1995).  However, I read plaintiff's fraud claim as seeking

13   not damages but a declaration that the fraudulently induced

14   agreement is invalid, much like a claim for rescission based

15   on fraud.  See Cal. Civil Code § 1689 (b)(1).  If plaintiff is

16   seeking damages for fraud, he must amend his complaint by

17   **August 1, 2008.**

18       Finally, the Cohens contend that Duncan's fraud claim is

19   barred by the three-year statute of limitations.  Cal. Code

20   Civ. Proc. § 338(d).  In his complaint filed on April 30,

21   2008, Duncan alleges that he only became aware of the alleged

22   fraud in late 2005 or early 2006.[4]  Under the delayed

23

24       [3]    Because I am reviewing the claim under Rule 12(b)(6),
     I did not consider the budget submitted by the Cohens in
25   support of their motion.  U.S. v. Ritchie, 342 F.3d at 907;
     Fed. R. Civ. P. 12(b).
26

27       [4]    Contrary to the Cohens' allegations, Duncan does not
     plead that the he was aware of the fraud in 1987.  Rather he
     merely alleges that he was aware of the request for the
28   extension of the option at that time.  (Compl. at ¶ 28.)

1    discovery rule, based on the allegations in the complaint,

2    Duncan's fraud claim is timely.  <u>E-Fab, Inc. v. Accountants,</u>

3    <u>Inc. Servs.</u>, 153 Cal.App.4th 1308, 1318 (2007).

4         For all these reasons, the Cohens' motion to dismiss

5    Duncan's fraud claim is **DENIED.**

6    <u>Conspiracy:</u>

7         The Cohens motion to dismiss Duncan's conspiracy claim is

8    also **DENIED.**  Contrary to the Cohens' argument, Duncan is not

9    required to plead his claim of conspiracy with the specificity

10   required of a fraud claim.  <u>Quelimane Co. v. Stewart Title</u>

11   <u>Guaranty Co.</u>, 19 Cal.4th 26, 47 -48 (1998).

12   <u>False Advertising and Right of Publicity Claims:</u>

13        In their moving papers, the Cohens contend that the

14   Letter Agreement between Sierra Club and the Cohens permits

15   them to use Duncan's name on their website and to solicit

16   funds.  However, Duncan's complaint alleges that the Letter

17   Agreement is invalid and for the purposes of ruling on this

18   motion, I must accept Duncan's allegations as true and **DENY**

19   the Cohen's motion as to these claims.  <u>Aquino</u>, 2008 WL

20   1734752, at *1.

21        The Cohens also raise new arguments for the first time in

22   their reply papers that the nominative use of Duncan's name is

23   permitted.  I have not considered the nominative use

24   arguments.  <u>Zamani v. Carnes</u>, 491 F.3d 990, 997 (9th Cir.

25   2007)( A "court need not consider arguments raised for the

26   first time in a reply brief.")

27   ///

28   ///

14

1    For the reasons set forth above, the Cohens' motion is

2  **DENIED**.  The Cohens shall answer by **August 4, 2008.**

3  Dated: July 22, 2008

4

5  _____

6    Bernard Zimmerman
     United States Magistrate Judge

7

8  G:\BZALL\-BZCASES\DUNCAN V. COHEN\MOTION TO DISMISS.FINAL RULING.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28