1

Lizbeth Hasse (#104517)
Creative Industry Law Group

2

526 Columbus Ave., 2nd floor
San Francisco, CA 94133

3

(415) 433-4380

4

Thomas A. Cohen (#154581)

5

Law Offices of Thomas A. Cohen
639 Front St., 4th floor

6

San Francisco, CA 94111
(415) 777-1997

7

8

Attorneys for Defendants
Thomas A. Cohen dba Hammermark Productions

9

Kristi Denton Cohen dba Peloton Productions

10

11

UNITED STATES DISTRICT COURT

12

NORTHERN DISTRICT OF CALIFORNIA

13

14

DAVID JAMES DUNCAN,                         Case No.:  CV 08 2243 BZ

15

            Plaintiff,                      ECF CASE

16

      vs.                                   DEFENDANT KRISTI DENTON COHEN'S
                                            ANSWER TO DUNCAN'S COMPLAINT

17

THOMAS A. COHEN d/b/a                       AND DEMAND FOR JURY TRIAL
HAMMERMARK PRODUCTIONS, KRISTI

18

DENTON COHEN d/b/a PELOTON
PRODUCTIONS, and SIERRA CLUB

19

BOOKS,

20

            Defendants

21

22

23

        Defendant Kristi Denton Cohen answering for herself and Peloton Productions

24

(collectively "Defendant") in response to the Complaint filed by David James Duncan

25

("Plaintiff"), admits, denies and alleges as follows:

Defendant Kristi Denton Cohen's Answer                                        1

**INTRODUCTION**

1.  Answering paragraph 1, Defendant admits that Plaintiff is the author of books, short stories and essays but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies each and every allegation.

2.  Answering paragraph 2, Defendant admits that she has produced corporate training films, among many other kinds of films and video, and that she is the wife of Thomas A. Cohen from whom she acquired the right to prepare a film derivative work of the novel, *The River Why*. Defendant otherwise denies, generally and specifically, each and every allegation in this paragraph.

3.  Answering paragraph 3, Defendant admits that Sierra Club Books sold Hammermark Productions, Inc. an option to prepare the film derivative work of *The River Why*.  Defendant objects that the allegations, including the allegation that Sierra Club was acting as Duncan's agent, call for a legal conclusion to which no answer is required.  Defendant otherwise denies, generally and specifically, each and every allegation in this paragraph.

4.  Answering paragraph 4, Defendant denies, generally and specifically, each and every allegation in this paragraph.

**PARTIES**

5.  Answering paragraph 5, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6.  Defendant admits the allegations of paragraph 6.

7.  Defendant admits the allegations of paragraph 7.

8.  Answering paragraph 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

**NATURE OF THE CASE**

1     9.  Defendant admits that paragraph 9 describes the nature of the case, but denies liability

2  for each and every claim for relief.

3            **JURISDICTION AND VENUE**

4     10.  Answering paragraph 10, Defendant denies, generally and specifically, that this

5  Court has jurisdiction over any claim alleged by Plaintiff in his Complaint.

6     11.  Answering paragraph 11, Defendant denies, generally and specifically, that this

7  District is the proper venue.

8            **INTRADISTRICT ASSIGNMENT**

9     12.  Defendant admits that if this Court had jurisdiction, the case may be assigned on a

10  district-wide basis.

11        **BACKGROUND FACTS COMMON TO ALL CLAIMS**

12     13.  Answering paragraph 13, Defendant is without knowledge or information sufficient

13  to form a belief as to the truth of the allegations of this paragraph, and on that basis denies,

14  generally and specifically, each and every such allegation.

15     14.  Answering paragraph 14, Defendant is without knowledge or information sufficient

16  to form a belief as to the truth of the allegations of this paragraph, and on that basis denies,

17  generally and specifically, each and every such allegation.  Defendant objects that the

18  allegations, including the allegation that the Publishing Agreement did not convey the copyright

19  or ownership of any rights to prepare a derivative work of *The River Why*, call for a legal

20  conclusion to which no answer is required.

21     15.  Answering paragraph 15, Defendant is without knowledge or information sufficient

22  to form a belief as to the truth of the allegations of this paragraph, and on that basis denies,

23  generally and specifically, each and every such allegation.

24     16.  Answering paragraph 16, Defendant admits that Exhibit 1 is a copy of a letter

25  agreement for the film rights to *The River Why*.  Defendant affirmatively alleges that the

operative documents speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

17. Answering paragraph 17, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

18. Answering paragraph 18, Defendant affirmatively alleges that the operative documents speak for themselves.

19. Answering paragraph 19, Defendant affirmatively alleges that the operative documents speak for themselves. Defendant denies, generally and specifically, each and every other such allegation in this paragraph.

20. Answering paragraph 20, Defendant affirmatively alleges that the operative documents speak for themselves.

21. Answering paragraph 21, Defendant affirmatively alleges that the operative documents speak for themselves. Defendant objects that this paragraph calls for legal conclusions to which no answer is required. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

22. Answering paragraph 22, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

23. Answering paragraph 23, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

24.  Answering paragraph 22, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.  Defendant affirmatively alleges that the operative documents speak for themselves.

25.  Answering paragraph 25, Defendant affirmatively alleges that the operative documents speak for themselves.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

26.  Answering paragraph 26, Defendant affirmatively alleges that the operative documents speak for themselves.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

27.  Answering paragraph 27, Defendant affirmatively alleges that the operative documents speak for themselves.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

28.  Answering paragraph 28, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

29.  Answering paragraph 29, Defendant affirmatively alleges that the operative documents speak for themselves.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

30.  Answering paragraph 30, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.  Defendant is otherwise without knowledge or

1    information sufficient to form a belief as to the truth of the allegations of this paragraph, and on

2    that basis denies, generally and specifically, each and every such allegation.

3        31. Answering paragraph 31, Defendant objects that this paragraph calls for legal

4    conclusions to which no answer is required. Defendant is otherwise without knowledge or

5    information sufficient to form a belief as to the truth of the allegations of this paragraph, and on

6    that basis denies, generally and specifically, each and every such allegation.

7        32. Answering paragraph 32, Defendant objects that this paragraph calls for legal

8    conclusions to which no answer is required. Defendant affirmatively alleges that the operative

9    documents speak for themselves. Defendant is otherwise without knowledge or information

10   sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis

11   denies, generally and specifically, each and every such allegation.

12       33. Answering paragraph 33, Defendant admits that photography of *The River Why* did

13   not commence by 1993. Defendant is otherwise without knowledge or information sufficient to

14   form a belief as to the truth of the allegations of this paragraph, and on that basis denies,

15   generally and specifically, each and every such allegation.

16       34. Answering paragraph 34, Defendant affirmatively alleges that the operative

17   documents speak for themselves. Defendant is otherwise without knowledge or information

18   sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis

19   denies, generally and specifically, each and every such allegation.

20       35. Answering paragraph 35, is without knowledge or information sufficient to form a

21   belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and

22   specifically, each and every such allegation.

23       36. Answering paragraph 36, Defendant admits that in or about 2004, Thomas A. Cohen

24   conveyed the Letter Agreement to Defendant. Defendant otherwise denies, generally and

25   specifically, each and every other allegation of this paragraph.

Defendant Kristi Denton Cohen's Answer                                                          6

37.  Answering paragraph 37, Defendant admits that in or about 2004 she contacted Plaintiff to tell him of her efforts to produce the film.  Defendant objects that this paragraph calls for legal conclusions to which no answer is required.  Defendant otherwise denies, generally and specifically, each and every other allegation of this paragraph.

38.  Answering paragraph 38, Defendant admits that Peloton Productions maintains a website and that Exhibit 15 is a truncated copy of the webpage devoted to *The River Why* as such webpage appeared before the Complaint was filed.

39.  Answering paragraph 39, Defendant denies, generally and specifically, each and every allegation of this paragraph.

40.  Answering paragraph 40, Defendant admits the allegations of this paragraph.

41.  Answering paragraph 41, Defendant admits that Peloton Productions filed a lawsuit against Sierra Club in California State Court, which resulted in a stipulated judgment.  Defendant affirmatively alleges that the judgment is a matter of public record and the document speaks for itself.  Except as expressly admitted, Defendant denies, generally and specifically, each and every allegation of this paragraph.

42.  Answering paragraph 42, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement Against Defendant Denton Cohen)

43.  Answering paragraph 43, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 as though they were fully stated here.

44.  Answering paragraph 44, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

1    45. Answering paragraph 45, Defendant objects that this paragraph calls for legal

2    conclusions to which no answer is required.

3    46. Answering paragraph 46, Defendant objects that this paragraph calls for legal

4    conclusions to which no answer is required.

5    47. Answering paragraph 47, Defendant objects that this paragraph calls for legal

6    conclusions to which no answer is required.

7    48. Answering paragraph 48, Defendant objects that this paragraph calls for legal

8    conclusions to which no answer is required.

9                    **<u>SECOND CLAIM FOR RELIEF</u>**

10                 **(Declaratory Relief Against All Defendants)**

11    49. Answering paragraph 49, Defendant incorporates by reference its responses to the

12    allegations contained in paragraphs 1 through 48 as though they were fully stated here.

13    50. Answering paragraph 50, Defendant objects that this paragraph calls for legal

14    conclusions to which no answer is required.

15    51. Answering paragraph 51, Defendant objects that this paragraph calls for legal

16    conclusions to which no answer is required.

17    52. Answering paragraph 52, Defendant objects that this paragraph calls for legal

18    conclusions to which no answer is required.

19    53. Answering paragraph 53, Defendant objects that this paragraph calls for legal

20    conclusions to which no answer is required.

21    54. Answering paragraph 54, Defendant objects that this paragraph calls for legal

22    conclusions to which no answer is required.

23    55. Answering paragraph 55, Defendant objects that this paragraph calls for legal

24    conclusions to which no answer is required.

25

56.  Answering paragraph 56, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

57.  Answering paragraph 57, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

58.  Answering paragraph 58, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

## THIRD CLAIM FOR RELIEF

### (Breach of Fiduciary Duty Against Defendant SCB)

59.  Answering paragraph 59, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 58 as though they were fully stated here.

60.  Answering paragraph 60, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

61.  Answering paragraph 61, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

62.  Answering paragraph 62, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

63.  Answering paragraph 63, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

64.  Answering paragraph 64, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

## FOURTH CLAIM FOR RELIEF

### (Actual Fraud as to Defendant Cohen; Cal. C. Code § 1572)

65.  Answering paragraph 65, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 64 as though they were fully stated here.

66. Answering paragraph 66, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

67. Answering paragraph 67, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

68. Answering paragraph 68, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

69. Answering paragraph 69, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.  Defendant admits that she obtained the right to prepare a film derivative work from her husband.  Except as expressly admitted, Defendant denies the allegations of this paragraph.

70. Answering paragraph 70, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

## FIFTH CLAIM FOR RELIEF

### (Constructive Fraud as to SCB; Cal. C. Code § 1573)

71. Answering paragraph 71, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 71 as though they were fully stated here.

72. Answering paragraph 72, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.  Defendant is without knowledge or information

1  sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis

2  denies, generally and specifically, each and every such allegation.

3      73.  Answering paragraph 73, Defendant is without knowledge or information sufficient

4  to form a belief as to the truth of the allegations of this paragraph, and on that basis denies,

5  generally and specifically, each and every such allegation.

6      74.  Answering paragraph 74, Defendant objects that this paragraph calls for legal

7  conclusions to which no answer is required.

8  ### SIXTH CLAIM FOR RELIEF

9  **(Conspiracy to Defraud Against All Defendants)**

10      75.  Answering paragraph 75, Defendant incorporates by reference its responses to the

11  allegations contained in paragraphs 1 through 74 as though they were fully stated here.

12      76.  Answering paragraph 76, Defendant is without knowledge or information sufficient

13  to form a belief as to the truth of the allegations of the second and third sentences of this

14  paragraph, and on that basis denies, generally and specifically, each and every such allegation.

15  Defendant denies, generally and specifically, each and every allegation of the first and fourth

16  sentences except to admit that Defendant entered into a stipulated judgment with Sierra Club.

17      77.  Answering paragraph 77, Defendant objects that this paragraph calls for legal

18  conclusions to which no answer is required.

19      78.  Answering paragraph 78, Defendant admits entering into a stipulated judgment with

20  Sierra Club. Except as expressly admitted, Defendant denies, generally and specifically, each and

21  every allegation of this paragraph.

22      79.  Answering paragraph 79, Defendant denies, generally and specifically, each and

23  every allegation of this paragraph and denies that declaratory relief is appropriate in this case.

24  ### SEVENTH CLAIM FOR RELIEF

25  **(False Advertising Against Denton Cohen; 15 U.S.C. § 1125)**

80. Answering paragraph 80, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 79 as though they were fully stated here.

81. Answering paragraph 81, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.  The document speaks for itself.  Except as expressly admitted, Defendant denies, generally and specifically, each and every allegation of this paragraph.

82. Answering paragraph 82, Defendant denies, generally and specifically, each and every allegation of this paragraph.

83. Answering paragraph 83, Defendant admits that Peloton Productions' website is accessible in interstate commerce.  Except as expressly admitted, Defendant denies, generally and specifically, each and every allegation of this paragraph.

84. Answering paragraph 84, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

85. Answering paragraph 85, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.  Defendant denies that injunctive relief is appropriate in this action.

## EIGHTH CLAIM FOR RELIEF

### (Violation of the Right of Publicity; Cal. Civ. Code § 3344)

86. Answering paragraph 86, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 85 as though they were fully stated here.

87. Answering paragraph 87, the document speaks for itself.  Except as expressly admitted, Defendant denies, generally and specifically, each and every allegation of this paragraph.

88. Answering paragraph 88, Defendant denies, generally and specifically, each and every allegation of this paragraph.

89.  Answering paragraph 89, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

90.  Answering paragraph 90, Defendant denies, generally and specifically, each and every allegation of this paragraph.  Defendant denies that injunctive relief is appropriate in this action.

## SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the material allegations in the Complaint, Defendant asserts the following separate and independent affirmative defenses without conceding that Defendant has the burden of proof or persuasion with regard to any of them.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      Plaintiff has failed to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

2.      Plaintiff is barred from maintaining his claims to obtaining relief sought under the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.      Plaintiff's claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.      Plaintiff's claims are barred by the doctrine of waiver.

1

2

## FIFTH AFFIRMATIVE DEFENSE

### (Express Consent)

3

4

5.      Plaintiff's claims are barred because plaintiff consented to all the acts complained of in the complaint, and said consent was both express and implied.

5

6

## SIXTH AFFIRMATIVE DEFENSE

### (Fair Use – Lanham Act)

7

8

6.      Defendant's alleged use of Plaintiff's name is lawful based on the doctrine of fair use as Defendant is entitled to nominative use of the author's name in connection with his book.

9

10

## SEVENTH AFFIRMATIVE DEFENSE

### (First Amendment)

11

12

7.      Plaintiff's claims are barred based on the First Amendment.

13

## EIGHTH AFFIRMATIVE DEFENSE

### (Acquiescence)

14

15

16

8.      Plaintiff's claims are barred because Plaintiff acquiesced, ratified or consented to Defendant's creation of a derivative film based on his novel.

17

## NINTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

18

19

20

9.      Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff, if any, is not immediate or irreparable.

21

22

23

24

25

1

2

### TENTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

3

4

5

10.     Plaintiff's claim for copyright infringement is barred by the doctrine of copyright misuse, as Plaintiffs' initiation of this action is an attempt to secure an exclusive right to prepare a derivative work of *The River Why* despite having conveyed that right to Defendants.

6

7

### ELEVENTH AFFIRMATIVE DEFENSE

### (Standing)

8

9

10

11

12

11.     Plaintiff's claims are barred because Plaintiff lacks standing to prosecute federal claims for copyright infringement and Lanham Act violations because the rights to his novel and the use of his name were conveyed to Defendants.  Without the federal claims, Plaintiff has no standing to pursue State law claims in federal court.

13

14

### TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

15

12.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

16

17

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Disclaimer)

18

19

13.     Plaintiff's Seventh and Eighth Claims for Relief are barred because an injunction is improper where an explanation or disclaimer will suffice.

20

21

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

22

23

24

14.     Plaintiff's claims are barred because Plaintiff suffered no legally cognizable damages as a result of any act or omission by Defendant.

25

1

2

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

3

15.     Plaintiff has failed to mitigate its purported damages and recovery of any such

4

damages, if any, must be reduced accordingly.

5

## SIXTEENTH AFFIRMATIVE DEFENSE

6

### (No Causation)

7

16.     Defendant did not intentionally or otherwise deprive or cause Plaintiff to be

8

deprived of any of his rights.  Defendant did not violate or cause the violation of any of

9

Plaintiff's rights.

10

## SEVENTEENTH AFFIRMATIVE DEFENSE

11

### (Statute of Limitations)

12

17.     The Complaint is barred by the applicable statute of limitations.

13

## EIGHTEENTH AFFIRMATIVE DEFENSE

14

### (Damages Vague)

15

18.     The Complaint is barred, in whole or in part, because Plaintiff's damages, if any,

16

are vague, uncertain, imaginary, and speculative.

17

## NINETEENTH AFFIRMATIVE DEFENSE

18

### (Indemnity)

19

19.     The Complaint is barred, in whole or in part, because Plaintiff's damages, if any,

20

were directly and proximately caused by the fault of co-defendants or third parties.  Accordingly,

21

if plaintiff is found to have sustained damages, Defendant is not liable for those damages, or is

22

liable for only a portion of those damages and is entitled to apportionment thereof.

23

24

25

WHEREFORE, Defendant prays for relief as follows:

1.  That plaintiff take nothing by reason of the Complaint in this matter, and that judgment be rendered in favor of Defendant;

2.  That Defendant be awarded its costs of suit incurred in defense of this matter, including reasonable attorneys' fees pursuant to the Copyright Act and otherwise;

3.  For such other relief as the Court deems just and proper.


Dated:  August 4, 2008

                                         /s/  Lizbeth Hasse
                                        Lizbeth Hasse
                                        Creative Industry Law Group

                                        and

                                        Thomas A. Cohen
                                        Law Offices of Thomas A. Cohen

                                        Attorneys for the Cohen Defendants

1

## **DEMAND FOR JURY TRIAL**

2

In accordance with Federal Rule of Civil Procedure 38(b), Defendant Kristi Denton

3

Cohen demands a trial by jury on all issues triable by a jury.

4

Dated: August 4, 2008                                  Respectfully submitted,

5

_____/s/_Lizbeth Hasse_____

6                                                                   Lizbeth Hasse
                                                                     Creative Industry Law Group
7                                                                   Attorney for Defendant
                                                                     KRISTI DENTON COHEN
8

9

10

## **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

11

Pursuant to Civil Local Rule 3-16, the undersigned certifies that Steel Head Films LLC has an

12

interest in the subject matter of the litigation and that as of this date, other than the named

13

parties, there is no other such interest to report.

14

Dated: August 4, 2008                                  Respectfully submitted,

15

_____/s/_Lizbeth Hasse_____

16                                                                 Lizbeth Hasse
                                                                     Creative Industry Law Group
17                                                                 Attorney for Defendant
                                                                     KRISTI DENTON COHEN
18

19

20

21

22

23

24

25