Lizbeth Hasse (#104517)
Creative Industry Law Group
526 Columbus Ave., 2nd floor
San Francisco, CA 94133
(415) 433-4380

Thomas A. Cohen (#154581)
Law Offices of Thomas A. Cohen
639 Front St., 4th floor
San Francisco, CA 94111
(415) 777-1997

Attorneys for Defendants
Thomas A. Cohen dba Hammermark Productions
Kristi Denton Cohen dba Peloton Productions

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES DUNCAN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>THOMAS A. COHEN d/b/a HAMMERMARK PRODUCTIONS, KRISTI DENTON COHEN d/b/a PELOTON PRODUCTIONS, and SIERRA CLUB BOOKS,<br><br>　　　　Defendants | Case No.: CV 08 2243 BZ<br><br>ECF CASE<br><br>DEFENDANT THOMAS A. COHEN'S ANSWER TO DUNCAN'S COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

　　　Defendant Thomas A. Cohen answering for himself and Hammermark Productions (collectively "Defendant") in response to the Complaint filed by David James Duncan ("Plaintiff"), admits, denies and alleges as follows:

Defendant Thomas A. Cohen's Answer                                                                                           1

## INTRODUCTION

1. Answering paragraph 1, Defendant admits that Plaintiff is the author of books, short stories and essays but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies each and every allegation.

2. Answering paragraph 2, Defendant admits that he is an attorney, and that he is the husband of Kristi Denton Cohen to whom he conveyed the right to prepare a film derivative work of the novel, *The River Why*. Defendant otherwise denies, generally and specifically, each and every allegation in this paragraph.

3. Answering paragraph 3, Defendant admits that Sierra Club Books sold Hammermark Productions, Inc. an option to prepare the film derivative work of *The River Why*. Defendant objects that the allegations, including the allegation that Sierra Club was acting as Duncan's agent, call for a legal conclusion to which no answer is required. Defendant otherwise denies, generally and specifically, each and every allegation in this paragraph.

4. Answering paragraph 4, Defendant denies, generally and specifically, each and every allegation in this paragraph.

## PARTIES

5. Answering paragraph 5, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6. Defendant admits the allegations of paragraph 6.

7. Defendant admits the allegations of paragraph 7.

8. Answering paragraph 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## NATURE OF THE CASE

9. Defendant admits that paragraph 9 describes the nature of the case, but denies liability for each and every claim for relief.

## JURISDICTION AND VENUE

10. Answering paragraph 10, Defendant denies, generally and specifically, that this Court has jurisdiction over any claim alleged by Plaintiff in his Complaint.

11. Answering paragraph 11, Defendant denies, generally and specifically, that this District is the proper venue.

## INTRADISTRICT ASSIGNMENT

12. Defendant admits that if this Court had jurisdiction, the case may be assigned on a district-wide basis.

## BACKGROUND FACTS COMMON TO ALL CLAIMS

13. Answering paragraph 13, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

14. Answering paragraph 14, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation. Defendant objects that the allegations, including the allegation that the Publishing Agreement did not convey the copyright or ownership of any rights to prepare a derivative work of *The River Why*, call for a legal conclusion to which no answer is required.

15. Answering paragraph 15, Defendant admits that *The River Why* was published in 1983, but is without knowledge or information sufficient to form a belief as to the truth of the allegations of the rest of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

16. Answering paragraph 16, Defendant admits that Exhibit 1 is a copy of a letter agreement for the film rights to *The River Why*. Defendant affirmatively alleges that the operative documents speak for themselves. Defendant admits all allegations in this paragraph except the allegation that he knew that Duncan owned the copyright to *The River Why* and that SCB acted only as his agent. Defendant denies that he knew that Duncan owned the copyright to *The River Why* and that SCB acted only as his agent.

17. Answering paragraph 17, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation except that Defendant admits that he countersigned the Letter Agreement.

18. Answering paragraph 18, Defendant affirmatively alleges that the operative documents speak for themselves.

19. Answering paragraph 19, Defendant affirmatively alleges that the operative documents speak for themselves. Defendant denies, generally and specifically, each and every other such allegation in this paragraph.

20. Answering paragraph 20, Defendant affirmatively alleges that the operative documents speak for themselves.

21. Answering paragraph 21, Defendant affirmatively alleges that the operative documents speak for themselves. Defendant objects that this paragraph calls for legal conclusions to which no answer is required. Defendant admits he wrote a first draft of the screenplay by on or about April 12, 1985. Defendant admits that Hammermark Productions, Inc. dissolved. Except as otherwise expressly admitted, Defendant denies, generally and specifically, every other allegation.

1    22. Answering paragraph 22, Defendant denies, generally and specifically, each and
2 every such allegation.

3    23. Answering paragraph 23, Defendant affirmatively alleges that the operative
4 documents speak for themselves. Defendant admits he wrote 2 letters to Beckmann in April
5 1987. Except as expressly admitted, Defendant basis denies, generally and specifically, each and
6 every allegation of this paragraph.

7    24. Answering paragraph 24, Defendant affirmatively alleges that the operative
8 documents speak for themselves. Defendant is otherwise without knowledge or information
9 sufficient to form a belief as to the truth of the allegations of this paragraph as to what SCB
10 communicated to Duncan, and on that basis denies, generally and specifically, each and every
11 such allegation. Defendant admits that Cohen and SCB executed a letter agreement extending
12 the option and that he paid SCB $2,000, but denies all other allegations of this paragraph unless
13 expressly admitted.

14    25. Answering paragraph 25, Defendant affirmatively alleges that the operative
15 documents speak for themselves. Defendant is otherwise without knowledge or information
16 sufficient to form a belief as to the truth of the allegations of this paragraph as to what SCB or
17 Duncan believed, and on that basis denies, generally and specifically, each and every such
18 allegation. Defendant admits that SCB granted an extension of the option.

19    26. Answering paragraph 26, Defendant affirmatively alleges that the operative
20 documents speak for themselves.

21    27. Answering paragraph 27, Defendant affirmatively alleges that the operative
22 documents speak for themselves. Defendant admits he sent a letter and a check to SCB on or
23 about October 14, 1987 in order to extend the option. Defendant denies, generally and
24 specifically, every other allegation of this paragraph.

25

28. Answering paragraph 28, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

29. Answering paragraph 29, Defendant affirmatively alleges that the operative documents speak for themselves. Defendant denies, generally and specifically, that River Why Partners purported to exercise the Option. Defendant admits he tendered payment with a letter sent on or about October 12, 1988.

30. Answering paragraph 30, Defendant objects that this paragraph calls for legal conclusions to which no answer is required. Defendant denies, generally and specifically, each and every allegation of this paragraph.

31. Answering paragraph 31, Defendant objects that this paragraph calls for legal conclusions to which no answer is required. Defendant denies, generally and specifically, each and every allegation of this paragraph.

32. Answering paragraph 32, Defendant objects that this paragraph calls for legal conclusions to which no answer is required. Defendant affirmatively alleges that the operative documents speak for themselves. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation except that Defendant admits he received the letter attached as Exhibit 13.

33. Answering paragraph 33, Defendant admits that photography of *The River Why* did not commence by 1993. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

34. Answering paragraph 34, Defendant affirmatively alleges that the operative documents speak for themselves. Defendant is otherwise without knowledge or information

1  sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis
2  denies, generally and specifically, each and every such allegation except that Defendant admits
3  he received the letter attached as Exhibit 14.

4      35. Answering paragraph 35, Defendant admits that Duncan and his agent made efforts
5  to cooperate with Defendant, but denies that these attempts went nowhere.

6      36. Answering paragraph 36, Defendant admits that in or about 2004, Thomas A. Cohen
7  conveyed the Letter Agreement to Kristi Denton Cohen.  Defendant otherwise denies, generally
8  and specifically, each and every other allegation of this paragraph.

9      37. Answering paragraph 37, Defendant admits that in or about 2004 Kristi Denton
10 Cohen contacted Plaintiff to tell him of her efforts to produce the film.  Defendant objects that
11 this paragraph calls for legal conclusions to which no answer is required.  Defendant otherwise
12 denies, generally and specifically, each and every other allegation of this paragraph.

13     38. Answering paragraph 38, Defendant admits that Peloton Productions maintains a
14 website and that Exhibit 15 is a truncated copy of the webpage devoted to *The River Why* as such
15 webpage appeared before the Complaint was filed.

16     39. Answering paragraph 39, Defendant denies, generally and specifically, each and
17 every allegation of this paragraph.

18     40. Answering paragraph 40, Defendant admits the allegations of this paragraph.

19     41. Answering paragraph 41, Defendant admits that Peloton Productions filed a lawsuit
20 against Sierra Club in California State Court, which resulted in a stipulated judgment.  Defendant
21 affirmatively alleges that the judgment is a matter of public record and the document speaks for
22 itself.  Except as expressly admitted, Defendant denies, generally and specifically, each and
23 every allegation of this paragraph.

24
25

1    42. Answering paragraph 42, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement Against Defendant Denton Cohen)**

43. Answering paragraph 43, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 42 as though they were fully stated here.

44. Answering paragraph 44, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

45. Answering paragraph 45, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

46. Answering paragraph 46, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

47. Answering paragraph 47, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

48. Answering paragraph 48, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Relief Against All Defendants)**

49. Answering paragraph 49, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 48 as though they were fully stated here.

50. Answering paragraph 50, Defendant objects that this paragraph calls for legal conclusions to which no answer is required. Defendant denies that the assignments are invalid or that the agreement has terminated or that film rights have reverted to Plaintiff.

51. Answering paragraph 51, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.  Defendant denies that he knew that SCB allegedly did not own the film rights or that SCB allegedly owed a fiduciary relationship to Duncan. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as to what SCB concealed from Duncan or what Duncan preferred, and on that basis denies, generally and specifically, each and every such allegation.

52. Answering paragraph 52, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.  Defendant denies, generally and specifically, each and every allegation of this paragraph.

53. Answering paragraph 53, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.  Defendant denies, generally and specifically, each and every factual allegation of this paragraph.

54. Answering paragraph 54, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

55. Answering paragraph 55, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.  Defendant denies, generally and specifically, each and every factual allegation of this paragraph.

56. Answering paragraph 56, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.  Defendant denies, generally and specifically, each and every factual allegation of this paragraph.

57. Answering paragraph 57, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

58. Answering paragraph 58, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

## THIRD CLAIM FOR RELIEF

**(Breach of Fiduciary Duty Against Defendant SCB)**

59. Answering paragraph 59, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 58 as though they were fully stated here.

60. Answering paragraph 60, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

61. Answering paragraph 61, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

62. Answering paragraph 62, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

63. Answering paragraph 63, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

64. Answering paragraph 64, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

## FOURTH CLAIM FOR RELIEF

**(Actual Fraud as to Defendant Cohen; Cal. C. Code § 1572)**

65. Answering paragraph 65, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 64 as though they were fully stated here.

66. Answering paragraph 66, Defendant objects that this paragraph calls for legal conclusions to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as to what Duncan approved of, and on that basis denies, generally and specifically, each and every such allegation. Defendant denies, generally and specifically, every other allegation.

67. Answering paragraph 67, Defendant objects that this paragraph calls for legal conclusions to which no answer is required. Defendant denies, generally and specifically, each and every allegation of this paragraph.

68. Answering paragraph 68, Defendant objects that this paragraph calls for legal conclusions to which no answer is required. Defendant denies, generally and specifically, each and every allegation of this paragraph.

69. Answering paragraph 69, Defendant objects that this paragraph calls for legal conclusions to which no answer is required. Defendant admits that he obtained the right to prepare a film derivative work from SCB and conveyed it to his wife. Except as expressly admitted, Defendant denies the allegations of this paragraph.

70. Answering paragraph 70, Defendant objects that this paragraph calls for legal conclusions to which no answer is required and specifically denies any liability for fraud.

### FIFTH CLAIM FOR RELIEF

**(Constructive Fraud as to SCB; Cal. C. Code § 1573)**

71. Answering paragraph 71, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 71 as though they were fully stated here.

72. Answering paragraph 72, Defendant objects that this paragraph calls for legal conclusions to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

73. Answering paragraph 73, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

74. Answering paragraph 74, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

### SIXTH CLAIM FOR RELIEF

**(Conspiracy to Defraud Against All Defendants)**

75. Answering paragraph 75, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 74 as though they were fully stated here.

76. Answering paragraph 76, Defendant denies, generally and specifically, each and every such allegation. Defendant denies, generally and specifically, each and allegation of this paragraph except to admit that Defendant entered into a stipulated judgment with Sierra Club.

77. Answering paragraph 77, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

78. Answering paragraph 78, Defendant admits that Peloton entered into a stipulated judgment with Sierra Club. Except as expressly admitted, Defendant denies, generally and specifically, each and every allegation of this paragraph.

79. Answering paragraph 79, Defendant denies, generally and specifically, each and every allegation of this paragraph and denies that declaratory relief is appropriate in this case.

## SEVENTH CLAIM FOR RELIEF

### (False Advertising Against Denton Cohen; 15 U.S.C. § 1125)

80. Answering paragraph 80, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 79 as though they were fully stated here.

81. Answering paragraph 81, Defendant objects that this paragraph calls for legal conclusions to which no answer is required. The document speaks for itself. Except as expressly admitted, Defendant denies, generally and specifically, each and every allegation of this paragraph.

82. Answering paragraph 82, Defendant denies, generally and specifically, each and every allegation of this paragraph.

83. Answering paragraph 83, Defendant admits that Peloton Productions' website is accessible in interstate commerce. Except as expressly admitted, Defendant denies, generally and specifically, each and every allegation of this paragraph.

84. Answering paragraph 84, Defendant objects that this paragraph calls for legal conclusions to which no answer is required.

85. Answering paragraph 85, Defendant objects that this paragraph calls for legal conclusions to which no answer is required. Defendant denies that injunctive relief is appropriate in this action.

## EIGHTH CLAIM FOR RELIEF

**(Violation of the Right of Publicity; Cal. Civ. Code § 3344)**

86. Answering paragraph 86, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 85 as though they were fully stated here.

87. Answering paragraph 87, the document speaks for itself. Except as expressly admitted, Defendant denies, generally and specifically, each and every allegation of this paragraph.

88. Answering paragraph 88, Defendant denies, generally and specifically, each and every allegation of this paragraph.

89. Answering paragraph 89, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

90. Answering paragraph 90, Defendant denies, generally and specifically, each and every allegation of this paragraph. Defendant denies that injunctive relief is appropriate in this action.

## SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the material allegations in the Complaint, Defendant asserts the following separate and independent affirmative defenses without conceding that Defendant has the burden of proof or persuasion with regard to any of them.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. Plaintiff has failed to state a claim against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Estoppel)**

2. Plaintiff is barred from maintaining his claims to obtaining relief sought under the doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

3. Plaintiff's claims are barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

4. Plaintiff's claims are barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

**(Express Consent)**

5. Plaintiff's claims are barred because plaintiff consented to all the acts complained of in the complaint, and said consent was both express and implied.

**SIXTH AFFIRMATIVE DEFENSE**

**(Fair Use – Lanham Act)**

6. Defendant's alleged use of Plaintiff's name is lawful based on the doctrine of fair use as Defendant is entitled to nominative use of the author's name in connection with his book.

**SEVENTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

7. Plaintiff's claims are barred based on the First Amendment.

### EIGHTH AFFIRMATIVE DEFENSE

**(Acquiescence)**

8. Plaintiff's claims are barred because Plaintiff acquiesced, ratified or consented to Defendant's creation of a derivative film based on his novel.

### NINTH AFFIRMATIVE DEFENSE

**(No Injunctive Relief)**

9. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff, if any, is not immediate or irreparable.

### TENTH AFFIRMATIVE DEFENSE

**(Copyright Misuse)**

10. Plaintiff's claim for copyright infringement is barred by the doctrine of copyright misuse, as Plaintiffs' initiation of this action is an attempt to secure an exclusive right to prepare a derivative work of *The River Why* despite having conveyed that right to Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Standing)**

11. Plaintiff's claims are barred because Plaintiff lacks standing to prosecute federal claims for copyright infringement and Lanham Act violations because the rights to his novel and the use of his name were conveyed to Defendants.  Without the federal claims, Plaintiff has no standing to pursue State law claims in federal court.

### TWELFTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Disclaimer)

13. Plaintiff's Seventh and Eighth Claims for Relief are barred because an injunction is improper where an explanation or disclaimer will suffice.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

14. Plaintiff's claims are barred because Plaintiff suffered no legally cognizable damages as a result of any act or omission by Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

15. Plaintiff has failed to mitigate its purported damages and recovery of any such damages, if any, must be reduced accordingly.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Causation)

16. Defendant did not intentionally or otherwise deprive or cause Plaintiff to be deprived of any of his rights. Defendant did not violate or cause the violation of any of Plaintiff's rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

17. The Complaint is barred by the applicable statute of limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Damages Vague)

18. The Complaint is barred, in whole or in part, because Plaintiff's damages, if any, are vague, uncertain, imaginary, and speculative.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Indemnity)**

19. The Complaint is barred, in whole or in part, because Plaintiff's damages, if any, were directly and proximately caused by the fault of co-defendants or third parties. Accordingly, if plaintiff is found to have sustained damages, Defendant is not liable for those damages, or is liable for only a portion of those damages and is entitled to apportionment thereof.

WHEREFORE, Defendant prays for relief as follows:

1. That plaintiff take nothing by reason of the Complaint in this matter, and that judgment be rendered in favor of Defendant;

2. That Defendant be awarded its costs of suit incurred in defense of this matter, including reasonable attorneys' fees pursuant to the Copyright Act and otherwise;

3. For such other relief as the Court deems just and proper.

Dated: August 4, 2008

    /s/ Lizbeth Hasse  
Lizbeth Hasse  
Creative Industry Law Group

and

Thomas A. Cohen  
Law Offices of Thomas A. Cohen

Attorneys for the Cohen Defendants

**DEMAND FOR JURY TRIAL**

In accordance with FRCP 38(b), Defendant demands a trial by jury on all issues triable by a jury.

Dated:  August 4, 2008

                                              ____/s/_Lizbeth Hasse_____
                                              Lizbeth Hasse
                                              Creative Industry Law Group

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local Rule 3-16, the undersigned certifies that Steel Head Films LLC has an interest in the subject matter of the litigation and that as of this date, other than the named parties, there is no other such interest to report.

Dated: August 4, 2008                  Respectfully submitted,

                                          ____/s/_Lizbeth Hasse_____
                                          Lizbeth Hasse
                                          Creative Industry Law Group
                                          Attorney for Defendant
                                          THOMAS A. COHEN